

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

Case No. SDGT-2017-344570-1

RUSAVIAINVEST
25, 1st Soviet pereulok
Shelkovo, Moscow 141100
Russian Federation

info@rusaviainvest.ru

Dear Sir or Madam:

This letter responds to your request of 04/24/2017, to the Office of Foreign Assets Control (OFAC) requesting the release of the following blocked funds transfer:

| | |
|---|---|
| Originator: | OOO Rusaviainvest |
| Originating Bank: | Commercial bank 'Absolut Bank' (PAO) |
| Value Date: | 04/03/2017 |
| Amount: | $1,000,000.00 |
| Beneficiary Bank: | National Bank for Foreign Economic Activity of the Republic of Uzbekistan |
| Beneficiary: | Uzbekistan Airways |

JPMorgan Chase Bank National Association properly blocked this transfer pursuant to U.S. sanctions administered by OFAC. In accordance with 31 C.F.R., Ch. V and/or applicable Executive orders, all property in which a sanctions target has an interest and that comes within the possession or control of a U.S. person is blocked. Copies of the relevant regulations and Executive orders are available at OFAC's Website at http://www.treasury.gov/ofac/, or upon written request to OFAC.

Under these regulations and Executive orders, a U.S. financial institution is required to block all wire transfers in which a sanctions target has an interest and that come within the institution's possession or control, even if the institution is an intermediary and the underlying transaction does not otherwise involve a U.S. person. An interest in property sufficient to require blocking may be an interest of any nature whatsoever, direct or indirect. A blocked wire transfer is generally placed into an interest-bearing account, and the holder is prohibited from engaging in any transaction in such property or from exercising any rights, powers, or privileges with respect to such property, absent authorization from OFAC. Once a wire transfer has been blocked, OFAC does not recognize attempts to extinguish the interest of the sanctions target in the transfer by, for example, canceling the original payment instructions or effecting a second payment to the beneficiary.

As reflected by your application or by information otherwise available to OFAC, the blocked funds transfer in question involves an interest of a person sanctioned pursuant to Executive Order 13224. It is OFAC's policy to license the release of blocked property only in limited circumstances, most of which do not involve commercial activity. Upon review, OFAC has determined that this blocked funds transfer does not fall within those limited circumstances. Accordingly, licensing the release of

the blocked funds would be inconsistent with OFAC policy, and your request is denied. You may request reconsideration of this decision and provide additional information as described on OFAC's website at https://www.treasury.gov/resource-center/sanctions/Pages/licensing.aspx.

Sincerely,

*Mary Patricia Rasmussen*            October 5, 2017

Mary Patricia Rasmussen            Date
Chief, Licensing Division
Office of Foreign Assets Control



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

Case No. SDGT-2017-344569-1

RUSAVIAINVEST
25, 1st Soviet pereulok
Shelkovo, Moscow 141100
Russian Federation

info@rusaviainvest.ru

Dear Sir or Madam:

This letter responds to your request of 04/24/2017, to the Office of Foreign Assets Control (OFAC) requesting the release of the following blocked funds transfer:

|  |  |
|---|---|
| Originator: | OOO Rusaviainvest |
| Originating Bank: | Commercial bank 'Absolut Bank' (PAO) |
| Value Date: | 03/31/2017 |
| Amount: | $200,000.00 |
| Beneficiary Bank: | National Bank for Foreign Economic Activity of the Republic of Uzbekistan |
| Beneficiary: | Uzbekistan Airways |

JPMorgan Chase Bank National Association properly blocked this transfer pursuant to U.S. sanctions administered by OFAC. In accordance with 31 C.F.R., Ch. V and/or applicable Executive orders, all property in which a sanctions target has an interest and that comes within the possession or control of a U.S. person is blocked. Copies of the relevant regulations and Executive orders are available at OFAC's Website at http://www.treasury.gov/ofac/, or upon written request to OFAC.

