UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUSAVIAINVEST, OOO,<br><br>                Plaintiff,<br><br>     v.<br><br>STEVEN T. MNUCHIN, in his official capacity as the Secretary of the Treasury; ANDREA M. GACKI, in her official capacity as the Director of the Office of Foreign Assets Control; JEFF SESSIONS, in his official capacity as the Attorney General of the United States; and UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL,<br><br>                Defendants. | No. 18 Civ. 5676 (PGG)<br><br>**ANSWER** |

Defendants Steven T. Mnuchin, in his official capacity as the Secretary of the Treasury; Andrea M. Gacki, in her official capacity as the Director of the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"); Jefferson B. Sessions, in his official capacity as the Attorney General of the United States; and OFAC, (together, the "Defendants"), by and through their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, answer the correspondingly numbered paragraphs of the complaint of Plaintiff Rusaviainvest, OOO ("Plaintiff") on information and belief as follows:

**INTRODUCTION**

1. Paragraph 1 contains a characterization of this lawsuit, to which no response is required. To the extent that an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 1, except admit that OFAC denied licenses applied for by Plaintiff.

2. Defendants deny the allegations of paragraph 2, except admit that OFAC has determined that the blocked funds at issue in this case involve an interest of a person sanctioned pursuant to Executive Order 13224 of September 23, 2001 ("Executive Order 13224").

3. Defendants deny the allegations in the first, second, and fourth sentences of paragraph 3. Defendants deny knowledge or information sufficient to form a belief as to the allegations of the third sentence of paragraph 3, except admit that Plaintiff is not designated as a Specially Designated Global Terrorist ("SDGT") or included on the list of Specially Designated Nationals and Blocked Persons (the "SDN List") maintained by OFAC.

4. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 4.

5. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6, except admit that Plaintiff's applications for reconsideration have been pending since they were submitted on or about November 28, 2017, and admit that OFAC's explanation for the basis for its determination to deny Plaintiff's applications for licenses is provided in letters dated October 5, 2017, that are attached as Exhibit Q to the complaint.

7. Paragraph 7 is a characterization of this lawsuit to which no response is required. To the extent a response is required, the allegations are denied.

## PARTIES

**Rusaviainvest**

8. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 8.

9. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 9, except admit that neither Plaintiff nor Andrey Vorobev are on the SDN List.

10. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 10, except deny that except for the transactions at issue in this case, Plaintiff has not had any of its funds blocked by OFAC.

**Defendants**

11. The first sentence of paragraph 11 is a statement about this lawsuit to which no response is required. As to the second sentence of paragraph 11, Defendants admit that the Secretary of the Treasury has responsibilities under Executive Order 13224 and 31 C.F.R. part 594, and respectfully refer the Court to those authorities for a true and complete statement of their contents.

12. The first sentence of paragraph 12 is a statement about this lawsuit to which no response is required. As to the second sentence of paragraph 12, Defendants admit that the Director of OFAC has been delegated responsibilities under Executive Order 13224 and 31 C.F.R. Part 594, *see* 31 C.F.R. § 594.802, and respectfully refer the Court to the cited authorities for a true and complete statement of their contents.

13. The first sentence of paragraph 13 is a statement about this lawsuit to which no response is required. As to the second sentence of paragraph 13, Defendants admit that the Attorney General has consultation responsibilities under Executive Order 13224 and 31 C.F.R. Part 594, and respectfully refer the Court to those authorities for a true and complete statement of their contents.

14. Defendants deny the allegations of paragraph 14, except admit that OFAC is part of the United States government.

## JURISDICTION AND VENUE

15. Paragraph 15 sets forth legal conclusions to which no response is required.

16. Paragraph 16 sets forth legal conclusions to which no response is required.

17. Paragraph 17 contains a legal conclusion to which no response is required. As to the factual portions of paragraph 17, Defendants deny knowledge or information sufficient to form a belief as to those allegations.

## STATEMENT OF FACTS[1]

**The Contract for the purchase of the aircraft and the blocking of wire transfers**

18. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 18, except deny that the purpose of the transaction of the transaction was for Plaintiff to sell the parts of the aircraft.

19. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 19.

20. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 20, except admit that the funds were blocked.

21. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 21.

22. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 22, except admit that the funds were blocked.

---

[1] Defendants have reproduced the subheadings within the "Statement of Facts" section of Plaintiff's complaint for ease of reference. To the extent that the subheadings are considered to be allegations to which a response is required, Defendants deny those allegations.

**Rusaviainvest files an application with OFAC for a license to unblock the funds**

23. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 23, except admit that the applications attached as Exhibits I-K to the complaint were filed with OFAC.

24. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 24, except admit that OFAC received a copy of the letter dated June 6, 2017, that is attached as Exhibit L to the complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 25, except admit that OFAC received the letter attached as Exhibit L to the complaint, and respectfully refer the Court to that letter for a true and complete statement of its contents.

26. Defendants respectfully refer the Court to the letter attached as Exhibit L to the complaint for a true and complete statement of its contents.

**Counsel attempts unsuccessfully to communicate with OFAC**

27. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 27, except admit that OFAC received a copy of the letter attached at Exhibit M to the complaint, and respectfully refer the Court to that letter for a true and complete statement of its contents.

28. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 28, except admit that OFAC received a copy of the letter attached as Exhibit N to the complaint, and respectfully refer the Court to that letter for a true and complete statement of its contents.

29. Defendants respectfully refer the Court to the letter attached as Exhibit N to the complaint for a true and complete statement of its contents.

30. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 30, except admit that OFAC received a copy of the letter attached as Exhibit O to the complaint and a copy of the email in Exhibit P to the complaint, and respectfully refer the Court to the cited documents for a true and complete statement of their contents.

**OFAC summarily denied Rusaviainvest's application**

31. Defendants deny the allegations of paragraph 31, except admit that OFAC sent to Plaintiff the letters dated October 5, 2017, copies of which are attached to the complaint as Exhibit Q, and respectfully refer the Court to those letters for a true and complete statement of their contents.

32. Defendants deny the allegations of paragraph 32, except admit that the information provided by OFAC to Plaintiff about the reason for OFAC's blocking of the transactions at issue is contained within the letters attached as Exhibit Q to the complaint, and respectfully refer the Court to those letters for a true and complete statement of their contents.

**Rusaviainvest requests reconsideration, which OFAC continues to ignore**

33. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 33, except admit that OFAC received Plaintiff's reconsideration applications, copies of which are attached to the complaint as Exhibit R.

34. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 34, except admit that Plaintiff's reconsideration applications were supplemented by a copy of the document attached as Exhibit S to the complaint, and respectfully refer the Court to that document for a true and complete statement of its contents.

35. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 35, except admit that OFAC received a copy of the letter dated January 25, 2018, a copy of which is attached as Exhibit T to the complaint, and admit that OFAC did not respond to that letter, and respectfully refer the Court to that letter for a true and complete statement of its contents.

36. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 36, except deny that all communications to OFAC went unanswered.

37. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 37, except admit that OFAC received a copy of a letter from Plaintiff's counsel dated March 26, 2018, and that OFAC did not respond to that letter, and respectfully refer the Court to that letter for a true and complete statement of its contents.

38. Defendants admit that Plaintiff's applications for reconsideration are pending.

39. Defendants deny the allegations of paragraph 39.

## FIRST CLAIM FOR RELIEF

40. Defendants restate each and every prior response to Plaintiff's allegations herein.

41. Paragraph 41 sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42. Paragraph 42 sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF

43. Defendants restate each and every prior response to Plaintiff's allegations herein.

44. Paragraph 44 sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

45. Paragraph 45 sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

The remainder of the complaint contains Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief it seeks, or to any relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Attorney General is not a proper defendant. 5 U.S.C. § 703.

WHEREFORE, Defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper, including costs and disbursements.

Dated: New York, New York
November 5, 2018

Respectfully submitted,

GEOFFREY BERMAN
United States Attorney for the
Southern District of New York

By: *s/ Jennifer Jude*
JENNIFER JUDE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2663
Facsimile: (212) 637-2686
jennifer.jude@usdoj.gov
*Counsel for Defendants*