

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 29, 2018

**BY ECF**
The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

    Re:    *Rusaviainvest, OOO v. Mnuchin, et al.*, No. 18 Civ. 5676 (PGG)

Dear Judge Gardephe:

    I write respectfully on behalf of Plaintiff Rusaviainvest, OOO ("Plaintiff"), and Defendants, the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC"), and several government officials sued in their official capacities (collectively, the "Government"), to submit this joint status letter in accordance with the Court's Order dated June 26, 2018, Dkt. No. 2, in advance of the initial conference scheduled for December 6, 2018, at 10:30 a.m., *see* Dkt. No. 26.  A jointly proposed Case Management Plan is attached as Exhibit A to this letter.

    **1.**    **Brief Description of the Case**

    Plaintiff challenges OFAC's denials of its applications for licenses to unblock $1.4 million of its assets.  Dkt. No. 3.  In March and April 2017, Plaintiff attempted to pay Uzbekistan Airways $1.4 million via three wire transfers and the transfers were blocked (*i.e.*, frozen) by financial institutions based on OFAC's determination that the transactions "involve[] an interest of [a] person sanctioned pursuant to Executive Order 13224," which authorizes OFAC to block property and prohibit transactions with persons who commit, threaten to commit, or support terrorism.  *Id.* ¶ 2; *see* 31 C.F.R. Part 594 (setting forth the Global Terrorism Sanctions Regulations).  Plaintiff seeks a declaration that OFAC's denials of Plaintiff's applications for licenses to unblock the funds are arbitrary and capricious and violate the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*, and seeks the return of its $1.4 million.

    The Government maintains that OFAC's denial of Plaintiff's licenses to unblock the $1.4 million was proper under Executive Order 13224 and 31 C.F.R. Part 594.  The evidence will show that OFAC's action was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see Envtl. Def. v. U.S. E.P.A.*, 369 F.3d 193, 201 (2d Cir. 2004) ("The arbitrary and capricious standard of review is narrow and particularly deferential.").

Page 2

### 2. Contemplated Motions

Because Plaintiff brings APA claims, this "'entire case' on review is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001); *see Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (given that the question on review of agency action is legal in nature, "there is no real distinction in this context between the question presented on a [motion to dismiss] and a motion for summary judgment"). As such, the case will be resolved on summary judgment based on the administrative record. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973); *State of N.Y. Dep't of Soc. Svcs. v. Shalala*, 21 F.3d 485, 493 (2d Cir. 1994). Where the administrative record contains classified information that cannot be shared with the plaintiff, 50 U.S.C. § 1702(c) permits the Government to submit the classified information to the Court *ex parte* for *in camera* review. *See, e.g.*, *Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965, 979 (9th Cir. 2012).

### 3. The Prospects for Settlement

The parties believe that settlement of this case is unlikely and they do not request a referral for a settlement conference at this time.

The parties thank the Court for its consideration of this submission.

    Respectfully,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By: */s/ Jennifer Jude*
    JENNIFER JUDE
    Assistant United States Attorney
    Telephone: (212) 637-2663
    jennifer.jude@usdoj.gov

cc: Eric Creizman, Esq. (by ECF)