

**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

SDGT-9966

## OFFICE OF FOREIGN ASSETS CONTROL

### BLOCKING MEMORANDUM

The Office of Foreign Assets Control (OFAC), pursuant to Executive Order 13224 of September 23, 2001 ("Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten to Commit, or Support Terrorism") (the "Order"), the International Emergency Economic Powers Act, (IEEPA), 50 U.S.C. §1701 et seq., and the Global Terrorism Sanctions Regulations, 31 C.P.R. Part 594, (the "Regulations"), determines that there is reason to believe that a Specially Designated Global Terrorist has an interest in the electronic funds transfer identified below. That transfer therefore is hereby blocked.

The details of the transaction are as follows:

> Beneficiary Bank: National Bank for Foreign Economic Activity of Republic of Uzbekistan, (Swift NBFAUZ2X)
> Beneficiary Name: Uzbekistan Airways
> Beneficiary Account Number: ███████████7030
> Originating Bank: Commercial Bank "Absolut Bank"
> Originator: OOO Rusaviainvest
> Amount: $200,000.00

Blocked property may not be transferred, withdrawn, exported, paid or otherwise dealt in without prior authorization from OFAC. The President determined in section 5 of the Order that, because of the ability to transfer funds or assets instantaneously, prior notice of measures taken pursuant to this Order to persons blocked pursuant to section 1 thereof who might have a constitutional presence in the United States would render ineffectual such measures. Therefore, the President determined that there need be no prior notice of a determination made pursuant to the Order. In making this determination pursuant to the Order, I also find that no prior notice should be afforded to any entity or individual involved in the transaction identified above because to do so would provide an opportunity to evade the measures authorized in the Order and, consequently, would render those measures ineffectual toward addressing the national emergency declared in Executive Order 12938.

April 11, 2017
_____
Date

_____
Andrea Gacki
Acting Director
Office of Foreign Assets Control

SECRET 



### DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

SDGT-9966

(U) **FOR:**                          AMG  4.11.2017

**ANDREA GACKI**
**ACTING DIRECTOR**
**OFFICE OF FOREIGN ASSETS CONTROL**

(U) **THROUGH:**

Gregory T. Gatjanis
Associate Director                 41-2017
Office of Global Targeting

Leila M. Baheri         4/10/17
Assistant Director
Eastern Hemisphere Division

                                   4/7/2017
Section Chief
Near East Section

(U) **FROM:**                              4/7/17
Sanctions Investigators
Near East Section

(S    **SUBJECT:**

(U) <u>INTRODUCTION:</u>

(S                                                    [Exhibit 1]

¹ (U) Previously blocked person(s) are capitalized and accompanied by an asterisk.  The name of the blocked person with an interest in this transaction is bolded, capitalized, and accompanied by an asterisk.
²(S

(U)

SECRET

SECRET



(U)

Exhibit 2, p. 1]

(S

(S

Exhibit 3, pp. 1-2, para. 1]

(S

Exhibit 6, p. 1]

(S

[Exhibit 6, p. 1] [Exhibit 3, p. 2, para. 2A, 2B]

(S

5 (S

4 (U)

[Exhibit 4]

5 (U)

[Exhibit 5]

SECRET

2

SECRET ████████████████████████

████████████████████████████████████████

[Exhibit 7, p. 1]

(U) ████████████████████████████████

(U//FOUO) ████████████████████████████████████████

████████████████████████████████████████

[Exhibit 8]

(S) ████████████████████████████████████████

████████████████████████████████████████

[Exhibit 9, p. 1]

(S) ████████████████████████████████████████

(S) ████████████████████████████████████████

████████████████████████████████████████

[6] [Exhibit 10, p. 1-2, para 1]

[Exhibit 10, p. 2, para 1]

████████████████████████████████████████

(S) ████████████████████████████████████████

[6] (U)

████████████████████████████████████████

[Exhibit 17]

AR 0004



SECRET

[Exhibit 10, p. 1-2, para 1, 1A]

(S)

[Exhibit 10, p. 2, para 1B]

(S)

[Exhibit 10, p. 1-2, para 1]

(S)
(S)

[Exhibit 10, p. 2, para Ci, Cii, Ciii]

(S)

[Exhibit 10, p. 2, para 2]

(S)

[Exhibit 10, p. 2, para 2A]

(S)

[Exhibit 10, p. 2, para 2B]

(S)

[Exhibit 10, p. 2, para 2C]

(S)

7

[7] (U)

SECRET

4

SECRET ███████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

[Exhibit 19, p. 1, para. 1]

(S) ████████████████████████████████████████████

**Exhibit 10** ███████████████ [Exhibit 19, p. 1, para. 1]

(S) ███████

(S) ████████████████████████████████████████
(S) ████████████████████████████████████████

[Exhibit 10, p. 2, para Ci, Cii, Ciii]

(S) ████████████████████████████████████████████

████████████████████████ [Exhibit 19, p. 1, para. 1A]

(S) ██████████████████████████████████████████
(S) ██████████████████████████████████████████
(S) ██████████████████████████████████████████

[Exhibit 19, pp. 1-2, para. 1Ai, 1Aii, 1Aiii]

(S) ████████████████████████████████████████████

███████████████████████████████████████ [Exhibit 19, p. 2,
para. 1B]

(S) ████████████████████████████████████████████
(S) ████████████████████████████████████████████
(S) ████████████████████████████████████████████

[Exhibit 19, p. 2, para. 1Bi, 1Bii, 1Biii]

(U) ████████████████████████████████

(S) ████████████████████████████████████████████

**Exhibit 10, p. 2, para Ci, Cii, Ciii**

████████████████████████████ [Exhibit 11, p. 1-2, para. 4]

(U) ████████████████████████████████████████████

███ [Exhibit 11, p. 2, para. 5]

████████████████████████████████████████ [Exhibit
18]

SECRET ████████████████████

AR 0006

SECRET

(U)                          [Exhibit 12]
(U)                                                    [Exhibit 11, p. 2, para. 5]
(U)                                    [Exhibit 11, p. 2, para. 5]
(U)                          [Exhibit 11, p. 2, para. 5]

(U)

          [Exhibit 12]

(U)

(U)

[Exhibit 13] [Exhibit 15, pp. 1-2]

(U)

2] [Exhibit 16]                                        [Exhibit 15, p.