Under these regulations and Executive orders, a U.S. financial institution is required to block all wire transfers in which a sanctions target has an interest and that come within the institution's possession or control, even if the institution is an intermediary and the underlying transaction does not otherwise involve a U.S. person. An interest in property sufficient to require blocking may be an interest of any nature whatsoever, direct or indirect. A blocked wire transfer is generally placed into an interest-bearing account, and the holder is prohibited from engaging in any transaction in such property or from exercising any rights, powers, or privileges with respect to such property, absent authorization from OFAC. Once a wire transfer has been blocked, OFAC does not recognize attempts to extinguish the interest of the sanctions target in the transfer by, for example, canceling the original payment instructions or effecting a second payment to the beneficiary.

As reflected by your application or by information otherwise available to OFAC, the blocked funds transfer in question involves an interest of person sanctioned pursuant to Executive Order 13224. It is OFAC's policy to license the release of blocked property only in limited circumstances, most of which do not involve commercial activity. Upon review, OFAC has determined that this blocked funds transfer does not fall within those limited circumstances. Accordingly, licensing the release of the

blocked funds would be inconsistent with OFAC policy, and your request is denied. You may request reconsideration of this decision and provide additional information as described on OFAC's website at https://www.treasury.gov/resource-center/sanctions/Pages/licensing.aspx.

Sincerely,

_____  October 5, 2017
Mary Patricia Rasmussen              Date
Chief, Licensing Division
Office of Foreign Assets Control



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

Case No. SDGT-2017-344261-1

RUSAVIAINVEST
25, 1st Soviet pereulok
Shelkovo, Moscow 141100
Russian Federation

info@rusaviainvest.ru

Dear Sir or Madam:

This letter responds to your request of 05/04/2017, to the Office of Foreign Assets Control (OFAC) requesting the release of the following blocked funds transfer:

| | |
|---|---|
| Originator: | OOO Rusaviainvest |
| Originating Bank: | Commercial bank 'Absolut Bank' (PAO) |
| Value Date: | 04/11/2017 |
| Amount: | $200,000.00 |
| Beneficiary Bank: | National Bank for Foreign Economic Activity of the Republic of Uzbekistan |
| Beneficiary: | Uzbekistan Airways |

Deutsche Bank Trust Company Americas properly blocked this transfer pursuant to U.S. sanctions administered by OFAC. In accordance with 31 C.F.R., Ch. V and/or applicable Executive orders, all property in which a sanctions target has an interest and that comes within the possession or control of a U.S. person is blocked. Copies of the relevant regulations and Executive orders are available at OFAC's Website at http://www.treasury.gov/ofac/, or upon written request to OFAC.

Under these regulations and Executive orders, a U.S. financial institution is required to block all wire transfers in which a sanctions target has an interest and that come within the institution's possession or control, even if the institution is an intermediary and the underlying transaction does not otherwise involve a U.S. person. An interest in property sufficient to require blocking may be an interest of any nature whatsoever, direct or indirect. A blocked wire transfer is generally placed into an interest-bearing account, and the holder is prohibited from engaging in any transaction in such property or from exercising any rights, powers, or privileges with respect to such property, absent authorization from OFAC. Once a wire transfer has been blocked, OFAC does not recognize attempts to extinguish the interest of the sanctions target in the transfer by, for example, canceling the original payment instructions or effecting a second payment to the beneficiary.

As reflected by your application or by information otherwise available to OFAC, the blocked funds transfer in question involves an interest of a person sanctioned pursuant to Executive Order 13224. It is OFAC's policy to license the release of blocked property only in limited circumstances, most of which do not involve commercial activity. Upon review, OFAC has determined that this blocked funds transfer does not fall within those limited circumstances. Accordingly, licensing the release of the blocked funds would be inconsistent with OFAC policy, and your request is denied. You may

request reconsideration of this decision and provide additional information as described on OFAC's website at https://www.treasury.gov/resource-center/sanctions/Pages/licensing.aspx.

Sincerely,

*Mary Patricia Rasmussen*  October 5, 2017
Mary Patricia Rasmussen  Date
Chief, Licensing Division
Office of Foreign Assets Control