(S

     [Exhibit 10]

11                                                     Exhibit



SECRET

AR 0007

SECRET

8

[Exhibit 10, pp. 1-2, para. 1, 1C, 1Ci, 1Cii] [Exhibit 11, p. 2, para. 5]
[Exhibit 15, p. 2] [Exhibit 19, p. 1-2] [Exhibit 17]

(U) RECOMMENDATION:

(S)

Exhibit 1

(S)

[Exhibit 17] [Exhibit 19, p. 1-2, para. 1, 1Ai, 1Aii, 1Aiii]

AR 0008                    SECRET                                                    7

SECRET ████████████████

## (U) EXHIBITS LIST

Exhibit 1:   (U) Executive Order 13224 of September 23, 2001 (66 FR 49079, September 25, 2001) Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten to Commit, or Support Terrorism



Exhibit 2:   (U)

Exhibit 3:   (S

Exhibit 4:   (U)

Exhibit 5:   (U)

Exhibit 6:   (S

Exhibit 7:   (U)

Exhibit 8:   (U)

Exhibit 9:   (U)

Exhibit 10:   (S

Exhibit 11:   (S

Exhibit 12:   (U)

SECRET



Exhibit 13: (U)

Exhibit 14: (U

Exhibit 15: (U)

Exhibit 16: (U)

Exhibit 17: (U)

Exhibit 18: (U)

Exhibit 19: (S

Exhibit 20: (U

1

AR 0011



Federal Register

Tuesday,
September 25, 2001

Part IV

# The President

**Executive Order 13224—Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism**

**Notice of September 24, 2001—Continuation of Emergency With Respect to UNITA**

49079

Federal Register

Vol. 66, No. 186

Tuesday, September 25, 2001

# Presidential Documents

Title 3—

The President

Executive Order 13224 of September 23, 2001

## Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*)(IEEPA), the National Emergencies Act (50 U.S.C. 1601 *et seq.*), section 5 of the United Nations Participation Act of 1945, as amended (22 U.S.C. 287c) (UNPA), and section 301 of title 3, United States Code, and in view of United Nations Security Council Resolution (UNSCR) 1214 of December 8, 1998, UNSCR 1267 of October 15, 1999, UNSCR 1333 of December 19, 2000, and the multilateral sanctions contained therein, and UNSCR 1363 of July 30, 2001, establishing a mechanism to monitor the implementation of UNSCR 1333,

I, GEORGE W. BUSH, President of the United States of America, find that grave acts of terrorism and threats of terrorism committed by foreign terrorists, including the terrorist attacks in New York, Pennsylvania, and the Pentagon committed on September 11, 2001, acts recognized and condemned in UNSCR 1368 of September 12, 2001, and UNSCR 1269 of October 19, 1999, and the continuing and immediate threat of further attacks on United States nationals or the United States constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States, and in furtherance of my proclamation of September 14, 2001, Declaration of National Emergency by Reason of Certain Terrorist Attacks, hereby declare a national emergency to deal with that threat. I also find that because of the pervasiveness and expansiveness of the financial foundation of foreign terrorists, financial sanctions may be appropriate for those foreign persons that support or otherwise associate with these foreign terrorists. I also find that a need exists for further consultation and cooperation with, and sharing of information by, United States and foreign financial institutions as an additional tool to enable the United States to combat the financing of terrorism.

I hereby order:

**Section 1.** Except to the extent required by section 203(b) of IEEPA (50 U.S.C. 1702(b)), or provided in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the effective date of this order, all property and interests in property of the following persons that are in the United States or that hereafter come within the United States, or that hereafter come within the possession or control of United States persons are blocked:

(a) foreign persons listed in the Annex to this order;

(b) foreign persons determined by the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, to have committed, or to pose a significant risk of committing, acts of terrorism that threaten the security of U.S. nationals or the national security, foreign policy, or economy of the United States;

(c) persons determined by the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General, to be owned or controlled by, or to act for or on behalf of those persons listed in the Annex to this order or those persons determined to be subject to subsection 1(b), 1(c), or 1(d)(i) of this order;

(d) except as provided in section 5 of this order and after such consultation, if any, with foreign authorities as the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, deems appropriate in the exercise of his discretion, persons determined by the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General;

(i) to assist in, sponsor, or provide financial, material, or technological support for, or financial or other services to or in support of, such acts of terrorism or those persons listed in the Annex to this order or determined to be subject to this order; or

(ii) to be otherwise associated with those persons listed in the Annex to this order or those persons determined to be subject to subsection 1(b), 1(c), or 1(d)(i) of this order.

Sec. 2. Except to the extent required by section 203(b) of IEEPA (50 U.S.C. 1702(b)), or provided in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the effective date:

(a) any transaction or dealing by United States persons or within the United States in property or interests in property blocked pursuant to this order is prohibited, including but not limited to the making or receiving of any contribution of funds, goods, or services to or for the benefit of those persons listed in the Annex to this order or determined to be subject to this order;

(b) any transaction by any United States person or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions set forth in this order is prohibited; and

(c) any conspiracy formed to violate any of the prohibitions set forth in this order is prohibited.

Sec. 3. For purposes of this order:

(a) the term "person" means an individual or entity;

(b) the term "entity" means a partnership, association, corporation, or other organization, group, or subgroup;

(c) the term "United States person" means any United States citizen, permanent resident alien, entity organized under the laws of the United States (including foreign branches), or any person in the United States; and

(d) the term "terrorism" means an activity that—

(i) involves a violent act or an act dangerous to human life, property, or infrastructure; and

(ii) appears to be intended—

(A) to intimidate or coerce a civilian population;

(B) to influence the policy of a government by intimidation or coercion; or

(C) to affect the conduct of a government by mass destruction, assassination, kidnapping, or hostage-taking.

Sec. 4. I hereby determine that the making of donations of the type specified in section 203(b)(2) of IEEPA (50 U.S.C. 1702(b)(2)) by United States persons to persons determined to be subject to this order would seriously impair my ability to deal with the national emergency declared in this order, and would endanger Armed Forces of the United States that are in a situation where imminent involvement in hostilities is clearly indicated by the circumstances, and hereby prohibit such donations as provided by section 1 of this order. Furthermore, I hereby determine that the Trade Sanctions Reform and Export Enhancement Act of 2000 (title IX, Public Law 106–387) shall not affect the imposition or the continuation of the imposition of any unilateral agricultural sanction or unilateral medical sanction on

AR 0014

any person determined to be subject to this order because imminent involvement of the Armed Forces of the United States in hostilities is clearly indicated by the circumstances.

Sec. 5. With respect to those persons designated pursuant to subsection 1(d) of this order, the Secretary of the Treasury, in the exercise of his discretion and in consultation with the Secretary of State and the Attorney General, may take such other actions than the complete blocking of property or interests in property as the President is authorized to take under IEEPA and UNPA if the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General, deems such other actions to be consistent with the national interests of the United States, considering such factors as he deems appropriate.

Sec. 6. The Secretary of State, the Secretary of the Treasury, and other appropriate agencies shall make all relevant efforts to cooperate and coordinate with other countries, including through technical assistance, as well as bilateral and multilateral agreements and arrangements, to achieve the objectives of this order, including the prevention and suppression of acts of terrorism, the denial of financing and financial services to terrorists and terrorist organizations, and the sharing of intelligence about funding activities in support of terrorism.

Sec. 7. The Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General, is hereby authorized to take such actions, including the promulgation of rules and regulations, and to employ all powers granted to the President by IEEPA and UNPA as may be necessary to carry out the purposes of this order. The Secretary of the Treasury may redelegate any of these functions to other officers and agencies of the United States Government. All agencies of the United States Government are hereby directed to take all appropriate measures within their authority to carry out the provisions of this order.

Sec. 8. Nothing in this order is intended to affect the continued effectiveness of any rules, regulations, orders, licenses, or other forms of administrative action issued, taken, or continued in effect heretofore or hereafter under 31 C.F.R. chapter V, except as expressly terminated, modified, or suspended by or pursuant to this order.

Sec. 9. Nothing contained in this order is intended to create, nor does it create, any right, benefit, or privilege, substantive or procedural, enforceable at law by a party against the United States, its agencies, officers, employees or any other person.

Sec. 10. For those persons listed in the Annex to this order or determined to be subject to this order who might have a constitutional presence in the United States, I find that because of the ability to transfer funds or assets instantaneously, prior notice to such persons of measures to be taken pursuant to this order would render these measures ineffectual. I therefore determine that for these measures to be effective in addressing the national emergency declared in this order, there need be no prior notice of a listing or determination made pursuant to this order.

Sec. 11. (a) This order is effective at 12:01 a.m. eastern daylight time on September 24, 2001.

49082    Federal Register / Vol. 66, No. 186 / Tuesday, September 25, 2001 / Presidential Documents

(b) This order shall be transmitted to the Congress and published in the Federal Register.

THE WHITE HOUSE,
*September 23, 2001.*

Billing code 3195–01–P

AR 0016

Federal Register / Vol. 66, No. 186 / Tuesday, September 25, 2001 / Presidential Documents   49083

ANNEX

Al Qaida/Islamic Army

Abu Sayyaf Group

Armed Islamic Group (GIA)

Harakat ul-Mujahidin (HUM)

Al-Jihad (Egyptian Islamic Jihad)

Islamic Movement of Uzbekistan (IMU)

Asbat al-Ansar

Salafist Group for Call and Combat (GSPC)

Libyan Islamic Fighting Group

Al-Itihaad al-Islamiya (AIAI)

Islamic Army of Aden

Usama bin Laden

Muhammad Atif (aka, Subhi Abu Sitta,
    Abu Hafs Al Masri)

Sayf al-Adl

Shaykh Sai'id (aka, Mustafa Muhammad Ahmad)

Abu Hafs the Mauritanian (aka, Mahfouz Ould al-Walid, Khalid Al-
    Shanqiti)

Ibn Al-Shaykh al-Libi

Abu Zubaydah (aka, Zayn al-Abidin Muhammad Husayn, Tariq)

Abd al-Hadi al-Iraqi (aka, Abu Abdallah)

Ayman al-Zawahiri

Thirwat Salah Shihata

Tariq Anwar al-Sayyid Ahmad (aka, Fathi, Amr al-Fatih)

Muhammad Salah (aka, Nasr Fahmi Nasr Hasanayn)

Makhtab Al-Khidamat/Al Kifah

Wafa Humanitarian Organization

Al Rashid Trust

Mamoun Darkazanli Import-Export Company

[FR Doc. 01–24205
Filed 9–24–01; 1:05 pm]
Billing code 4810–25–C

AR 0017

# Exhibits 2-20 Withheld in Full

## Bates Numbers AR 0018 – AR 0078

### (Including exhibit cover page)



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

SDGT-10522

**OFFICE OF FOREIGN ASSETS CONTROL**

**BLOCKING MEMORANDUM**

The Office of Foreign Assets Control (OFAC), pursuant to Executive Order 13224 of September 23, 2001 ("Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten to Commit, or Support Terrorism") (the "Order"), the International Emergency Economic Powers Act, (IEEPA), 50 U.S.C. §1701 et seq., and the Global Terrorism Sanctions Regulations, 31 C.P.R. Part 594, (the "Regulations"), determines that there is reason to believe that a Specially Designated Global Terrorist has an interest in the electronic funds transfer identified below.  That transfer therefore is hereby blocked.

The details of the transaction are as follows:

     Beneficiary Bank: National Bank for Foreign Economic Activity of Republic of Uzbekistan, (Swift NBFAUZ2X)
     Beneficiary Name: Uzbekistan Airways
     Beneficiary Account Number: █████ 7030
     Originating Bank: Commercial Bank "Absolut Bank"
     Originator: OOO Rusaviainvest
     Amount: $1,000,000.00

Blocked property may not be transferred, withdrawn, exported, paid or otherwise dealt in without prior authorization from OFAC.  The President determined in section 5 of the Order that, because of the ability to transfer funds or assets instantaneously, prior notice of measures taken pursuant to this Order to persons blocked pursuant to section 1 thereof who might have a constitutional presence in the United States would render ineffectual such measures.  Therefore, the President determined that there need be no prior notice of a determination made pursuant to the Order.  In making this determination pursuant to the Order, I also find that no prior notice should be afforded to any entity or individual involved in the transaction identified above because to do so would provide an opportunity to evade the measures authorized in the Order and, consequently, would render those measures ineffectual toward addressing the national emergency declared in Executive Order 12938.

April 11, 2017
Date

Andrea Gacki
Acting Director
Office of Foreign Assets Control

AR 0079



SECRET ████████████████



## DEPARTMENT OF THE TREASURY
### WASHINGTON, D.C. 20220

SDGT-10522

AMG 4.11.2017

(U) **FOR:**     **ANDREA GACKI**
                 **ACTING DIRECTOR**
                 **OFFICE OF FOREIGN ASSETS CONTROL**

(U) **THROUGH:**     Gregory T. Gatjanis ████████
                     Associate Director   4-10-17
                     Office of Global Targeting

                     Leila M. Baheri ████ 4/10/17
                     Assistant Director
                     Eastern Hemisphere Division

                     ████████████████████████  4/7/17

                     Section Chief
                     Near East Section

                     ████████████████ 4/7/17

(U) **FROM:**        Sanctions Investigator
                     Near East Section

(S██) **SUBJECT:**   ████████████████████████████

(U) <u>INTRODUCTION:</u>

(S ████████████████████████████████████████
████████████████████████████ [Exhibit 1]

---

[1] (U) Previously blocked person(s) are capitalized and accompanied by an asterisk.  The name of the blocked person with an interest in this transaction is bolded, capitalized, and accompanied by an asterisk.
[2] (S████████████████████████

(U) ████████████████████████

SECRET

AR 0080



SECRET

(U)

[Exhibit 2, p. 1]

(S

(S

[Exhibit 3, pp. 1-2, para. 1]

(S

[Exhibit 6, p. 1]

(S

[Exhibit 6, p. 1] [Exhibit 3, p. 2, para. 2A, 2B]

5 (S

4 (U)   [Exhibit 4]

5 (U)   [Exhibit 5]

SECRET

2

AR 0081

100

ON



Case 1:18-cv-05676-PGG Document 40-3 Filed 03/20/19 Page 22 of 63

SECRET

[Exhibit 7, p. 1]

(U)

(U//FOUO)

[Exhibit 8]

[Exhibit 9, p.1]

[Exhibit 10, p. 1-2, para 1]

[Exhibit 10, p. 2, para 1]

SECRET

3

AR 0082

SECRET

[Exhibit 10, p. 1-2, para 1]

(S

(S

(S

[Exhibit 10, p. 2, para Ci, Cii, Ciii]

(S

[Exhibit 10, p. 2, para 2]

(S

[Exhibit 10, p. 2, para 2A]

(S

[Exhibit 10, p. 2, para 2B]

(S

[Exhibit 10, p. 2, para 2C]

(U)

(U)

[Exhibit 13] [Exhibit 15, pp. 1-2]

(U)

[Exhibit 15, p.

2] [Exhibit 19]

(S

Exhibit

Exhibit 10

11

SECRET

4

SECRET



[Exhibit 10, pp. 1-2, para. 1, 1C, 1Ci, 1Cii] [Exhibit 11, p. 2, para. 5]
[Exhibit 15, p. 2] [Exhibit 16, p. 1-2] [Exhibit 17]

(S)

(U)

(U)

[Exhibit 12] [Exhibit 13] [Exhibit 14]

(U)
(U)
(U)
(U)

(U)

[6] (S)

[Exhibit 16, p. 1-2, para. 1, 1Ai, 1Aii, 1Aiii] [Exhibit 17]

SECRET

5

The page is mostly redacted with black boxes.

SECRET



(U)
(U)
(U)
(U)
(U)

(U)
(U)
(U)

(U)
(U)
(U)
(U)
(U)
(U)
(U)

(U)
(U)
(U)
(U)
(U)
(U)

(U)
(U)
(U)
(U)
(U)
(U)

(U)
(U)

[Exhibit 14, p. 2]

(S

[Exhibit 16, p. 1, para. 1]

SECRET

6



SECRET

(S)

**Exhibit 10**

[Exhibit 16, p. 1, para. 1]

(S)

(S)

(S)

[Exhibit 10, p. 2, para C1, Cii, Ciii]

(S)

[Exhibit 16, p. 2, para. 1B]

(S)

(S)

(S)

[Exhibit 16, p. 2, para. 1Bi, 1Bii, 1Biii]

(U)

7

[Exhibit 18]

(S)

**Exhibit 16**

**Exhibit 10**

[7] (U)

SECRET

AR 0086

SECRET



Exhibit 16, p. 1-2] [Exhibit 10, p. 2] [Exhibit 14, p. 2] [Exhibit 15, p. 1-2] [Exhibit 17] [Exhibit 18]

(U) RECOMMENDATION:

SECRET

## (U) EXHIBITS LIST

Exhibit 1:    (U) Executive Order 13224 of September 23, 2001 (66 FR 49079, September 25, 2001) Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten to Commit, or Support Terrorism

Exhibit 2:    (U)

Exhibit 3:    (S)

Exhibit 4:    (U)

Exhibit 5:    (U)

Exhibit 6:    (S)

Exhibit 7:    (U)

Exhibit 8:    (U)

Exhibit 9:    (U)

Exhibit 10:   (S)

Exhibit 11:   (S)

Exhibit 12:   (U) "Blocking Memorandum," SDGT-9966, Office of Foreign Asset Control; Date accessed: April 11, 2017

SECRET

9

SECRET

Exhibit 13:   (U)

Exhibit 14:   (U)

Exhibit 15:   (U)

Exhibit 16:   (S)

Exhibit 17:   (U)

Exhibit 18:   (U)

Exhibit 19:   (U)

Exhibit 20:   (U//FOUO)



SECRET

10

AR 0089

1

AR 0090



Tuesday,
September 25, 2001

Part IV

# The President

**Executive Order 13224—Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism**

**Notice of September 24, 2001— Continuation of Emergency With Respect to UNITA**

49079

Federal Register

Vol. 66, No. 186

Tuesday, September 25, 2001

# Presidential Documents

Title 3—

The President

Executive Order 13224 of September 23, 2001

## Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*)(IEEPA), the National Emergencies Act (50 U.S.C. 1601 *et seq.*), section 5 of the United Nations Participation Act of 1945, as amended (22 U.S.C. 287c) (UNPA), and section 301 of title 3, United States Code, and in view of United Nations Security Council Resolution (UNSCR) 1214 of December 8, 1998, UNSCR 1267 of October 15, 1999, UNSCR 1333 of December 19, 2000, and the multilateral sanctions contained therein, and UNSCR 1363 of July 30, 2001, establishing a mechanism to monitor the implementation of UNSCR 1333,

I, GEORGE W. BUSH, President of the United States of America, find that grave acts of terrorism and threats of terrorism committed by foreign terrorists, including the terrorist attacks in New York, Pennsylvania, and the Pentagon committed on September 11, 2001, acts recognized and condemned in UNSCR 1368 of September 12, 2001, and UNSCR 1269 of October 19, 1999, and the continuing and immediate threat of further attacks on United States nationals or the United States constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States, and in furtherance of my proclamation of September 14, 2001, Declaration of National Emergency by Reason of Certain Terrorist Attacks, hereby declare a national emergency to deal with that threat. I also find that because of the pervasiveness and expansiveness of the financial foundation of foreign terrorists, financial sanctions may be appropriate for those foreign persons that support or otherwise associate with these foreign terrorists. I also find that a need exists for further consultation and cooperation with, and sharing of information by, United States and foreign financial institutions as an additional tool to enable the United States to combat the financing of terrorism.

I hereby order:

Section 1. Except to the extent required by section 203(b) of IEEPA (50 U.S.C. 1702(b)), or provided in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the effective date of this order, all property and interests in property of the following persons that are in the United States or that hereafter come within the United States, or that hereafter come within the possession or control of United States persons are blocked:

(a) foreign persons listed in the Annex to this order;

(b) foreign persons determined by the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, to have committed, or to pose a significant risk of committing, acts of terrorism that threaten the security of U.S. nationals or the national security, foreign policy, or economy of the United States;

(c) persons determined by the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General, to be owned or controlled by, or to act for or on behalf of those persons listed in the Annex to this order or those persons determined to be subject to subsection 1(b), 1(c), or 1(d)(i) of this order;

(d) except as provided in section 5 of this order and after such consultation, if any, with foreign authorities as the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, deems appropriate in the exercise of his discretion, persons determined by the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General;

(i) to assist in, sponsor, or provide financial, material, or technological support for, or financial or other services to or in support of, such acts of terrorism or those persons listed in the Annex to this order or determined to be subject to this order; or

(ii) to be otherwise associated with those persons listed in the Annex to this order or those persons determined to be subject to subsection 1(b), 1(c), or 1(d)(i) of this order.

Sec. 2. Except to the extent required by section 203(b) of IEEPA (50 U.S.C. 1702(b)), or provided in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the effective date:

(a) any transaction or dealing by United States persons or within the United States in property or interests in property blocked pursuant to this order is prohibited, including but not limited to the making or receiving of any contribution of funds, goods, or services to or for the benefit of those persons listed in the Annex to this order or determined to be subject to this order;

(b) any transaction by any United States person or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions set forth in this order is prohibited; and

(c) any conspiracy formed to violate any of the prohibitions set forth in this order is prohibited.

Sec. 3. For purposes of this order:

(a) the term "person" means an individual or entity;

(b) the term "entity" means a partnership, association, corporation, or other organization, group, or subgroup;

(c) the term "United States person" means any United States citizen, permanent resident alien, entity organized under the laws of the United States (including foreign branches), or any person in the United States; and

(d) the term "terrorism" means an activity that—

(i) involves a violent act or an act dangerous to human life, property, or infrastructure; and

(ii) appears to be intended—

(A) to intimidate or coerce a civilian population;

(B) to influence the policy of a government by intimidation or coercion; or

(C) to affect the conduct of a government by mass destruction, assassination, kidnapping, or hostage-taking.

Sec. 4. I hereby determine that the making of donations of the type specified in section 203(b)(2) of IEEPA (50 U.S.C. 1702(b)(2)) by United States persons to persons determined to be subject to this order would seriously impair my ability to deal with the national emergency declared in this order, and would endanger Armed Forces of the United States that are in a situation where imminent involvement in hostilities is clearly indicated by the circumstances, and hereby prohibit such donations as provided by section 1 of this order. Furthermore, I hereby determine that the Trade Sanctions Reform and Export Enhancement Act of 2000 (title IX, Public Law 106–387) shall not affect the imposition or the continuation of the imposition of any unilateral agricultural sanction or unilateral medical sanction on

any person determined to be subject to this order because imminent involvement of the Armed Forces of the United States in hostilities is clearly indicated by the circumstances.

Sec. 5. With respect to those persons designated pursuant to subsection 1(d) of this order, the Secretary of the Treasury, in the exercise of his discretion and in consultation with the Secretary of State and the Attorney General, may take such other actions than the complete blocking of property or interests in property as the President is authorized to take under IEEPA and UNPA if the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General, deems such other actions to be consistent with the national interests of the United States, considering such factors as he deems appropriate.

Sec. 6. The Secretary of State, the Secretary of the Treasury, and other appropriate agencies shall make all relevant efforts to cooperate and coordinate with other countries, including through technical assistance, as well as bilateral and multilateral agreements and arrangements, to achieve the objectives of this order, including the prevention and suppression of acts of terrorism, the denial of financing and financial services to terrorists and terrorist organizations, and the sharing of intelligence about funding activities in support of terrorism.

Sec. 7. The Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General, is hereby authorized to take such actions, including the promulgation of rules and regulations, and to employ all powers granted to the President by IEEPA and UNPA as may be necessary to carry out the purposes of this order. The Secretary of the Treasury may redelegate any of these functions to other officers and agencies of the United States Government. All agencies of the United States Government are hereby directed to take all appropriate measures within their authority to carry out the provisions of this order.

Sec. 8. Nothing in this order is intended to affect the continued effectiveness of any rules, regulations, orders, licenses, or other forms of administrative action issued, taken, or continued in effect heretofore or hereafter under 31 C.F.R. chapter V, except as expressly terminated, modified, or suspended by or pursuant to this order.

Sec. 9. Nothing contained in this order is intended to create, nor does it create, any right, benefit, or privilege, substantive or procedural, enforceable at law by a party against the United States, its agencies, officers, employees or any other person.

Sec. 10. For those persons listed in the Annex to this order or determined to be subject to this order who might have a constitutional presence in the United States, I find that because of the ability to transfer funds or assets instantaneously, prior notice to such persons of measures to be taken pursuant to this order would render these measures ineffectual. I therefore determine that for these measures to be effective in addressing the national emergency declared in this order, there need be no prior notice of a listing or determination made pursuant to this order.

Sec. 11. (a) This order is effective at 12:01 a.m. eastern daylight time on September 24, 2001.

49082     Federal Register / Vol. 66, No. 186 / Tuesday, September 25, 2001 / Presidential Documents

(b) This order shall be transmitted to the Congress and published in the Federal Register.

THE WHITE HOUSE,
*September 23, 2001.*

Billing code 3195-01-P

Federal Register / Vol. 66, No. 186 / Tuesday, September 25, 2001 / Presidential Documents     49083

ANNEX

Al Qaida/Islamic Army

Abu Sayyaf Group

Armed Islamic Group (GIA)

Harakat ul-Mujahidin (HUM)

Al-Jihad (Egyptian Islamic Jihad)

Islamic Movement of Uzbekistan (IMU)

Asbat al-Ansar

Salafist Group for Call and Combat (GSPC)

Libyan Islamic Fighting Group

Al-Itihaad al-Islamiya (AIAI)

Islamic Army of Aden

Usama bin Laden

Muhammad Atif (aka, Subhi Abu Sitta,
   Abu Hafs Al Masri)

Sayf al-Adl

Shaykh Sai'id (aka, Mustafa Muhammad Ahmad)

Abu Hafs the Mauritanian (aka, Mahfouz Ould al-Walid, Khalid Al-
   Shanqiti)

Ibn Al-Shaykh al-Libi

Abu Zubaydah (aka, Zayn al-Abidin Muhammad Husayn, Tariq)

Abd al-Hadi al-Iraqi (aka, Abu Abdallah)

Ayman al-Zawahiri

Thirwat Salah Shihata

Tariq Anwar al-Sayyid Ahmad (aka, Fathi, Amr al-Fatih)

Muhammad Salah (aka, Nasr Fahmi Nasr Hasanayn)

Makhtab Al-Khidamat/Al Kifah

Wafa Humanitarian Organization

Al Rashid Trust

Mamoun Darkazanli Import-Export Company

[FR Doc. 01–24205
Filed 0–24–01; 1:05 pm]
Billing code 4810–25–C

AR 0096

# Exhibits 2-11 Withheld in Full

**Bates Numbers AR 0097 – AR 0131**

**(Including exhibit cover pages)**

12

AR 0132



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

SDGT-9966

## OFFICE OF FOREIGN ASSETS CONTROL

### BLOCKING MEMORANDUM

The Office of Foreign Assets Control (OFAC), pursuant to Executive Order 13224 of September 23, 2001 ("Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten to Commit, or Support Terrorism") (the "Order"), the International Emergency Economic Powers Act, (IEEPA), 50 U.S.C. §1701 et seq., and the Global Terrorism Sanctions Regulations, 31 C.P.R. Part 594, (the "Regulations"), determines that there is reason to believe that a Specially Designated Global Terrorist has an interest in the electronic funds transfer identified below. That transfer therefore is hereby blocked.

The details of the transaction are as follows:

> Beneficiary Bank: National Bank for Foreign Economic Activity of Republic of Uzbekistan, (Swift NBFAUZ2X)
> Beneficiary Name: Uzbekistan Airways
> Beneficiary Account Number: ▮▮▮▮▮▮▮▮7030
> Originating Bank: Commercial Bank "Absolut Bank"
> Originator: OOO Rusaviainvest
> Amount: $200,000.00

Blocked property may not be transferred, withdrawn, exported, paid or otherwise dealt in without prior authorization from OFAC.  The President determined in section 5 of the Order that, because of the ability to transfer funds or assets instantaneously, prior notice of measures taken pursuant to this Order to persons blocked pursuant to section 1 thereof who might have a constitutional presence in the United States would render ineffectual such measures.  Therefore, the President determined that there need be no prior notice of a determination made pursuant to the Order.  In making this determination pursuant to the Order, I also find that no prior notice should be afforded to any entity or individual involved in the transaction identified above because to do so would provide an opportunity to evade the measures authorized in the Order and, consequently, would render those measures ineffectual toward addressing the national emergency declared in Executive Order 12938.

April 11, 2017
Date

_____
Andrea Gacki
Acting Director
Office of Foreign Assets Control

# Exhibits 13-20 Withheld in Full

## Bates Numbers AR 0134 – AR 0156

### (Including exhibit cover page)



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

SDGT-10681

## OFFICE OF FOREIGN ASSETS CONTROL

### BLOCKING MEMORANDUM

The Office of Foreign Assets Control (OFAC), pursuant to Executive Order 13224 of
September 23, 2001 ("Blocking Property and Prohibiting Transactions With Persons Who
Commit, Threaten to Commit, or Support Terrorism") (the "Order"), the International
Emergency Economic Powers Act, (IEEPA), 50 U.S.C. §1701 et seq., and the Global
Terrorism Sanctions Regulations, 31 C.P.R. Part 594, (the "Regulations"), determines
that there is reason to believe that a Specially Designated Global Terrorist has an interest
in the electronic funds transfer identified below. That transfer therefore is hereby
blocked.

The details of the transaction are as follows:

> Beneficiary Bank: National Bank for Foreign Economic Activity of Republic of
> Uzbekistan, (Swift NBFAUZ2X)
> Beneficiary Name: Uzbekistan Airways
> Beneficiary Account Number: ▮▮▮▮▮▮▮▮7030
> Originating Bank: Commercial Bank "Absolut Bank"
> Originator: OOO Rusaviainvest
> Amount: $200,000.00

Blocked property may not be transferred, withdrawn, exported, paid or otherwise dealt in
without prior authorization from OFAC. The President determined in section 5 of the
Order that, because of the ability to transfer funds or assets instantaneously, prior notice
of measures taken pursuant to this Order to persons blocked pursuant to section 1 thereof
who might have a constitutional presence in the United States would render ineffectual
such measures. Therefore, the President determined that there need be no prior notice of
a determination made pursuant to the Order. In making this determination pursuant to the
Order, I also find that no prior notice should be afforded to any entity or individual
involved in the transaction identified above because to do so would provide an
opportunity to evade the measures authorized in the Order and, consequently, would
render those measures ineffectual toward addressing the national emergency declared in
Executive Order 12938.

April 28, 2017
_____
Date

_____
Andrea Gacki
Acting Director
Office of Foreign Assets Control

AR 0157

~~SECRET~~ ████████████████████████



### DEPARTMENT OF THE TREASURY
#### WASHINGTON, D.C. 20220

SDGT-10681

(U) FOR:                        ANDREA GACKI   *amb 4.28.2017*
                                ACTING DIRECTOR
                                OFFICE OF FOREIGN ASSETS CONTROL

(U) THROUGH:                    Gregory T. Gatjanis ████████ *4/28/17*
                                Associate Director
                                Office of Global Targeting

                                Leila M. Baheri ████████ *4/28/17*
                                Assistant Director
                                Eastern Hemisphere Division

                                ████████████████████
                                Section Chief        *4/25/2017*
                                Near East Section

(U) FROM:                       ████████████████
                                Sanctions Investigator   *4/24/2017*
                                Near East Section

~~(S███~~ SUBJECT:              ████████████████████████

(U) <u>INTRODUCTION</u>:

~~(S~~████████████████████████████████████████████████
████████████████████████████████████████████
                                                    [2] [Exhibit 1]

---
[1] (U) Previously blocked person(s) are capitalized and accompanied by an asterisk.  The name of the blocked person with an interest in this transaction is bolded, capitalized, and accompanied by an asterisk.
[2] ~~(S~~████████████████████████████████████████
████████████████████████████

(U) ████████████████████████████████████████████
████████████████████████████████████████████

         ~~SECRET~~████

SECRET ███████████████████████

(U) ████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
[Exhibit 2, p. 1]

(S ████████████████████████████████████████████

(S ████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
[Exhibit 3, pp. 1-2, para. 1]

(S ████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
[Exhibit 6, p. 1]

(S ████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
[Exhibit 6, p. 1] [Exhibit 3, p. 2, para. 2A, 2B]

(S ████████████████████████████████████████████

[3] (S ████████████████████████████████████████
[4] (U, █████████████████████████ [Exhibit 4]
[5] (U █████████████████████████
[Exhibit 5]

SECRET ██████████████████████        2

SECRET ████████████████

████████████████████████████████████████

[Exhibit 7, p. 1]

(U) ████████████████████████

(U//FOUO) ████████████████████████████

████████████████████████████████████

[Exhibit 8]

(S ████████████████████████████████

████████████████████████████████████

[Exhibit 9, p.1]

(S ████████████████████████████████

(S ████████████████████████████████

6

[Exhibit 10, p. 1-2, para 1]

[Exhibit 10, p. 2, para 1]

(S 

6 (U) ████████████████████████████████

SECRET 

[Exhibit 10, p. 1-2, para 1]

[Exhibit 10, p. 2, para Ci, Cii, Ciii]

[Exhibit 10, p. 2, para 2]

[Exhibit 10, p. 2, para 2A]

[Exhibit 10, p. 2, para 2B]

[Exhibit 10, p. 2, para 2C]

(U)

(U)

[Exhibit 13] [Exhibit 15, pp. 1-2]

(U)

2] [Exhibit 19]

[Exhibit 15, p.

Exhibit 10

Exhibit 11

SECRET



[Exhibit 10, pp. 1-2, para. 1, 1C, 1Ci, 1Cii] [Exhibit 11, p. 2, para. 5] [Exhibit 15, p. 2] [Exhibit 16, p. 1-2] [Exhibit 17]

(U)

(U)

[Exhibit 12] [Exhibit 13] [Exhibit 14]

(U)
(U)
(U)
(U)

7 (S

[Exhibit 16, p. 1-2, para. 1, 1Ai, 1Aii, 1Aiii] [Exhibit 17]

SECRET

5

207784125246264389402624 + 207784125246264389402624 = 415568250492528778805248

SECRET ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓ [Exhibit 16, p. 1, para. 1]

(S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ [Exhibit 16, p. 1, para. 1]

(S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
(S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
(S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
[Exhibit 10, p. 2, para Ci, Cii, Ciii]

(S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ [Exhibit 16, p. 2,
para. 1B]

(S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
(S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
(S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
[Exhibit 16, p. 2, para. 1Bi, 1Bii, 1Biii]

(U ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓ [Exhibit 18]

(S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



8 (U ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

AR 0164

SECRET



[Exhibit 21, p. 2]

[Exhibit 10, p. 2, para C, Ci, Cii, Ciii]
[Exhibit 11, p. 2, para 5]
[Exhibit 15, p. 2]

AR 0165

SECRET

[Exhibit 10, p. 2, para C] [Exhibit 11, p. 2, para 5] [Exhibit 15, p. 2]

[Exhibit 10, p. 2, para Cii] [Exhibit 11, p. 2, para 5] [Exhibit 15, p. 2]

[Exhibit 10, p. 2, para Ci] [Exhibit 11, p. 2, para 5] [Exhibit 15, p. 2]

[Exhibit 10, p. 2, para 2] [Exhibit 15, p. 2]

[Exhibit 10, p. 1-2, para 1] [Exhibit 15, p. 2]

[Exhibit 16, p. 1-2, para. 1, 1Ai, 1Aii, 1Aiii]

[Exhibit 21, p. 2]

[Exhibit 12] [Exhibit 15, p. 2] [Exhibit 21, p. 2]

(U) RECOMMENDATION:

⁹ (U

SECRET

AR 0166

## (U) EXHIBITS LIST

Exhibit 1: (U) Executive Order 13224 of September 23, 2001 (66 FR 49079, September 25, 2001) Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten to Commit, or Support Terrorism

Exhibit 2: (U) [redacted]

Exhibit 3: ~~(S~~ [redacted]

Exhibit 4: (U) [redacted]

Exhibit 5: (U) [redacted]

Exhibit 6: ~~(S~~ [redacted]

Exhibit 7: (U) [redacted]

Exhibit 8: (U) [redacted]

Exhibit 9: (U) [redacted]

Exhibit 10: ~~(S~~ [redacted]

Exhibit 11: ~~(S~~ [redacted]

Exhibit 12: (U) "Blocking Memorandum," SDGT-9966, Office of Foreign Asset Control; Date accessed: April 24, 2017

~~SECRET~~ ████████████

Exhibit 13:   (U)
Exhibit 14:   (U)
Exhibit 15:   (U)
Exhibit 16:   (S
Exhibit 17:   (U)
Exhibit 18:   (U)
Exhibit 19:   (U)
Exhibit 20:   (U)
Exhibit 21:   (U//FOUO)



AR 0168

1

AR 0169



Tuesday,
September 25, 2001

Part IV

# The President

Executive Order 13224—Blocking
Property and Prohibiting Transactions
With Persons Who Commit, Threaten To
Commit, or Support Terrorism

Notice of September 24, 2001—
Continuation of Emergency With Respect
to UNITA

AR 0170

49079

Federal Register

Vol. 66, No. 186

Tuesday, September 25, 2001

# Presidential Documents

Title 3—

The President

Executive Order 13224 of September 23, 2001

## Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*)(IEEPA), the National Emergencies Act (50 U.S.C. 1601 *et seq.*), section 5 of the United Nations Participation Act of 1945, as amended (22 U.S.C. 287c) (UNPA), and section 301 of title 3, United States Code, and in view of United Nations Security Council Resolution (UNSCR) 1214 of December 8, 1998, UNSCR 1267 of October 15, 1999, UNSCR 1333 of December 19, 2000, and the multilateral sanctions contained therein, and UNSCR 1363 of July 30, 2001, establishing a mechanism to monitor the implementation of UNSCR 1333,

I, GEORGE W. BUSH, President of the United States of America, find that grave acts of terrorism and threats of terrorism committed by foreign terrorists, including the terrorist attacks in New York, Pennsylvania, and the Pentagon committed on September 11, 2001, acts recognized and condemned in UNSCR 1368 of September 12, 2001, and UNSCR 1269 of October 19, 1999, and the continuing and immediate threat of further attacks on United States nationals or the United States constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States, and in furtherance of my proclamation of September 14, 2001, Declaration of National Emergency by Reason of Certain Terrorist Attacks, hereby declare a national emergency to deal with that threat. I also find that because of the pervasiveness and expansiveness of the financial foundation of foreign terrorists, financial sanctions may be appropriate for those foreign persons that support or otherwise associate with these foreign terrorists. I also find that a need exists for further consultation and cooperation with, and sharing of information by, United States and foreign financial institutions as an additional tool to enable the United States to combat the financing of terrorism.

I hereby order:

Section 1. Except to the extent required by section 203(b) of IEEPA (50 U.S.C. 1702(b)), or provided in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the effective date of this order, all property and interests in property of the following persons that are in the United States or that hereafter come within the United States, or that hereafter come within the possession or control of United States persons are blocked:

(a) foreign persons listed in the Annex to this order;

(b) foreign persons determined by the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, to have committed, or to pose a significant risk of committing, acts of terrorism that threaten the security of U.S. nationals or the national security, foreign policy, or economy of the United States;

(c) persons determined by the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General, to be owned or controlled by, or to act for or on behalf of those persons listed in the Annex to this order or those persons determined to be subject to subsection 1(b), 1(c), or 1(d)(i) of this order;

(d) except as provided in section 5 of this order and after such consultation, if any, with foreign authorities as the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, deems appropriate in the exercise of his discretion, persons determined by the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General;

(i) to assist in, sponsor, or provide financial, material, or technological support for, or financial or other services to or in support of, such acts of terrorism or those persons listed in the Annex to this order or determined to be subject to this order; or

(ii) to be otherwise associated with those persons listed in the Annex to this order or those persons determined to be subject to subsection 1(b), 1(c), or 1(d)(i) of this order.

Sec. 2. Except to the extent required by section 203(b) of IEEPA (50 U.S.C. 1702(b)), or provided in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the effective date:

(a) any transaction or dealing by United States persons or within the United States in property or interests in property blocked pursuant to this order is prohibited, including but not limited to the making or receiving of any contribution of funds, goods, or services to or for the benefit of those persons listed in the Annex to this order or determined to be subject to this order;

(b) any transaction by any United States person or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions set forth in this order is prohibited; and

(c) any conspiracy formed to violate any of the prohibitions set forth in this order is prohibited.

Sec. 3. For purposes of this order:

(a) the term "person" means an individual or entity;

(b) the term "entity" means a partnership, association, corporation, or other organization, group, or subgroup;

(c) the term "United States person" means any United States citizen, permanent resident alien, entity organized under the laws of the United States (including foreign branches), or any person in the United States; and

(d) the term "terrorism" means an activity that—

(i) involves a violent act or an act dangerous to human life, property, or infrastructure; and

(ii) appears to be intended—

(A) to intimidate or coerce a civilian population;

(B) to influence the policy of a government by intimidation or coercion; or

(C) to affect the conduct of a government by mass destruction, assassination, kidnapping, or hostage-taking.

Sec. 4. I hereby determine that the making of donations of the type specified in section 203(b)(2) of IEEPA (50 U.S.C. 1702(b)(2)) by United States persons to persons determined to be subject to this order would seriously impair my ability to deal with the national emergency declared in this order, and would endanger Armed Forces of the United States that are in a situation where imminent involvement in hostilities is clearly indicated by the circumstances, and hereby prohibit such donations as provided by section 1 of this order. Furthermore, I hereby determine that the Trade Sanctions Reform and Export Enhancement Act of 2000 (title IX, Public Law 106–387) shall not affect the imposition or the continuation of the imposition of any unilateral agricultural sanction or unilateral medical sanction on

AR 0172

Federal Register / Vol. 66, No. 186 / Tuesday, September 25, 2001 / Presidential Documents      49081

any person determined to be subject to this order because imminent involvement of the Armed Forces of the United States in hostilities is clearly indicated by the circumstances.

Sec. 5. With respect to those persons designated pursuant to subsection 1(d) of this order, the Secretary of the Treasury, in the exercise of his discretion and in consultation with the Secretary of State and the Attorney General, may take such other actions than the complete blocking of property or interests in property as the President is authorized to take under IEEPA and UNPA if the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General, deems such other actions to be consistent with the national interests of the United States, considering such factors as he deems appropriate.

Sec. 6. The Secretary of State, the Secretary of the Treasury, and other appropriate agencies shall make all relevant efforts to cooperate and coordinate with other countries, including through technical assistance, as well as bilateral and multilateral agreements and arrangements, to achieve the objectives of this order, including the prevention and suppression of acts of terrorism, the denial of financing and financial services to terrorists and terrorist organizations, and the sharing of intelligence about funding activities in support of terrorism.

Sec. 7. The Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General, is hereby authorized to take such actions, including the promulgation of rules and regulations, and to employ all powers granted to the President by IEEPA and UNPA as may be necessary to carry out the purposes of this order. The Secretary of the Treasury may redelegate any of these functions to other officers and agencies of the United States Government. All agencies of the United States Government are hereby directed to take all appropriate measures within their authority to carry out the provisions of this order.

Sec. 8. Nothing in this order is intended to affect the continued effectiveness of any rules, regulations, orders, licenses, or other forms of administrative action issued, taken, or continued in effect heretofore or hereafter under 31 C.F.R. chapter V, except as expressly terminated, modified, or suspended by or pursuant to this order.

Sec. 9. Nothing contained in this order is intended to create, nor does it create, any right, benefit, or privilege, substantive or procedural, enforceable at law by a party against the United States, its agencies, officers, employees or any other person.

Sec. 10. For those persons listed in the Annex to this order or determined to be subject to this order who might have a constitutional presence in the United States, I find that because of the ability to transfer funds or assets instantaneously, prior notice to such persons of measures to be taken pursuant to this order would render these measures ineffectual. I therefore determine that for these measures to be effective in addressing the national emergency declared in this order, there need be no prior notice of a listing or determination made pursuant to this order.

Sec. 11. (a) This order is effective at 12:01 a.m. eastern daylight time on September 24, 2001.

AR 0173

49082    Federal Register / Vol. 66, No. 186 / Tuesday, September 25, 2001 / Presidential Documents

(b) This order shall be transmitted to the Congress and published in the Federal Register.

THE WHITE HOUSE,
*September 23, 2001.*

Billing code 3195–01–P

Federal Register / Vol. 66, No. 186 / Tuesday, September 25, 2001 / Presidential Documents   49083

ANNEX

Al Qaida/Islamic Army

Abu Sayyaf Group

Armed Islamic Group (GIA)

Harakat ul-Mujahidin (HUM)

Al-Jihad (Egyptian Islamic Jihad)

Islamic Movement of Uzbekistan (IMU)

Asbat al-Ansar

Salafist Group for Call and Combat (GSPC)

Libyan Islamic Fighting Group

Al-Itihaad al-Islamiya (AIAI)

Islamic Army of Aden

Usama bin Laden

Muhammad Atif (aka, Subhi Abu Sitta,
    Abu Hafs Al Masri)

Sayf al-Adl

Shaykh Sai'id (aka, Mustafa Muhammad Ahmad)

Abu Hafs the Mauritanian (aka, Mahfouz Ould al-Walid, Khalid Al-
    Shanqiti)

Ibn Al-Shaykh al-Libi

Abu Zubaydah (aka, Zayn al-Abidin Muhammad Husayn, Tariq)

Abd al-Hadi al-Iraqi (aka, Abu Abdallah)

Ayman al-Zawahiri

Thirwat Salah Shihata

Tariq Anwar al-Sayyid Ahmad (aka, Fathi, Amr al-Fatih)

Muhammad Salah (aka, Nasr Fahmi Nasr Hasanayn)

Makhtab Al-Khidamat/Al Kifah

Wafa Humanitarian Organization

Al Rashid Trust

Mamoun Darkazanli Import-Export Company

[FR Doc. 01–24205

Filed 9–24–01; 1:05 pm]

Billing code 4810–25–C

AR 0175

# Exhibits 2-11 Withheld in Full

**Bates Numbers AR 0176 – AR 0210**

**(Including exhibit cover page)**

12



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

SDGT-9966

## OFFICE OF FOREIGN ASSETS CONTROL

### BLOCKING MEMORANDUM

The Office of Foreign Assets Control (OFAC), pursuant to Executive Order 13224 of September 23, 2001 ("Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten to Commit, or Support Terrorism") (the "Order"), the International Emergency Economic Powers Act, (IEEPA), 50 U.S.C. §1701 et seq., and the Global Terrorism Sanctions Regulations, 31 C.P.R. Part 594, (the "Regulations"), determines that there is reason to believe that a Specially Designated Global Terrorist has an interest in the electronic funds transfer identified below. That transfer therefore is hereby blocked.

The details of the transaction are as follows:

      Beneficiary Bank: National Bank for Foreign Economic Activity of Republic of Uzbekistan, (Swift NBFAUZ2X)
      Beneficiary Name: Uzbekistan Airways
      Beneficiary Account Number: ▓▓▓▓▓▓7030
      Originating Bank: Commercial Bank "Absolut Bank"
      Originator: OOO Rusaviainvest
      Amount: $200,000.00

Blocked property may not be transferred, withdrawn, exported, paid or otherwise dealt in without prior authorization from OFAC. The President determined in section 5 of the Order that, because of the ability to transfer funds or assets instantaneously, prior notice of measures taken pursuant to this Order to persons blocked pursuant to section 1 thereof who might have a constitutional presence in the United States would render ineffectual such measures. Therefore, the President determined that there need be no prior notice of a determination made pursuant to the Order. In making this determination pursuant to the Order, I also find that no prior notice should be afforded to any entity or individual involved in the transaction identified above because to do so would provide an opportunity to evade the measures authorized in the Order and, consequently, would render those measures ineffectual toward addressing the national emergency declared in Executive Order 12938.

April 11, 2017
Date

_____
Andrea Gacki
Acting Director
Office of Foreign Assets Control

# Exhibits 13-21 Withheld in Full

**Bates Numbers AR 0213 – AR 0240**

**(Including exhibit cover page)**