# A.1

Initial Communication regarding
Blocked Transaction SDGT-9966

AR 0241

# A.1.a

## Internal OFAC email exchange

AR 0242

# Section A.1.a – Section A.2 Withheld in Full

Bates Numbers AR 0243 – AR 0252

(Including section and sub-section cover pages)

# A.3

License Application (SDGT-2017-344569-1), including supplemental materials, submitted by Rusaviainvest to OFAC on 4/24/2017. Documents include online application, bank document, invoice, passport of Director/ Owner Andrei Vorobev, and SWIFT report.



**O F A C**

Office of Foreign Assets Control

License Application

*Reference Number:*    ABS201704113376S

Generated on    4/24/2017

## Application Information

| | | | |
|---|---|---|---|
| **Application Type:** | Release Of Blocked Funds | **Application Reason:** | New Application |
| **Blocked Amount:** | 200000 | **Category:** | Wire Transfer |
| **Currency Type:** | usd | **Program(s):** | Specially Designated Global Terrorist |
| **Date Blocked:** | 4/3/2017 | **Previous Case ID:** | |

**Description of Subject Matter:**

Our company RUSAVIAINVEST, 25, 1-st Soviet per, Shelkovo city, Russia, is a remitter of blocked funds in the amount of 200,000 dollars to the beneficiary of the National Air Company of the Republic of Uzbekistan "Uzbekistan Airways", 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan. Our bank is a payer of ABSOLUT BANK, MOSCOW, RUSSIA SWIFT: ABSLRUMM, intermediary bank of JPMORGAN CHASE BANK N.A., beneficiary's bank National Bank for Foreign Economic Activity of the Republic of Uzbekistan, Bank code: 00882, SWIFT: NBFAUZ2?

## Contact Information

### Applicant

| | | | | |
|---|---|---|---|---|
| **Contact Category:** | Institution | | | |
| **Organization Name:** | RUSAVIAINVEST | | | |
| **Point of Contact Name:** | | | | |
| **Address:** | **Line1:** | 25, 1st Soviet pereulok | | |
| | **Line2:** | | | |
| | **Line3:** | | | |
| | **City:** | Shelkovo | **State:** | Moscow |
| | **Zip:** | 141100 | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | | |
| **Phone:** | **Office:** | 7-4955444375 | | |
| | **Mobile:** | ▮▮▮▮▮ | | |
| | **Fax:** | 7-4955444375 | | |
| **Principal Place of Business:** | | Moscow region | | |
| **Place where Business is Incorporated:** | | Russia | | |

### Correspondent

| | | | | |
|---|---|---|---|---|
| **Contact Category:** | Institution | | | |
| **Organization Name:** | RUSAVIAINVEST | | | |
| **Point of Contact Name:** | | | | |
| **Address:** | **Line1:** | 25, 1st Soviet pereulok | | |
| | **Line2:** | | | |
| | **Line3:** | | | |
| | **City:** | Shelkovo | **State:** | Moscow |
| | **Zip:** | 141100 | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | | |
| **Phone:** | **Office:** | 7-4955444375 | | |
| | **Mobile:** | ▮▮▮▮▮ | | |
| | **Fax:** | 7-4955444375 | | |
| **Principal Place of Business:** | | Moscow region | | |
| **Place where Business is Incorporated:** | | Russia | | |

### Financial Blocked Funds

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | JPMORGAN CHASE BANK N.A. | |
| **Point of Contact Name:** | | |
| **Address:** | **Line1:** | |
| | **Line2:** | |

AR 0254

Reference Number:     ABS201704113376S                                    Generated on    4/24/2017

|  | Line3: | | | |
|--|--------|--|--|--|
|  | City: | New York | State: | NY |
|  | Zip: | 10004 | Country: | United States |

**Email Address:**
**Phone:**    **Office:**
          **Mobile:**
          **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Remitter

| **Contact Category:** | Institution | | |
|--|--|--|--|
| **Organization Name:** | RUSAVIAINVEST | | |
| **Point of Contact Name:** | | | |
| **Address:**   Line1: | 25, 1st Soviet pereulok | | |
|       Line2: | | | |
|       Line3: | | | |
|       City: | Schelkovo | **State:** | |
|       Zip: | | **Country:** | Russia (Russian Fed.) |

**Email Address:**   info@rusaviainvest.ru
**Phone:**   **Office:**   7-4955444375
      **Mobile:**   ▮▮▮▮▮▮
      **Fax:**   7-4955444375
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Remitting Financial Institution

| **Contact Category:** | Institution | | |
|--|--|--|--|
| **Organization Name:** | AKB ABSOLUT BANK (PAO) | | |
| **Point of Contact Name:** | | | |
| **Address:**   Line1: | | | |
|       Line2: | | | |
|       Line3: | | | |
|       City: | Moscow | **State:** | |
|       Zip: | | **Country:** | Russia (Russian Fed.) |

**Email Address:**
**Phone:**   **Office:**   7-4957777171
      **Mobile:**
      **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Intermediary Financial Institution

| **Contact Category:** | Institution | | |
|--|--|--|--|
| **Organization Name:** | JPMORGAN CHASE BANK | | |
| **Point of Contact Name:** | | | |
| **Address:**   Line1: | | | |
|       Line2: | | | |
|       Line3: | | | |
|       City: | | **State:** | |
|       Zip: | | **Country:** | |

**Email Address:**
**Phone:**   **Office:**
      **Mobile:**
      **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Beneficiary

| **Contact Category:** | Institution |
|--|--|
| **Organization Name:** | National air company of the Republic of Uzbekistan "Uzbekistan Airways" |
| **Point of Contact Name:** | |

AR 0255

Reference Number:    ABS201704113376S                                    Generated on    4/24/2017

Address:      Line1:
              Line2:
              Line3:
              City:        Tashkent
              Zip:
Email Address:                                           State:
Phone:        Office:                                    Country:      Uzbekistan
              Mobile:
              Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Beneficiary Financial Institution

Contact Category:      Institution
Organization Name:     National Bank for Foreign Economic Activity of the Republic of Uzbekistan
Point of Contact Name:
Address:      Line1:
              Line2:
              Line3:
              City:        Tashkent                      State:
              Zip:                                        Country:      Uzbekistan
Email Address:
Phone:        Office:
              Mobile:
              Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Attachments

| Name | Document Type |
|------|---------------|
| invoice | Supplemental Information |
| swift | Supplemental Information |
| passport of director and owner | Supplemental Information |
| bank answer 1 | Supplemental Information |

## Certification

Signature:         █████████████████            Date:      4/24/2017
Email Address:     info@rusaviainvest.ru

AR 0256                          Page          3

# Абсолют Банк

FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704113376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000.00 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.

Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC в соответствии с глобальными антитеррористическими санкциями. OFAC никаких разъяснений касательно своих действий не дает.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017
YOUR REFERENCE NUMBER 496606/07-31 OUR TRANSACTION
REFERENCE NUMBER 2144394090FS. PLEASE NOTE OUR
COMPLIANCE DEPARTMENT HAS ADVISED:
THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL
TERRORISM SANCTIONS REGULATIONS.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, для этого следует подать заявку на разблокирование средств.
Вся необходимая информация по заполнению заявки размещена на сайте:
https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx#licenses

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

Абсолют банк
Отдел
корреспондентских
счетов



FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704113376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000-00 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017 YOUR REFERENCE NUMBER 496606/07-31 OUR TRANSACTION REFERENCE NUMBER 2144394090FS.
THIS PAYMENT HAS BEEN BLOCKED AS PER OFAC.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, за которым следует обращаться: LICENSE DEPARTMENT, DIRECTOR OFFICE OF FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500 PENNSYLVANIA AVE. NW WASHINGTON DC 20220.

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

*[Seal: Абсолют Банк — Отдел корреспондентских счетов]*

1

AR 0258

**UZBEKISTAN airways**

INVOICE № 2.2.1-2352
DATE: 01.11.2016

| | |
|---|---|
| Seller: | State committee of the Republic of Uzbekistan for privatization, demonopolization and development of competition |
| ADDRESS: | 55. Uzbekistan Ave., 100003 Tashkent, Uzbekistan |
| Participant: | UZBEKISTAN AIRWAYS |
| ADDRESS: | 41. Amir Temur Ave., 100060, Tashkent, Uzbekistan |
| | Please remit payment without deduction to the following bank account of the Participant: |
| Account No. (USD) [ ] 7030 |
| Account with: | Central operation branch of the National bank for Foreign Economic Activity of the Republic of Uzbekistan |
| SWIFT CODE: NBFAUZ2X    |    BANK CODE: 00882 |
| E-mail: | fo@uzairways.com |

| | |
|---|---|
| Purchaser: | RUSAVIAINVEST, LTD. |
| ADDRESS: | 25. 1 Soviet side str. Shchelkovo 141100 Moscow, Russia |
| ATTENTION: | Director General A.K. Vorobyev |
| E-mail | rusaviainvest@mail.ru |

**SUBJECT: AIRCRAFT**

| | QTY | UNIT PRICE USD | VAT % | TOTAL USD |
|---|---|---|---|---|
| One Airbus Model A310 aircraft, Reg. No. UK 31003, MSN 706 Equipped with: two Pratt & Whitney model PW4152 engines MSN P724942 and P724943, and GTCP 331-250 APU P-1318 In accordance with the Agreement No. 2 on Sale-Purchase of Aircraft dated October 27, 2016 | 1 | 2 000 000,00 | - | 2 000 000,00 |
| **TOTAL AMOUNT** | | | | **2 000 000,00** |

GENERAL DIRECTOR                                      V.N. TYAN

FINANCIAL DIRECTOR                                   A.A. SATTAROV

Note: Uzbekistan Airways has right to correct the invoice in case of disagreement

AR 0259



MPA                          Message Preparation - Message Report

Operator: ▮▮▮▮▮▮▮

---

**Message Identifier**

Message Preparation Application: Message Modification
Unique Message Identifier:       O CHASUS33XXX 103 496606/07-31 170331

**Message Header**

| | | | |
|---|---|---|---|
| FIN | MT103 | FIN MT 103 - Single Customer Credit Transfer * | |
| Priority: | Normal | | |
| Monitoring: | None | | |
| Sender: | | | |
| | Unit: | None | |
| | Institution: | ABSLRUMMXXX | ABSOLUT BANK |
| | | | MOSCOW,RUSSIAN FEDERATION |
| Receiver: | | | |
| | Institution: | CHASUS33XXX | JPMORGAN CHASE BANK, N.A. |
| | | | NEW YORK,NY,UNITED STATES |

**Message Text**

20:  Sender's Reference
         496606/07-31
23D: Bank Operation Code
         CRED
32A: Value Date/Currency/Interbank Settled Amount
                              170331
                              USD
                              200,000.00
33B: Currency/Instructed Amount
                              USD
                              200,000.00
50P: Ordering Customer
         /▮▮▮▮▮▮3843
         1/OOO RUSAVIAINVEST
         1/
         2/SOVIETSKII 1-Y PER, D. 25
         3/RU/SHELKOVO 141100
57A: Account With Institution
         NBFAUZ2XXXX
         NATIONAL BANK FOR FOREIGN ECONOMIC ACTIVITY OF THE REPUBLIC OF UZBEKISTAN
         TASHKENT
         UZBEKISTAN
59:  Beneficiary Customer
         /▮▮▮▮▮▮▮7030
         UZBEKISTAN AIRWAYS,
         41, AMIR TEMUR AVE.,
         100060 TASHKENT,
         UZBEKISTAN
70:  Remittance Information
         PAYMENT BY INVOICE 2.2.1-2352
         DATED 01/11/2016 ACCORDING
         THE AGREEMENT 2 DD 27.10.16
         FOR AIRCRAFT A-310
71A: Details of Charges
         OUR

**Network Data**

Network: SWIFT*

**End of Report**

---

Mon Apr 10 17:41:18 2017

---

Отражение в балансе Банка

Дт  ▮▮▮▮▮▮▮▮▮▮                 Кт  ▮▮▮▮▮▮▮▮▮▮

АКБ "АБСОЛЮТ БАНК" (ПАО)

31 мар 2017

AR 0261

1

# A.4

Application Supplement, including attachments submitted by Creizman LLC to OFAC on behalf of Rusaviainvest, dated 6/6/2017

# CREIZMAN LLC

ERIC M. CREIZMAN
PARTNER
ATTORNEY AT LAW

585 FIFTH AVENUE  7TH FLOOR
NEW YORK,  NEW YORK 10017
TEL: (212) 972-0200
FAX: (646) 200-5022
ECREIZ@CREIZMANLLC.COM
WWW.CREIZMANLLC.COM

*By Email, Facsimile,*
*and Federal Express*

June 6, 2017

Office of Foreign Assets Control
Licensing Division
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Re:  **License Application to Unblock Funds**
     **Case Numbers:  SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1**
     **Reference Numbers:  ABS201704113376S, ABS201704113377S, ABS201704133380A**

Dear OFAC Licensing Officer:

This law firm has been retained to represent Rusaviainvest, OOO (the "Company" or "Rusaviainvest") in connection with the Company's above-referenced applications for licenses to unblock funds in the total amount of $1,400,000, wired by the Company to purchase a used aircraft from Uzbekistan Airways, Uzbekistan's national air carrier. A copy of the contract to purchase the aircraft (the "Contract") and a copy of the invoice for purchase (the "Invoice") are annexed hereto as Exhibits A and B. I am writing to supplement the information provided by the Company in its applications to unblock the funds, dated April 24, 2017, May 5, 2017, and May 19, 2017, which are annexed hereto as Exhibits C, D, and E. Under the terms of the Contract, the Company is required to pay liquidated damages for any delay in payment. Such damages are accruing. *See* Exhibit A at ¶¶11.1-11.6.

## Background of the Company and the Transaction

Rusaviainvest engages in the business of wholesale trading of transportation vehicles, including airplane spare parts and engines, and also contracts for the maintenance and repair of such vehicles, including aircraft. The Company's office is located in Moscow, Russia with the address: 25, 1st Soviet Side Street, Schelkovo, Moscow, 14110, Russia. The Company is 100% owned by Andrei Vorobev, who is also its CEO and only officer. (Mr. Vorobev's Russian Federation passport is annexed hereto as Exhibit F). The purpose of the transaction was for the Company to sell the parts of the aircraft.

2017 JUN 13   AM 9: 53

OFAC Licensing Officer
June 6, 2017
Page 2

The Company has been in business since 2008, and has eight employees. The Company does not deal in weapons, arms, or military equipment and does not do business with any Country's military or any military organization. Prior to above-referenced matter, Rusaviainvest has never had any of its funds relating to any of its transactions blocked by OFAC.

The Company should not be confused with a company with a similar name, "Rusavia, Ltd." whose website is en.rusavia.com, which, according to the website, deals in a "Russian-American project" titled "Warplanes to Syria." In contrast, Rusaviainvest, Ltd. does not deal with military equipment or weaponry.

### The Wired Funds and Blocking of those Funds

Pursuant to the Contract and Invoice, on March 30, 2017, the Company sent a wire of $200,000 and on March 31, 2017, the Company sent a wire of $1,000,000, through its bank, Absolut Bank, with the intended recipient bank as JPMorgan Chase Bank, N.A. (*See* Exhibits G and H). Absolut Bank subsequently informed the Company that the transactions were "BLOCKED AS PER OFAC." (*See id.*). Absolut Bank later informed the Company that "THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL TERRORISM SANCTIONS REGULATIONS." (*See* Exhibits I and J).

Pursuant to the same Contract and Invoice, on April 10, 2017, the Company sent a wire of $200,000 through its bank, Absolut Bank, with the intermediary bank as JPMorgan Chase Bank, NA and with the receiving institution as Deutsche Bank Trust Company Americas. (*See* Exhibit I). Absolut Bank subsequently informed the Company that the transaction was not completed "DUE TO PENDING FURTHER REVIEW BY COMPLIANCE UNIT OR DEUTSCHE BANK COMPLIANCE POLICY. . . . WE WILL DEBIT YOUR ACCOUNT AND PLACE FUNDS INTO A SUSPENSE ACCOUNT AT DEUTSCHE BANK TRUST COMPANY." (*See* Exhibit K). Absolut Bank later informed the Company that "THE FUNDS HAVE BEEN PLACED INTO A BLOCKED ACCOUNT AT DEUTSCHE BANK TRUST COMPANY. . . . WE ARE PROHIBITED FROM RETURNING BLOCKED FUNDS UNTIL SUCH TIME AS OFAC ISSUES A LICENSE PERMITTING RELEASE OF THESE FUNDS." (*See* Exhibit L).

Additional records evidencing the wire transfers are annexed hereto as Exhibits M, N, and O.

### The Funds Should be Unblocked

The case numbers assigned to the blocking of the funds suggest that the compliance departments of JPMorgan Chase and Deutsche Bank believed that the parties to the transaction or the purposes of the transaction in some way violated the Russian/Ukrainian Sanctions Program or the Global Terrorism Sanctions Program. We respectfully submit that the funds were blocked in error.

*First*, as stated above, the purpose of the transaction was to obtain the used aircraft from the Uzbekistan national air carrier to sell its spare parts for commercial purposes. The Company

OFAC Licensing Officer
June 6, 2017
Page 3

does not trade with any military agency or organization and has absolutely nothing to do with any terrorist organization.

*Second*, the owner of the Company is not an SDN.  He is not affiliated with any SDNs, nor does he do business with any SDNs.  None of the Company's employees is an SDN. Furthermore, to the extent there is any confusion, as stated above, the Company has nothing to do with Rusavia, Ltd.

### Conclusion

Because the Company has done nothing to violate any OFAC sanctions program, and because it is now facing substantial financial hardship as a result of the blocking of those funds, we respectfully request that the funds be unblocked and delivered to Uzbekistan's national air carrier, Uzbekistan Airways.  In the alternative, if the transaction is being blocked due to Uzbekistan Airways, we respectfully request the funds be returned to the Company.

I would appreciate communication from your office in order to address any questions or concerns, or to provide additional documentation, if desired.

If you have questions, please feel free to contact me.

Very truly yours,

Eric Creizman

Enclosures

AR 0266

# EXHIBITS

AR 0267

A

AR 0268

RA1

| AGREEMENT № 2 ON SALE-PURCHASE OF AIRCRAFT | ДОГОВОР № 2 КУПЛИ-ПРОДАЖИ ВОЗДУШНОГО СУДНА |
|---|---|
| BETWEEN | МЕЖДУ |
| STATE COMMITTEE OF THE REPUBLIC OF UZBEKISTAN FOR PRIVATIZATION, DEMONOPOLIZATION AND DEVELOPMENT OF COMPETITION | ГОСУДАРСТВЕННЫМ КОМИТЕТОМ РЕСПУБЛИКИ УЗБЕКИСТАН ПО ПРИВАТИЗАЦИИ, ДЕМОНОПОЛИЗАЦИИ И РАЗВИТИЮ КОНКУРЕНЦИИ |
| AND COMPANY "RUSAVIAINVEST" | И КОМПАНИЕЙ «РУСАВИАИНВЕСТ» |
| WITH PARTICIPATION | С УЧАСТИЕМ |
| OF THE NATIONAL AIRCOMPANY OF THE REPUBLIC OF UZBEKISTAN "UZBEKISTAN AIRWAYS" | НАЦИОНАЛЬНОЙ АВИАКОМПАНИИ РЕСПУБЛИКИ УЗБЕКИСТАН «УЗБЕКИСТОН ХАВО ЙУЛЛАРИ» |
| Tashkent city   27.10.2016 | Ташкент   27.10.2016 |
| THE PRESENT AGREEMENT of sale-purchase of aircraft (hereinafter – "Agreement") is executed in Tashkent between: | НАСТОЯЩИЙ ДОГОВОР купли-продажи воздушного судна (далее – «Договор») заключен в г. Ташкенте между: |
| STATE COMMITTEE OF THE REPUBLIC OF UZBEKISTAN FOR PRIVATIZATION, DEMONOPOLIZATION AND DEVELOPMENT OF COMPETITION (hereinafter – "Seller"), having its legal address at 55, Uzbekistan avenue, Tashkent, 100003, Republic of Uzbekistan, represented by the First Deputy Chairman S.X.Gafarov, acting under Statute and Order No. 174k-LS dated 04.12.2014, | ГОСУДАРСТВЕННЫМ КОМИТЕТОМ РЕСПУБЛИКИ УЗБЕКИСТАН ПО ПРИВАТИЗАЦИИ, ДЕМОНОПОЛИЗАЦИИ И РАЗВИТИЮ КОНКУРЕНЦИИ (далее - «Продавец»), имеющим юридический адрес: 100003, Республика Узбекистан, г. Ташкент, проспект Узбекистанский, 55, в лице Первого заместителя Председателя С.Х.Гафарова, действующего на основании Положения и приказа от 04.12.2014г., №174к-ЛС; |
| company "RUSAVIAINVEST" Ltd. (hereinafter – "Purchaser"), having its legal address at 25, 1st Soviet side street, Shchelkovo, Moscow, 141100 Russia, represented by the Director General A.K.Vorobyev, acting under Statute, | компанией ООО «РУСАВИАИНВЕСТ» (далее - «Покупатель»), имеющей юридический адрес: 141100 Россия, г. Москва, Щелково, 1-й Советский переулок, 25, в лице Генерального директора Воробьёва А.К., действующего на основании Устава; |
| with participation of the NATIONAL AIRCOMPANY OF THE REPUBLIC OF UZBEKISTAN "UZBEKISTAN AIRWAYS" (hereinafter – "Participant"), having its legal address at 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan, represented by the Director General V.N.Tyan, acting under Statute | с участием НАЦИОНАЛЬНОЙ АВИАКОМПАНИИ РЕСПУБЛИКИ УЗБЕКИСТАН «O'ZBEKISTON HAVO YO'LLARI» (далее - «Участник»), имеющей юридический адрес: 100060, Республика Узбекистан, г. Ташкент, проспект Амира Темура, 41, в лице Генерального директора Тяна В.Н., действующего на основании Устава. |
| Collectively hereinafter they are named as "Parties" and individually as "Party" | Все вместе именуемые как «Стороны» и каждая по отдельности «Сторона». |

| HEREBY IT IS AGREED the following: | НАСТОЯЩИМ ДОСТИГНУТО СОГЛАШЕНИЕ о следующем: |
|---|---|
| **1. DEFINITIONS AND THEIR INTERPRETATION** | **1. ОПРЕДЕЛЕНИЯ И ИХ ИНТЕРПРЕТАЦИЯ** |
| **Act of assessment of the technical condition of aircraft** means document, presenting the results of mutual assessment of actual technical condition and completeness of aircraft through its inspection and confirmation by signatures of representatives of the Participant and the Purchaser | **Акт технического осмотра воздушного судна** - документ, отражающий результаты совместной оценки фактического технического состояния и комплектности воздушного судна путём его инспектирования и подтверждения подписями представителей Участника и Покупателя. |
| **Act of acceptance-transfer of aircraft** (hereinafter – "Act of acceptance-transfer") means document evidencing the fact of acceptance and transfer of aircraft and being the integral part of this Agreement, confirmed by signatures of representatives of the Participant and the Purchaser (Attachment No. 2) | **Акт приема-передачи воздушного судна** (далее по тексту Договора – «Акт приема-передачи») - документ, подтверждающий факт приема и передачи воздушного судна, являющийся неотъемлемой частью настоящего Договора, подтвержденный подписями представителей Участника и Покупателя. (Приложение № 2) |
| **Aircraft** means description of aircraft, including individual references to all engines, parts and documentation on aircraft, listed in Attachments No. 3 | **Воздушное судно** – описание воздушного судна, включая отдельные ссылки на все двигатели, части и документацию по воздушному судну, указанному в приложении № 3 |
| **Aircraft documentation** means all log books, records, manuals and other documents, to this Agreement, and all addendums, renewals and amendments made on them before transferring the aircraft to Purchaser. | **Документация по воздушному судну** - все бортовые журналы, записи по воздушному судну, руководства и другие документы, к настоящему Договору, и все дополнения, обновления и замены, сделанные по ним до передачи воздушного судна Покупателю. |
| **Business Day** means any day other than a Saturday, Sunday or holidays, on which banks are opened for business in all cities, mentioned in this Agreement. | **Рабочий день** – любой день, кроме субботы или воскресенья, либо праздников, на который банки открыты для бизнеса во всех городах, указанных в настоящем Договоре. |
| **Delivery** means transfer of title on aircraft from Participant to Purchaser under this Agreement. | **Поставка** - передача права собственности на воздушное судно от Участника к Покупателю согласно настоящему Договору. |
| **Aircraft condition at delivery "as is, where is"** means technical condition of aircraft, at the moment of its Delivery. | **Состояние воздушного судна при поставке «как есть, где есть»** - техническое состояние воздушного судна на момент Поставки |
| **Delivery date** means the day, which is Business Day and on which the aircraft delivery occurs. | **Дата поставки** - дата, которая является рабочим днем и на которую происходит поставка воздушного судна. |

| | |
|---|---|
| **Partial aircraft loss** means partial damages of aircraft which are not the causes of total aircraft loss. | **Частичная потеря воздушного судна** - частичные повреждения воздушного судна, которые не являются причиной полной утраты воздушного судна. |
| **Sale Documents** include this Agreement, Act of acceptance-transfer of aircraft and any written document, agreed by the Parties and amended or added any of above mentioned documents of this Agreement. | **Документы по продаже** – включают в себя настоящий Договор, Акт приёма-передачи воздушного судна, и любое письменное соглашение, согласованное Сторонами, изменяющее или дополняющее любой из вышеуказанных документов настоящего Договора. |
| **2.    AGREEMENT SUBJECT** | **2.    ПРЕДМЕТ ДОГОВОРА** |
| 2.1    According to the resolution of the Interdepartmental Commission on considering the matters and preparing the conclusions regarding write-off of fixed assets of the National Aircompany "Uzbekistan Airways" (Protocol No. 90 dated 18.06.2015) and Order of the President of the Republic of Uzbekistan No. R-4502 dated 14.07.2015, the Seller and Participant shall transfer aircraft A-310 MSN 706 to the possession of Purchaser under Attachments No. 1, being the integral part of this Agreement, in condition "as is, where is", Purchaser shall pay its price and accept it in accordance with the terms and in order, provided for by this Agreement. | 2.1    В соответствии с заключением Межведомственной комиссии по рассмотрению вопросов и подготовке заключений о списании с баланса НАК «Узбекистон хаво йуллари» основных средств (протокол от 18.06.2015г № 90), Распоряжением Президента Республики Узбекистан от 14.07.2015г № Р-4502, Продавец и Участник передают в собственность Покупателю воздушное судно А-310 заводской № 706 согласно Приложению №1, являющемуся неотъемлемой частью настоящего Договора, в состоянии «как есть, где есть», а Покупатель принимает его в соответствии с условиями и порядком, предусмотренным настоящим Договором. |
| 2.2    At the execution of this Agreement the aircraft is the property of the Republic of Uzbekistan, is not in any pledge, and there is no any encumbrance on it. | 2.2    Воздушное судно на момент заключения настоящего Договора является собственностью Республики Узбекистан, не находится в залоге и на него отсутствуют какие-либо обременения. |
| 2.3    Subject to the provisions of this Agreement Seller shall transfer to Purchaser upon Delivery the title on aircraft, free and clear of any rights of third parties. | 2.3    Согласно статьям настоящего Договора, Продавец передаёт Покупателю при Поставке право собственности на воздушное судно, свободное и чистое от каких-либо прав третьих лиц. |
| 2.4    Aircraft shall be passed under act of acceptance-transfer, executed in accordance with the Attachment No. 2, in completeness according to the accompanying technical documentation. | 2.4.    Воздушное судно передаётся по акту приема-передачи, оформленным в соответствии с Приложением № 2, в комплектации согласно сопроводительной технической документации. |
| 2.5    Title on aircraft shall be transferred to Purchaser upon receiving the money on currency account of Participant and signing the Act of acceptance-transfer for aircraft by it under paragraph 4.3 of this Agreement. | 2.5.    Право собственности на воздушное судно переходит к Покупателю после поступления денежных средств на валютный счет Участника согласно пункту 4.3. настоящего Договора и подписания им акта приема-передачи каждого воздушного судна. |

| 3. GENERAL PROVISIONS | 3. ОБЩИЕ ПОЛОЖЕНИЯ |
|---|---|
| 3.1 This Agreement, including Attachments to it, constitutes the entire agreement, which cancels and prevails over any previous understandings, agreements or decisions, whether oral or written, between the Parties with respect to the subject matter of the Aircraft.<br><br>Attachments to this Agreement are its integral part and have equal legal effect with it. | 3.1. Настоящий Договор, включая Приложения к нему, представляет собой полное соглашение, которое отменяет и превалирует над всеми предыдущими договоренностями, соглашениями или решениями, устными или письменными, между Сторонами относительно предмета настоящего Договора.<br>Приложения к настоящему Договору являются его неотъемлемой частью и имеют одинаковую с ним юридическую силу. |
| 3.2 All terms and conditions of this Agreement are binding on and are applied to the Parties, their relevant legal successors or persons, to whom corresponding rights and/or obligations of the Parties may be assigned under mutual consent between the Parties. | 3.2 Все положения и условия настоящего Договора имеют обязательный характер и применяются по отношению к Сторонам, их соответствующим правопреемникам или лицам, которым по взаимному согласованию между Сторонами могут быть переданы их соответствующие права и/или обязательства. |
| 3.3 Neither Seller, nor Purchaser may assign the rights and obligations under this agreement in whole or partially without prior written consent of other Parties. Assignment of the rights and obligations, made with breach of terms of this Agreement, shall be considered as invalid and illegal. Non-agreed assignment of whole or any part of rights under this Agreement shall not discharge assigning Party from obligations under this Agreement unless such discharge was expressly submitted in written by other Parties. | 3.3 Ни Продавец, ни Покупатель, ни Участник не могут передавать полностью или частично права и обязательства по настоящему Договору без предварительного письменного согласия других Сторон. Передача прав и обязательств, осуществленная с нарушением условий настоящего Договора, признается не действительной и не имеющей юридической силы. Не согласованная, не запланированная передача всех или какой-либо части прав по настоящему Договору не освобождает передающую Сторону от обязательств по настоящему Договору, если такое освобождение от обязательств не было явным образом в письменной форме предоставлено другими Сторонами. |
| 3.4 This Agreement shall become effective upon its signing by the Parties and registration in authorized bodies of the Republic of Uzbekistan and shall be valid till full performing the obligations by the Parties. | 3.4. Настоящий Договор вступает в силу с момента его подписания Сторонами и регистрации в уполномоченных органах Республики Узбекистан и действует до полного выполнения обязательств Сторонами. |
| 3.5 The Parties have agreed that all correspondence under this Agreement shall be made in Russian and English. | 3.5 Стороны пришли к соглашению, что документооборот по исполнению Сторонами условий настоящего Договора составляется на русском и английском языках. |

AR 0272

| | |
|---|---|
| 3.6    This Agreement and its Attachments, being its integral part, are executed in Russian and English in three counterparts, having equal legal effect, one counterpart for each Party. In the case of any discrepancies between texts in Russian and English the text in Russian shall prevail. | 3.6    Настоящий Договор и Приложения к нему, являющиеся его неотъемлемой частью, составлены на русском и английском языках в трех экземплярах, имеющих одинаковую юридическую силу, по одному экземпляру для каждой из Сторон. В случае разногласий между русским и английским языком, текст на русском языке имеет преимущественную силу. |
| 3.7    Amendments, addendums to this Agreement shall be only valid, if they are executed in written, signed by authorized representatives of the Parties and registered according to the paragraph 3.4 of this Agreement. | 3.7    Изменения, дополнения к настоящему Договору будут действительны только в том случае, если составлены в письменной форме и подписаны полномочными представителями всех Сторон и зарегистрированы в соответствии с пунктом 3.4. настоящего Договора. |
| 3.8    Participant's obligation to deliver aircraft shall be conditional on satisfaction its preliminary conditions with Purchaser. | 3.8    Обязательство Участника поставить воздушное судно обусловлено выполнением его предварительной договоренности с Покупателем. |
| 3.9    Purchaser has agreed to take commercially reasonable efforts to perform preliminary conditions with Participant. | 3.9    Покупатель соглашается предпринять коммерчески обоснованные усилия для обеспечения выполнения предварительной договорённости с Участником. |
| 3.10    Purchaser's obligation to accept aircraft delivery in condition "as is, where is" shall be conditional on satisfaction its preliminary conditions with Seller and Participant. | 3.10    Обязательство Покупателя принять поставку воздушного судна в состоянии «как есть, где есть» обусловлено выполнением его предварительной договоренности с Продавцом и Участником. |
| 3.11    Participant has agreed to take commercially reasonable efforts to perform preliminary conditions with Purchaser. | 3.11    Участник соглашается предпринять коммерчески обоснованные усилия для обеспечения выполнения предварительной договорённости с Покупателем. |
| **4. PRICE AND PAYMENT ORDER** | **4. ВЫКУПНАЯ ЦЕНА И ПОРЯДОК ЕЁ ОПЛАТЫ** |
| 4.1    Price of aircraft in total is indicated in Attachments No. 1 of this Agreement and shall be transferred to the currency account of the Participant under terms of this Agreement. | 4.1    Выкупная цена за воздушное судно в целом указана в Приложении №1 настоящего Договора и должна быть переведена на валютный счет Участника в соответствии с условиями настоящего Договора. |
| 4.2    Price of aircraft is the following: A-310 MSN 706 – 2,000,000.00 US dollars; | 4.2    Выкупная цена воздушного судна составляет: A-310 заводской № 706 - 2 000 000 долларов США; |

| | |
|---|---|
| 4.3    In accordance with provisions of this Agreement, after signing of it by the Parties, registration in authorized bodies of the Republic of Uzbekistan and after becoming effective under paragraph 3.4, the Payer shall make inspection of aircraft and signs the acts of technical inspection of aircraft. During 10 business days Payer shall make 100% direct advance payment to the currency account of the NAC "Uzbekistan Airways". | 4.3    В соответствии с положениями настоящего Договора, после подписания Сторонами настоящего Договора, регистрации его в уполномоченных органах Республики Узбекистан и, после вступления Договора в силу в соответствии с п.3.4., Покупатель производит осмотр воздушного судна и подписывает Акт технического осмотра воздушного судна, и в течение 10 рабочих дней, с даты подписания данного Акта, осуществляет 100% предоплату в виде прямого платёжа на валютный счет НАК «Узбекистон хаво йуллари». |
| 4.4    Net amount of payment for aircraft shall be transferred to the currency account of the Participant in US Dollars. | 4.4    Чистая сумма выкупного платежа за воздушное судно должна быть переведена в Долларах США на банковский счет Участника. |
| 4.5    Purchaser shall reimburse Participant for any expenses related to assessment and expertise of assessment of aircraft in amount 3655 US dollars as well as amount for payment of custom procedures within the territory of the Republic of Uzbekistan in amount of 0,1% of customs valuation on the date of payment. | 4.5.    Покупатель возмещает Участнику расходы Участника, связанные с оценкой и экспертизой оценки воздушных судов в размере 3 462,07 долларов США, а также сумму по оплате таможенных процедур на территории Республики Узбекистан в размере 0,1% от таможенной стоимости на день оплаты. |
| 4.6    Date of money receiving on the currency account of the Participant shall be considered as date of payment. | 4.6.    Датой оплаты считается дата поступления денежных средств на валютный счет Участника. |
| **5. SELLER'S OBLIGATIONS** | **5   ОБЯЗАТЕЛЬСТВА ПРОДАВЦА** |
| 5.1    Seller undertakes to make registration of this Agreement. | 5.1    Продавец обязуется произвести регистрацию настоящего Договора. |
| **6. PURCHASER'S RIGHTS AND OBLIGATIONS** | **6. ПРАВА И ОБЯЗАТЕЛЬСТВА ПОКУПАТЕЛЯ** |
| 6.1    Purchaser or its representatives shall have the right for "preliminary inspection" of aircraft before inspection of its technical condition and before date of Delivery to confirm compliance with uninterrupted performing the regulation on aircraft storage at the moment of Delivery. | 6.1    Покупатель или его представители имеют право произвести "предварительный осмотр" воздушного судна до проведения инспекции его технического состояния и до даты Поставки, чтобы подтвердить соблюдение беспрерывного выполнения регламентов по хранению воздушного судна на момент Поставки. |
| 6.2    After execution of this Agreement Purchaser shall have the right for its own account to make inspection of technical condition of aircraft on or before the date of Delivery to receive evidence that aircraft satisfies the terms of Delivery. Such inspection shall be performed during 10 days from the | 6.2    После подписания настоящего договора, Покупатель за свой счет имеет право произвести инспекцию технического состояния воздушного судна на момент или до даты Поставки, чтобы убедиться, что воздушное судно соответствует условиям Поставки. Такая инспекция |

| | |
|---|---|
| date and in such place that shall be agreed by the Participant and Purchaser.<br><br>Inspection shall include:<br><br>1.   physical inspection of technical documentation of aircraft;<br><br>2.   physical inspection of aircraft:<br><br>(a) performing full video-inspection by baroscopic (A) high-pressure compressors and low-pressure compressors and (B) turbine zone of engine as well as full;<br><br>(b) engines starting in accordance with relevant maintenance manual;<br><br>(c) aircraft checking on presence of structural repairs and compliance of these repairs with Manufacturer's manual on structural repairs or Manufacturer's recommendations, as applicable; | будет проведена в течение 10 дней с момента и в том месте, которые согласуют Участник и Покупатель.<br><br>Инспекция должна включать:<br><br>1.   физическую инспекцию технической документации на воздушное судно;<br><br>2.   физическую инспекцию воздушного судна:<br><br>(a) выполнение полной видео-инспекции бароскопом (A) компрессоров низкого и высокого давления и (B) зоны турбины двигателей;<br><br>(b) выполнение запусков двигателей в соответствии с применимым руководством по техническому обслуживанию;<br><br>(c) проверку воздушного судна на наличие структурных ремонтов и соответствие указанных ремонтов Руководству изготовителя по структурным ремонтам или Рекомендациям изготовителя, как применимо; |
| 6.3   If results of inspection are unsatisfied, then Purchaser on its own and sole discretion during ten (10) days shall make decision and notify the Seller about the fact that Purchaser will not purchase aircraft and cancels this Agreement. | 6.3   При неудовлетворительных результатах инспекции, по единоличному и исключительному решению Покупателя, Покупатель имеет десять (10) рабочих дней для принятия решения и извещения Продавца о том, что Покупатель не будет покупать воздушное судно и прерывает настоящий Договор. |
| 6.4   Purchaser shall indemnify and hold Participant, its directors, officers, employees, agents and subcontractors harmless from any claims and losses resulted from death or body injury of some representative or employee of Purchaser in connection with any demonstrative flight or aircraft inspection under this Agreement unless they are caused by gross negligence or willful carelessness of Participant. | 6.4   Покупатель возместит и будет поддерживать освобождение Участника, его директоров, руководителей, работников, агентов и субподрядчиков от всех исков и потерь, возникших из-за смерти или травмы какого-либо представителя или работника Покупателя в связи с каким-либо демонстрационным полетом или инспекцией воздушного судна, согласно данному Договору, если только они не вызваны грубой небрежностью или намеренной халатностью Участника. |
| 6.5   Purchaser shall make payment in amount of aircraft price as well as penalties (if any) in order and in form provided for in paragraphs 4.3 and 11.3 of this Agreement. | 6.5   Покупатель производит оплату в размере выкупного платежа за воздушное судно, а также пени, в случае их возникновения, в порядке и в сроки, предусмотренные пунктами 4.3 и 11.3 настоящего Договора. |



6.6     Purchaser shall reimburse the expenses of Participant, indicated in paragraph 4.5 of this Agreement during ten (10) business days from the moment of invoice receiving.

6.6     Покупатель возмещает в течение 10 (десяти) рабочих дней с момента получения выставленных счетов расходы Участника, указанные в пункте 4.5. настоящего Договора.

6.7     Purchaser shall make acceptance of aircraft and its technical documentation under this Agreement. Results of acceptance-transfer of aircraft shall be executed in form of Act of acceptance-transfer, signed by the Participant and Purchaser.

6.7     Покупатель, на условиях настоящего Договора осуществляет приемку воздушного судна и его технической документации. Результаты приема-передачи воздушного судна оформляются двусторонним Актом приема-передачи, подписанным Участником и Покупателем.

6.8     Purchaser shall bear all risks of loss, damage, technical condition and completeness of aircraft upon transferring the aircraft to the possession of Purchaser.

6.8     Покупатель несёт все риски утраты, повреждения, технического состояния и комплектности воздушного суда с момента перехода воздушного судна в собственность Покупателя.

6.9     Purchaser shall in its own account obtain official permissions, perform all customs formalities needed for aircraft import to the Purchaser's country.

6.9     Покупатель за свой счет получает официальные разрешения, выполняет все таможенные формальности, необходимые для ввоза воздушного судна в страну Покупателя.

### 7. RIGHTS AND OBLIGATIONS OF PARTICIPANT

### 7. ПРАВА И ОБЯЗАТЕЛЬСТВА УЧАСТНИКА ДОГОВОРА

7.1     Before signing this Agreement the Participant together with Purchaser shall make preliminary inspection of aircraft.

7.1     Участник совместно с Покупателем до момента подписания настоящего Договора произведёт осмотр воздушного судна

7.2     Participant shall agree with Purchaser the date and time of inspection of technical condition of aircraft by Purchaser's representatives as well as assist in its implementation during 10 next days.

7.2     Участник согласует с Покупателем дату и время проведения представителями Покупателя инспекции технического состояния воздушного судна, а также окажет содействие в её проведении в течение 10 последующих дней.

7.3     Participant shall agree with Purchaser the date of Delivery of aircraft and transfer the aircraft to Purchaser with execution of the Act of acceptance-transfer for aircraft as well as pass accompanying technical documentation and other documents and documents needed for Purchaser for customs clearance and registration of aircraft in the country of importation.

7.3     Участник согласует с Покупателем дату Поставки воздушного судна и передаст Покупателю воздушное судно с оформлением Акта приема-передачи на воздушное судно, а также передаст сопроводительную техническую документацию и иные документы, а также документы, необходимые Покупателю для таможенной очистки и регистрации воздушного судна в стране ввоза.

7.4     Participant shall have ten (10) business days from submitting the written application by Purchaser for consideration of discrepancies found by Purchaser during technical inspection

7.4     Участник имеет десять (10) рабочих дней, с момента предъявления Покупателем письменного заявления, для рассмотрения недостатков выявленных Покупателем в

AR 0276

| | |
|---|---|
| of aircraft and giving notification to Purchaser about its decision either (a) to rectify defects on account of Participant or (b) to decline the requirement on defects fixing and terminate this Agreement. | ходе технической инспекции воздушного судна и извещения Покупателя о принятом решении Участника: (а) устранить выявленные недостатки за счет Участника; или (b) отклонить требование по устранению выявленных недостатков или прервать настоящий Договор. |
| 7.5    Participant shall fix defects found by Purchaser during inspection of aircraft at its transfer during twenty (20) calendar days. | 7.5    Участник устранит недостатки, выявленные Покупателем в ходе технической инспекции воздушного судна при его передаче в течение 20 (двадцати) календарных дней. |
| 7.6    Participant shall provide performing of all formalities (including customs procedures), set for aircraft export from the country of Seller. | 7.6    Участник обеспечит выполнение всех формальностей (в том числе таможенных процедур), установленных при вывозе воздушного суда из страны Продавца. |
| 7.7    Participant shall inform Purchaser in writing during four (4) days about registration of this Agreement in authorized bodies of the Republic of Uzbekistan. | 7.7    Участник в 4-х дневной срок письменно уведомит Покупателя о регистрации настоящего Договора в уполномоченных органах Республики Узбекистан. |
| 7.8    Participant shall indemnify and hold Purchaser, its directors, officers, employees, agents and subcontractors harmless from any claims and losses resulted from death or body injury of some representative or employee of Participant in connection with any demonstrative flight or aircraft inspection under this Agreement unless they are caused by gross negligence or willful carelessness of Purchaser. | 7.8    Участник возместит и будет поддерживать освобождение Покупателя, его директоров, руководителей, работников, агентов и субподрядчиков от всех исков и потерь, возникших из-за смерти или травмы какого-либо представителя или работника Участника в связи с каким-либо демонстрационным полетом или инспекцией воздушного судна согласно данному Договору, если только они не вызваны грубой небрежностью или намеренной халатностью Покупателя. |
| **8. TERMS AND DATES OF AIRCRAFT TRANSFERRING** | **8. УСЛОВИЯ И СРОКИ ПЕРЕДАЧИ ВОЗДУШНЫХ СУДОВ** |
| 8.1    Transfer of aircraft shall be performed by Participant on the terms "FCA – International airport Tashkent", Republic of Uzbekistan in accordance with "Incoterms-2010" | 8.1    Передача воздушного судна будет осуществлена Участником на условиях «FCA – Международный аэропорт «Ташкент», Республика Узбекистан, в соответствии с «Инкотермс-2010». |
| 8.2    Date of signing the Act of acceptance-transfer of aircraft by representatives of Participant and Purchaser shall be considered as date of aircraft transfer. | 8.2    Датой передачи воздушного суда считается дата подписания Акта приема-передачи представителями Участника и Покупателя. |
| 8.3    Act of acceptance-transfer of aircraft shall be signed by Participant and Purchaser | 8.3    Акт приёма-передачи воздушного судна подписывается Участником и |

AR 0277

RAI

| AGREEMENT № 2<br>ON SALE-PURCHASE<br>OF AIRCRAFT | ДОГОВОР № 2<br>КУПЛИ-ПРОДАЖИ<br>ВОЗДУШНОГО СУДНА |
|---|---|
| BETWEEN | МЕЖДУ |
| STATE COMMITTEE<br>OF THE REPUBLIC OF UZBEKISTAN<br>FOR PRIVATIZATION,<br>DEMONOPOLIZATION AND<br>DEVELOPMENT OF COMPETITION | ГОСУДАРСТВЕННЫМ КОМИТЕТОМ<br>РЕСПУБЛИКИ УЗБЕКИСТАН ПО<br>ПРИВАТИЗАЦИИ,<br>ДЕМОНОПОЛИЗАЦИИ И РАЗВИТИЮ<br>КОНКУРЕНЦИИ |
| AND COMPANY "RUSAVIAINVEST" | И КОМПАНИЕЙ «РУСАВИАИНВЕСТ» |
| WITH PARTICIPATION | С УЧАСТИЕМ |
| OF THE NATIONAL AIRCOMPANY<br>OF THE REPUBLIC OF UZBEKISTAN<br>"UZBEKISTAN AIRWAYS" | НАЦИОНАЛЬНОЙ АВИАКОМПАНИИ<br>РЕСПУБЛИКИ УЗБЕКИСТАН<br>«УЗБЕКИСТОН ХАВО ЙУЛЛАРИ» |
| Tashkent city           "27.10.2016 | Ташкент          27.10.2016 |
| THE PRESENT AGREEMENT of sale-pur-chase of aircraft (hereinafter – "Agreement") is executed in Tashkent between: | НАСТОЯЩИЙ ДОГОВОР купли-продажи воздушного судна (далее - «Договор») заключен в г. Ташкенте между: |
| **STATE COMMITTEE OF THE REPUBLIC OF UZBEKISTAN FOR PRIVATIZATION, DEMONOPOLIZATION AND DEVELOPMENT OF COMPETITION** (hereinafter – "**Seller**"), having its legal address at 55, Uzbekistan avenue, Tashkent, 100003, Republic of Uzbekistan, represented by the First Deputy Chairman S.X.Gafarov, acting under Statute and Order No. 174k-LS dated 04.12.2014, | **ГОСУДАРСТВЕННЫМ КОМИТЕТОМ РЕСПУБЛИКИ УЗБЕКИСТАН ПО ПРИВАТИЗАЦИИ, ДЕМОНОПОЛИЗАЦИИ И РАЗВИТИЮ КОНКУРЕНЦИИ** (далее - «Продавец»), имеющим юридический адрес: 100003, Республика Узбекистан, г. Ташкент, проспект Узбекистанский, 55, в лице Первого заместителя Председателя С.Х.Гафарова, действующего на основании Положения и приказа от 04.12.2014г., №174к-ЛС; |
| company "**RUSAVIAINVEST**" **Ltd.** (hereinafter – "**Purchaser**"), having its legal address at 25, 1ˢᵗ Soviet side street, Shchelkovo, Moscow, 141100 Russia, represented by the Director General A.K.Vorobyev, acting under Statute, | компанией **ООО «РУСАВИАИНВЕСТ»** (далее - «Покупатель»), имеющей юридический адрес: 141100 Россия, г. Москва, Щелково, 1-й Советский переулок, 25, в лице Генерального директора Воробьёва А.К., действующего на основании Устава; |
| with participation of the **NATIONAL AIRCOMPANY OF THE REPUBLIC OF UZBEKISTAN "UZBEKISTAN AIRWAYS"** (hereinafter – "**Participant**"), having its legal address at 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan, represented by the Director General V.N.Tyan, acting under Statute | с участием **НАЦИОНАЛЬНОЙ АВИАКОМПАНИИ РЕСПУБЛИКИ УЗБЕКИСТАН «O'ZBEKISTON HAVO YO'LLARI»** (далее - «Участник»), имеющей юридический адрес: 100060, Республика Узбекистан, г. Ташкент, проспект Амира Темура, 41, в лице Генерального директора Тяна В.Н., действующего на основании Устава. |
| Collectively hereinafter they are named as "**Parties**" and individually as "**Party**" | Все вместе именуемые как «Стороны» и каждая по отдельности «Сторона». |

AR 0278

| HEREBY IT IS AGREED the following: | НАСТОЯЩИМ ДОСТИГНУТО СОГЛАШЕНИЕ о следующем: |
|---|---|
| **1. DEFINITIONS AND THEIR INTERPRETATION** | **1. ОПРЕДЕЛЕНИЯ И ИХ ИНТЕРПРЕТАЦИЯ** |
| **Act of assessment of the technical condition of aircraft** means document, presenting the results of mutual assessment of actual technical condition and completeness of aircraft through its inspection and confirmation by signatures of representatives of the Participant and the Purchaser | **Акт технического осмотра воздушного судна** - документ, отражающий результаты совместной оценки фактического технического состояния и комплектности воздушного судна путем его инспектирования и подтверждения подписями представителей Участника и Покупателя. |
| **Act of acceptance-transfer of aircraft** (hereinafter – "Act of acceptance-transfer") means document evidencing the fact of acceptance and transfer of aircraft and being the integral part of this Agreement, confirmed by signatures of representatives of the Participant and the Purchaser (Attachment No. 2) | **Акт приема-передачи воздушного судна** (далее по тексту Договора – «Акт приема-передачи») - документ, подтверждающий факт приема и передачи воздушного судна, являющийся неотъемлемой частью настоящего Договора, подтвержденный подписями представителей Участника и Покупателя. (Приложение № 2) |
| **Aircraft** means description of aircraft, including individual references to all engines, parts and documentation on aircraft, listed in Attachments No. 3 | **Воздушное судно** – описание воздушного судна, включая отдельные ссылки на все двигатели, части и документацию по воздушному судну, указанному в приложении № 3 |
| **Aircraft documentation** means all log books, records, manuals and other documents, to this Agreement, and all addendums, renewals and amendments made on them before transferring the aircraft to Purchaser. | **Документация по воздушному судну** - все бортовые журналы, записи по воздушному судну, руководства и другие документы, к настоящему Договору, и все дополнения, обновления и замены, сделанные по ним до передачи воздушного судна Покупателю. |
| **Business Day** means any day other than a Saturday, Sunday or holidays, on which banks are opened for business in all cities, mentioned in this Agreement. | **Рабочий день** – любой день, кроме субботы или воскресенья, либо праздников, на который банки открыты для бизнеса во всех городах, указанных в настоящем Договоре. |
| **Delivery** .means transfer of title on aircraft from Participant to Purchaser under this Agreement. | **Поставка** - передача права собственности на воздушное судно от Участника к Покупателю согласно настоящему Договору. |
| **Aircraft condition at delivery "as is, where is"** means technical condition of aircraft, at the moment of its Delivery. | **Состояние воздушного судна при поставке «как есть, где есть»** - техническое состояние воздушного судна на момент Поставки |
| **Delivery date** means the day, which is Business Day and on which the aircraft delivery occurs. | **Дата поставки** - дата, которая является рабочим днем и на которую происходит поставка воздушного судна. |

| | |
|---|---|
| **Partial aircraft loss** means partial damages of aircraft which are not the causes of total aircraft loss. | **Частичная потеря воздушного судна** - частичные повреждения воздушного судна, которые не являются причиной полной утраты воздушного судна. |
| **Sale Documents** include this Agreement, Act of acceptance-transfer of aircraft and any written document, agreed by the Parties and amended or added any of above mentioned documents of this Agreement. | **Документы по продаже** – включают в себя настоящий Договор, Акт приёма-передачи воздушного судна, и любое письменное соглашение, согласованное Сторонами, изменяющее или дополняющее любой из вышеуказанных документов настоящего Договора. |
| **2.    AGREEMENT SUBJECT** | **2.    ПРЕДМЕТ ДОГОВОРА** |
| 2.1    According to the resolution of the Interdepartmental Commission on considering the matters and preparing the conclusions regarding write-off of fixed assets of the National Aircompany "Uzbekistan Airways" (Protocol No. 90 dated 18.06.2015) and Order of the President of the Republic of Uzbekistan No. R-4502 dated 14.07.2015, the Seller and Participant shall transfer aircraft A-310 MSN 706 to the possession of Purchaser under Attachments No. 1, being the integral part of this Agreement, in condition "as is, where is", Purchaser shall pay its price and accept it in accordance with the terms and in order, provided for by this Agreement. | 2.1    В соответствии с заключением Межведомственной комиссии по рассмотрению вопросов и подготовке заключений о списании с баланса НАК «Узбекистон хаво йуллари» основных средств (протокол от 18.06.2015г № 90), Распоряжением Президента Республики Узбекистан от 14.07.2015г № Р-4502, Продавец и Участник передают в собственность Покупателю воздушное судно А-310 заводской № 706 согласно Приложению №1, являющемуся неотъемлемой частью настоящего Договора, в состоянии «как есть, где есть», а Покупатель принимает его в соответствии с условиями и порядком, предусмотренным настоящим Договором. |
| 2.2    At the execution of this Agreement the aircraft is the property of the Republic of Uzbekistan, is not in any pledge, and there is no any encumbrance on it. | 2.2    Воздушное судно на момент заключения настоящего Договора является собственностью Республики Узбекистан, не находится в залоге и на него отсутствуют какие-либо обременения. |
| 2.3    Subject to the provisions of this Agreement Seller shall transfer to Purchaser upon Delivery the title on aircraft, free and clear of any rights of third parties. | 2.3    Согласно статьям настоящего Договора, Продавец передаёт Покупателю при Поставке право собственности на воздушное судно, свободное и чистое от каких-либо прав третьих лиц. |
| 2.4    Aircraft shall be passed under act of acceptance-transfer, executed in accordance with the Attachment No. 2, in completeness according to the accompanying technical documentation. | 2.4.    Воздушное судно передаётся по акту приема-передачи, оформленным в соответствии с Приложением № 2, в комплектации согласно сопроводительной технической документации. |
| 2.5    Title on aircraft shall be transferred to Purchaser upon receiving the money on currency account of Participant and signing the Act of acceptance-transfer for aircraft by it under paragraph 4.3 of this Agreement. | 2.5.    Право собственности на воздушное судно переходит к Покупателю после поступления денежных средств на валютный счет Участника согласно пункту 4.3. настоящего Договора и подписания им акта приема-передачи каждого воздушного судна. |

| 3. GENERAL PROVISIONS | 3. ОБЩИЕ ПОЛОЖЕНИЯ |
|---|---|
| 3.1 This Agreement, including Attachments to it, constitutes the entire agreement, which cancels and prevails over any previous understandings, agreements or decisions, whether oral or written, between the Parties with respect to the subject matter of the Aircraft.<br><br>Attachments to this Agreement are its integral part and have equal legal effect with it. | 3.1. Настоящий Договор, включая Приложения к нему, представляет собой полное соглашение, которое отменяет и превалирует над всеми предыдущими договоренностями, соглашениями или решениями, устными или письменными, между Сторонами относительно предмета настоящего Договора. Приложения к настоящему Договору являются его неотъемлемой частью и имеют одинаковую с ним юридическую силу. |
| 3.2 All terms and conditions of this Agreement are binding on and are applied to the Parties, their relevant legal successors or persons, to whom corresponding rights and/or obligations of the Parties may be assigned under mutual consent between the Parties. | 3.2 Все положения и условия настоящего Договора имеют обязательный характер и применяются по отношению к Сторонам, их соответствующим правопреемникам или лицам, которым по взаимному согласованию между Сторонами могут быть переданы их соответствующие права и/или обязательства. |
| 3.3 Neither Seller, nor Purchaser may assign the rights and obligations under this agreement in whole or partially without prior written consent of other Parties. Assignment of the rights and obligations, made with breach of terms of this Agreement, shall be considered as invalid and illegal. Non-agreed assignment of whole or any part of rights under this Agreement shall not discharge assigning Party from obligations under this Agreement unless such discharge was expressly submitted in written by other Parties. | 3.3 Ни Продавец, ни Покупатель, ни Участник не могут передавать полностью или частично права и обязательства по настоящему Договору без предварительного письменного согласия других Сторон. Передача прав и обязательств, осуществленная с нарушением условий настоящего Договора, признается не действительной и не имеющей юридической силы. Не согласованная, не запланированная передача всех или какой-либо части прав по настоящему Договору не освобождает передающую Сторону от обязательств по настоящему Договору, если такое освобождение от обязательств не было явным образом в письменной форме предоставлено другими Сторонами. |
| 3.4 This Agreement shall become effective upon its signing by the Parties and registration in authorized bodies of the Republic of Uzbekistan and shall be valid till full performing the obligations by the Parties. | 3.4. Настоящий Договор вступает в силу с момента его подписания Сторонами и регистрации в уполномоченных органах Республики Узбекистан и действует до полного выполнения обязательств Сторонами. |
| 3.5 The Parties have agreed that all correspondence under this Agreement shall be made in Russian and English. | 3.5 Стороны пришли к соглашению, что документооборот по исполнению Сторонами условий настоящего Договора составляется на русском и английском языках. |

AR 0281

| | |
|---|---|
| 3.6   This Agreement and its Attachments, being its integral part, are executed in Russian and English in three counterparts, having equal legal effect, one counterpart for each Party. In the case of any discrepancies between texts in Russian and English the text in Russian shall prevail. | 3.6   Настоящий Договор и Приложения к нему, являющиеся его неотъемлемой частью, составлены на русском и английском языках в трех экземплярах, имеющих одинаковую юридическую силу, по одному экземпляру для каждой из Сторон. В случае разногласий между русским и английским языком, текст на русском языке имеет преимущественную силу. |
| 3.7   Amendments, addendums to this Agreement shall be only valid, if they are executed in written, signed by authorized representatives of the Parties and registered according to the paragraph 3.4 of this Agreement. | 3.7   Изменения, дополнения к настоящему Договору будут действительны только в том случае, если составлены в письменной форме и подписаны полномочными представителями всех Сторон и зарегистрированы в соответствии с пунктом 3.4. настоящего Договора. |
| 3.8   Participant's obligation to deliver aircraft shall be conditional on satisfaction its preliminary conditions with Purchaser. | 3.8   Обязательство Участника поставить воздушное судно обусловлено выполнением его предварительной договоренности с Покупателем. |
| 3.9   Purchaser has agreed to take commercially reasonable efforts to perform preliminary conditions with Participant. | 3.9   Покупатель соглашается предпринять коммерчески обоснованные усилия для обеспечения выполнения предварительной договорённости с Участником. |
| 3.10   Purchaser's obligation to accept aircraft delivery in condition "as is, where is" shall be conditional on satisfaction its preliminary conditions with Seller and Participant. | 3.10   Обязательство Покупателя принять поставку воздушного судна в состоянии «как есть, где есть» обусловлено выполнением его предварительной договоренности с Продавцом и Участником. |
| 3.11   Participant has agreed to take commercially reasonable efforts to perform preliminary conditions with Purchaser. | 3.11   Участник соглашается предпринять коммерчески обоснованные усилия для обеспечения выполнения предварительной договорённости с Покупателем. |
| **4. PRICE AND PAYMENT ORDER** | **4. ВЫКУПНАЯ ЦЕНА И ПОРЯДОК ЕЁ ОПЛАТЫ** |
| 4.1   Price of aircraft in total is indicated in Attachments No. 1 of this Agreement and shall be transferred to the currency account of the Participant under terms of this Agreement. | 4.1   Выкупная цена за воздушное судно в целом указана в Приложении №1 настоящего Договора и должна быть переведена на валютный счет Участника в соответствии с условиями настоящего Договора. |
| 4.2   Price of aircraft is the following: A-310 MSN 706 – 2,000,000.00 US dollars; | 4.2   Выкупная цена воздушного судна составляет: А-310 заводской № 706 - 2 000 000 долларов США; |

| | |
|---|---|
| 4.3    In accordance with provisions of this Agreement, after signing of it by the Parties, registration in authorized bodies of the Republic of Uzbekistan and after becoming effective under paragraph 3.4, the Payer shall make inspection of aircraft and signs the acts of technical inspection of aircraft. During 10 business days Payer shall make 100% direct advance payment to the currency account of the NAC "Uzbekistan Airways". | 4.3    В соответствии с положениями настоящего Договора, после подписания Сторонами настоящего Договора, регистрации его в уполномоченных органах Республики Узбекистан и, после вступления Договора в силу в соответствии с п.3.4., Покупатель производит осмотр воздушного судна и подписывает Акт технического осмотра воздушного судна, и в течение 10 рабочих дней, с даты подписания данного Акта, осуществляет 100% предоплату в виде прямого платёжа на валютный счет НАК «Узбекистон хаво йуллари». |
| 4.4    Net amount of payment for aircraft shall be transferred to the currency account of the Participant in US Dollars. | 4.4    Чистая сумма выкупного платежа за воздушное судно должна быть переведена в Долларах США на банковский счет Участника. |
| 4.5    Purchaser shall reimburse Participant for any expenses related to assessment and expertise of assessment of aircraft in amount 3655 US dollars as well as amount for payment of custom procedures within the territory of the Republic of Uzbekistan in amount of 0,1% of customs valuation on the date of payment. | 4.5.    Покупатель возмещает Участнику расходы Участника, связанные с оценкой и экспертизой оценки воздушных судов в размере 3 462,07 долларов США, а также сумму по оплате таможенных процедур на территории Республики Узбекистан в размере 0,1% от таможенной стоимости на день оплаты. |
| 4.6    Date of money receiving on the currency account of the Participant shall be considered as date of payment. | 4.6.    Датой оплаты считается дата поступления денежных средств на валютный счет Участника. |
| **5. SELLER'S OBLIGATIONS** | **5   ОБЯЗАТЕЛЬСТВА ПРОДАВЦА** |
| 5.1    Seller undertakes to make registration of this Agreement. | 5.1    Продавец обязуется произвести регистрацию настоящего Договора. |
| **6. PURCHASER'S RIGHTS AND OBLIGATIONS** | **6. ПРАВА И ОБЯЗАТЕЛЬСТВА ПОКУПАТЕЛЯ** |
| 6.1    Purchaser or its representatives shall have the right for "preliminary inspection" of aircraft before inspection of its technical condition and before date of Delivery to confirm compliance with uninterrupted performing the regulation on aircraft storage at the moment of Delivery. | 6.1    Покупатель или его представители имеют право произвести "предварительный осмотр" воздушного судна до проведения инспекции его технического состояния и до даты Поставки, чтобы подтвердить соблюдение беспрерывного выполнения регламентов по хранению воздушного судна на момент Поставки. |
| 6.2    After execution of this Agreement Purchaser shall have the right for its own account to make inspection of technical condition of aircraft on or before the date of Delivery to receive evidence that aircraft satisfies the terms of Delivery. Such inspection shall be performed during 10 days from the | 6.2    После подписания настоящего договора, Покупатель за свой счет имеет право произвести инспекцию технического состояния воздушного судна на момент или до даты Поставки, чтобы убедиться, что воздушное судно соответствует условиям Поставки. Такая инспекция |

AR 0283

| | |
|---|---|
| date and in such place that shall be agreed by the Participant and Purchaser. | будет проведена в течение 10 дней с момента и в том месте, которые согласуют Участник и Покупатель. |
| Inspection shall include: | Инспекция должна включать: |
| 1.  physical inspection of technical documentation of aircraft; | 1.  физическую инспекцию технической документации на воздушное судно; |
| 2.  physical inspection of aircraft: | 2.  физическую инспекцию воздушного судна: |
| (a) performing full video-inspection by baroscopic (A) high-pressure compressors and low-pressure compressors and (B) turbine zone of engine as well as full; | (a) выполнение полной видео-инспекции бароскопом (A) компрессоров низкого и высокого давления и (B) зоны турбины двигателей; |
| (b) engines starting in accordance with relevant maintenance manual; | (b) выполнение запусков двигателей в соответствии с применимым руководством по техническому обслуживанию; |
| (c) aircraft checking on presence of structural repairs and compliance of these repairs with Manufacturer's manual on structural repairs or Manufacturer's recommendations, as applicable; | (c) проверку воздушного судна на наличие структурных ремонтов и соответствие указанных ремонтов Руководству изготовителя по структурным ремонтам или Рекомендациям изготовителя, как применимо; |
| 6.3   If results of inspection are unsatisfied, then Purchaser on its own and sole discretion during ten (10) days shall make decision and notify the Seller about the fact that Purchaser will not purchase aircraft and cancels this Agreement. | 6.3   При неудовлетворительных результатах инспекции, по единоличному и исключительному решению Покупателя, Покупатель имеет десять (10) рабочих дней для принятия решения и извещения Продавца о том, что Покупатель не будет покупать воздушное судно и прерывает настоящий Договор. |
| 6.4   Purchaser shall indemnify and hold Participant, its directors, officers, employees, agents and subcontractors harmless from any claims and losses resulted from death or body injury of some representative or employee of Purchaser in connection with any demonstrative flight or aircraft inspection under this Agreement unless they are caused by gross negligence or willful carelessness of Participant. | 6.4   Покупатель возместит и будет поддерживать освобождение Участника, его директоров, руководителей, работников, агентов и субподрядчиков от всех исков и потерь, возникших из-за смерти или травмы какого-либо представителя или работника Покупателя в связи с каким-либо демонстрационным полетом или инспекцией воздушного судна, согласно данному Договору, если только они не вызваны грубой небрежностью или намеренной халатностью Участника. |
| 6.5   Purchaser shall make payment in amount of aircraft price as well as penalties (if any) in order and in form provided for in paragraphs 4.3 and 11.3 of this Agreement. | 6.5   Покупатель производит оплату в размере выкупного платежа за воздушное судно, а также пени, в случае их возникновения, в порядке и в сроки, предусмотренные пунктами 4.3 и 11.3 настоящего Договора. |

| | |
|---|---|
| 6.6 Purchaser shall reimburse the expenses of Participant, indicated in paragraph 4.5 of this Agreement during ten (10) business days from the moment of invoice receiving. | 6.6 Покупатель возмещает в течение 10 (десяти) рабочих дней с момента получения выставленных счетов расходы Участника, указанные в пункте 4.5. настоящего Договора. |
| 6.7 Purchaser shall make acceptance of aircraft and its technical documentation under this Agreement. Results of acceptance-transfer of aircraft shall be executed in form of Act of acceptance-transfer, signed by the Participant and Purchaser. | 6.7 Покупатель, на условиях настоящего Договора осуществляет приемку воздушного судна и его технической документации. Результаты приема-передачи воздушного судна оформляются двусторонним Актом приема-передачи, подписанным Участником и Покупателем. |
| 6.8 Purchaser shall bear all risks of loss, damage, technical condition and completeness of aircraft upon transferring the aircraft to the possession of Purchaser. | 6.8 Покупатель несёт все риски утраты, повреждения, технического состояния и комплектности воздушного суда с момента перехода воздушного судна в собственность Покупателя. |
| 6.9 Purchaser shall in its own account obtain official permissions, perform all customs formalities needed for aircraft import to the Purchaser's country. | 6.9 Покупатель за свой счет получает официальные разрешения, выполняет все таможенные формальности, необходимые для ввоза воздушного судна в страну Покупателя. |
| **7. RIGHTS AND OBLIGATIONS OF PARTICIPANT** | **7. ПРАВА И ОБЯЗАТЕЛЬСТВА УЧАСТНИКА ДОГОВОРА** |
| 7.1 Before signing this Agreement the Participant together with Purchaser shall make preliminary inspection of aircraft. | 7.1 Участник совместно с Покупателем до момента подписания настоящего Договора произведёт осмотр воздушного судна |
| 7.2 Participant shall agree with Purchaser the date and time of inspection of technical condition of aircraft by Purchaser's representatives as well as assist in its implementation during 10 next days. | 7.2 Участник согласует с Покупателем дату и время проведения представителями Покупателя инспекции технического состояния воздушного судна, а также окажет содействие в её проведении в течение 10 последующих дней. |
| 7.3 Participant shall agree with Purchaser the date of Delivery of aircraft and transfer the aircraft to Purchaser with execution of the Act of acceptance-transfer for aircraft as well as pass accompanying technical documentation and other documents and documents needed for Purchaser for customs clearance and registration of aircraft in the country of importation. | 7.3 Участник согласует с Покупателем дату Поставки воздушного судна и передаст Покупателю воздушное судно с оформлением Акта приема-передачи на воздушное судно, а также передаст сопроводительную техническую документацию и иные документы, а также документы, необходимые Покупателю для таможенной очистки и регистрации воздушного судна в стране ввоза. |
| 7.4 Participant shall have ten (10) business days from submitting the written application by Purchaser for consideration of discrepancies found by Purchaser during technical inspection | 7.4 Участник имеет десять (10) рабочих дней, с момента предъявления Покупателем письменного заявления, для рассмотрения недостатков выявленных Покупателем в |

| | |
|---|---|
| of aircraft and giving notification to Purchaser about its decision either (a) to rectify defects on account of Participant or (b) to decline the requirement on defects fixing and terminate this Agreement. | ходе технической инспекции воздушного судна и извещения Покупателя о принятом решении Участника: (а) устранить выявленные недостатки за счет Участника; или (b) отклонить требование по устранению выявленных недостатков или прервать настоящий Договор. |
| 7.5   Participant shall fix defects found by Purchaser during inspection of aircraft at its transfer during twenty (20) calendar days. | 7.5   Участник устранит недостатки, выявленные Покупателем в ходе технической инспекции воздушного судна при его передаче в течение 20 (двадцати) календарных дней. |
| 7.6   Participant shall provide performing of all formalities (including customs procedures), set for aircraft export from the country of Seller. | 7.6   Участник обеспечит выполнение всех формальностей (в том числе таможенных процедур), установленных при вывозе воздушного суда из страны Продавца. |
| 7.7   Participant shall inform Purchaser in writing during four (4) days about registration of this Agreement in authorized bodies of the Republic of Uzbekistan. | 7.7   Участник в 4-х дневной срок письменно уведомит Покупателя о регистрации настоящего Договора в уполномоченных органах Республики Узбекистан. |
| 7.8   Participant shall indemnify and hold Purchaser, its directors, officers, employees, agents and subcontractors harmless from any claims and losses resulted from death or body injury of some representative or employee of Participant in connection with any demonstrative flight or aircraft inspection under this Agreement unless they are caused by gross negligence or willful carelessness of Purchaser. | 7.8   Участник возместит и будет поддерживать освобождение Покупателя, его директоров, руководителей, работников, агентов и субподрядчиков от всех исков и потерь, возникших из-за смерти или травмы какого-либо представителя или работника Участника в связи с каким-либо демонстрационным полетом или инспекцией воздушного судна согласно данному Договору, если только они не вызваны грубой небрежностью или намеренной халатностью Покупателя. |
| **8. TERMS AND DATES OF AIRCRAFT TRANSFERRING** | **8. УСЛОВИЯ И СРОКИ ПЕРЕДАЧИ ВОЗДУШНЫХ СУДОВ** |
| 8.1   Transfer of aircraft shall be performed by Participant on the terms "FCA – International airport Tashkent", Republic of Uzbekistan in accordance with "Incoterms-2010" | 8.1.   Передача воздушного судна будет осуществлена Участником на условиях «FCA – Международный аэропорт «Ташкент», Республика Узбекистан, в соответствии с «Инкотермс-2010». |
| 8.2   Date of signing the Act of acceptance-transfer of aircraft by representatives of Participant and Purchaser shall be considered as date of aircraft transfer. | 8.2   Датой передачи воздушного суда считается дата подписания Акта приема-передачи представителями Участника и Покупателя. |
| 8.3   Act of acceptance-transfer of aircraft shall be signed by Participant and Purchaser | 8.3   Акт приёма-передачи воздушного судна подписывается Участником и |

| | |
|---|---|
| after technical inspection of aircraft and fixing the found discrepancies by Participant. | Покупателем после проведения его технического осмотра и устранения Участником выявленных несоответствий. |
| 8.4    Fixing the discrepancies found during technical inspection of aircraft shall be performed by Participant during twenty (20) calendar days. | 8.4    Устранение недостатков, выявленных в ходе технической инспекции воздушного судна, будет осуществлено Участником в течение '20 (двадцати) календарных дней. |
| 8.5    Purchaser's representative shall have originals of power of attorney (in three exemplars) for aircraft obtaining and signing the Act of acceptance-transfer. | 8.5    Представитель Покупателя должен иметь оригиналы доверенности в трех экземплярах на право ' получения воздушного суда и подписания Акта приема-передачи. |
| 8.6    Risk of accidental loss or accidental damage of aircraft shall pass from Participant to Purchaser upon transferring the aircraft to the possession of Purchaser. | 8.6    Риск случайной утраты или случайного повреждения воздушного судна переходит от Участника к Покупателю с момента перехода воздушного судна в собственность Покупателя. |
| 8.7    In the place of acceptance-transfer of aircraft Purchaser on its own account shall make decoding on its own account shall make decoding and remove registration and state marks in accordance with Aviation rules of the Republic of Uzbekistan unless otherwise agreed by the Parties. | 8.7    В пункте приема-передачи воздушного суда Покупатель за свой счет производит раскодировку необходимого оборудования и удаляет регистрационные, государственные опознавательные знаки и символики в соответствии с Авиационными правилами Республики Узбекистан, если иное не согласовано Сторонами. |
| **9. TECHNICAL DOCUMENTATION** | **9    ТЕХНИЧЕСКАЯ ДОКУМЕНТАЦИЯ** |
| 9.1    Technical documentation (logbooks, passports etc.) for aircraft, power unit, aggregates and componentry as well as additional equipment shall be properly executed and passed by Participant to Purchaser in whole volume. | 9.1    Техническая документация (формуляры, паспорта и т.д.) на воздушное судно, силовые установки, агрегаты и комплектующие изделия, а также дополнительное оборудование должна быть оформлена соответствующим образом и передана Участником Покупателю в полном объёме. |
| 9.2    Technical documentation shall contain all exploitation records, executed in established order, total operating time for aircraft, engines, units and aggregates as well as signatures and seals of operating enterprisés. | 9.2    Техническая документация должна содержать все эксплуатационные записи, оформленные в установленном порядке, итоговые наработки воздушного судна, двигателей, узлов и агрегатов, а также подписи и печати эксплуатационных предприятий. |
| 9.3    Passing the documentation shall be recorded in the Act of acceptance-transfer. | 9.3    Передача документации отражается в Акте приема-передачи. |
| **10 PARTIES' GUARANTEES** | **10 ГАРАНТИИ СТОРОН** |
| 10.1    Each Party has all rights and authorities and has undertaken all necessary actions .in | 10.1    Каждая из Сторон располагает всеми правами и полномочиями и предприняла |

AR 0287

| | |
|---|---|
| accordance with its articles of association within the legislation in force for execution and performing this Agreement and for successful fulfillment of other actions provided for by this Agreement. | все необходимые действия в соответствии со своими учредительными документами в рамках действующего законодательства для выполнения и оформления настоящего Договора, а также для успешного выполнения иных действий, предусмотренных настоящим Договором. |
| 10.2   This Agreement is the legally executed instrument, valid and binding for fulfillment for each Parties and has legal force for each Parties in accordance with its provisions. | 10.2   Настоящий Договор является юридически оформленным документом, действующим и обязательным к выполнению для каждой из Сторон и имеет юридическую силу в отношении каждой из Сторон в соответствии с его положениями. |
| 10.3   Purchaser confirms and ensures Seller and Participant that at date of signing this Agreement: | 10.3 Покупатель подтверждает и гарантирует Продавцу и Участнику, что на дату подписания настоящего Договора: |
| a) it is independent legal entity, properly established under the legislation of Russian Federation, and will carry out its activity regarding purchased aircraft according to the current legislation of state of registration; | а) он является независимым юридическим лицом, надлежащим образом организованным по законодательству Российской Федерации, и будет осуществлять свою деятельность в отношении приобретаемого воздушного судна по действующему законодательству страны регистрации; |
| b) persons, signing this Agreement on behalf of Purchaser, have been duly authorized; | б) лица, подписывающие настоящий Договор от имени Покупателя, являются надлежащим образом уполномоченными; |
| c) it is not in process of any reorganization and doesn't assume the same that may materially adversely affect its relevant financial position or ability of Purchaser to perform obligations, set in this Agreement; | в) он не находится в процессе какой-либо реорганизации или не предполагает таковую, которая могла бы существенно и неблагоприятно отразиться на его соответствующем финансовом положении или способности Покупателя выполнять обязательства, указанные в настоящем Договоре; |
| d) it has received all permissions of necessary governmental bodies in order to legally and efficiently carry out its business, and information advised to Seller regarding legal status of Purchaser is full and reliable. | г) он располагает всеми одобрениями всех необходимых государственных органов для того, чтобы законно и эффективно вести свою хозяйственную деятельность, а информация, сообщенная Продавцу в отношении правового статуса Покупателя, является полной и достоверной. |

| | |
|---|---|
| 10.4    Seller and Participant confirm and ensure Purchaser that at date of signing this Agreement: | 10.4.    Продавец и Участник подтверждают и гарантируют Покупателю, что на дату подписания настоящего Договора: |
| they are independent legal entity, properly established under the legislation of the Republic of Uzbekistan, and will carry out its activity regarding aircraft according to the current legislation of the Republic of Uzbekistan;<br><br>persons, signing this Agreement on behalf of Purchaser, have been duly authorized;<br><br>they are not in process of any reorganization and don't assume the same that may materially adversely affect its relevant financial position or ability of Seller and Participant to perform obligations, set in this Agreement;<br><br>they have received all permissions of necessary governmental bodies in order to legally and efficiently carry out their business, and information advised to Purchaser regarding legal status of Seller and Participant is full and reliable. | а) они являются независимыми юридическими лицами, надлежащим образом организованными по законодательству Республики Узбекистан, и будут осуществлять свою деятельность в отношении воздушного судна по действующему законодательству Республики Узбекистан;<br>б) лица, подписывающие настоящий договор от имени Продавца и Участника, являются надлежащим образом уполномоченными;<br>в) они не находятся в процессе какой-либо реорганизации или не предполагается таковая, которая могла бы существенно и неблагоприятно отразиться на их соответствующем финансовом положении или способности Продавца и Участника выполнять обязательства, указанные в настоящем Договоре;<br>г) они располагают всеми одобрениями всех необходимых государственных органов для того, чтобы законно и эффективно вести свою хозяйственную деятельность, а информация, сообщенная Покупателю в отношении правового статуса Продавца и Участника, является полной и достоверной. |
| 10.5    Parties mutually undertake to refrain from any actions that may result in situation when the Parties' Guarantees are not reliable or won't be performed. | 10.5.    Стороны принимают взаимные обязательства воздерживаться от совершения каких-либо действий, вследствие которых Гарантии Сторон не будут являться истинными или не будут выполнены. |

| | |
|---|---|
| **11. RESPONSIBILITY OF THE PARTIES FOR BREACH OF OBLIGATION UNDER AGREEMENT** | **11.    ОТВЕТСТВЕННОСТЬ СТОРОН ЗА НАРУШЕНИЕ ДОГОВОРНЫХ ОБЯЗАТЕЛЬСТВ** |
| 11.1  The  Party  unreasonably  avoid performing  its  obligations  under  this Agreement, shall reimburse other Party all losses caused by this fact and documentary confirmed. | 11.1.  Сторона,  необоснованно уклоняющаяся  от  исполнения  своих обязательств  по  настоящему  Договору, должна  возместить  другой  Стороне  все возникающие  от  этого  документально подтвержденные убытки. |



| | |
|---|---|
| 11.2   If after signing this Agreement any Party can't or doesn't comply with its obligation under this Agreement or if in any time after signing this Agreement any Party has known about any fact or event which shows that any Guarantee, set in this Agreement is incorrect or misleading or any obligation of the Parties was not or won't be observed, then in such cases the Party suffered shall have the right to judicially require invalidation or termination of this Agreement and payment of damages. | 11.2   Если после подписания настоящего Договора одна из Сторон не смогла или не соблюдает все свои обязательства по настоящему Договору или, если в любое время после подписания настоящего Договора одной из Сторон становится известно о каком-либо факте или событии, которое показывает, что какая-либо Гарантия, изложенная в настоящем Договоре, является неверной или вводящей в заблуждение или, что какое-либо обязательство Сторон не было·или не будет соблюдено, то в любом таком случае потерпевшая Сторона вправе требовать признания недействительным или расторжения настоящего Договора в судебном порядке и · возмещения понесенных убытков. |
| 11.3   In the case of late payments of aircraft price by Purchaser and reimbursement of expenses of Participant in accordance with paragraphs 4.3 and 4.5 of this Agreement Purchaser shall pay Participant the penalties in amount of 0.4% of outstanding payment per day of delay, but no more than 50% of outstanding amount. If Purchaser doesn't make payment of aircraft price and Participant' expenses, including penalties (if any) during three months after date, provided for in paragraphs 4.3 and 4.5, then Seller and Participant shall have the right to terminate this Agreement in established order. | 11.3   В случае несвоевременной оплаты Покупателем выкупного платежа и возмещения расходов Участника в соответствии с пунктами 4.3. и 4.5. настоящего Договора, Покупатель уплачи-вает Участнику пеню в размере 0,4% от суммы просроченного платежа за каждый день просрочки, но не более 50% суммы просроченного платежа. При этом если Покупателем в течение трех месяцев после окончания предусмотренного пунктами 4.3. и 4.5. срока не будет оплачен выкупной платеж и расходы Участника, а также пени (в случае возникновения), то Продавец и Участник вправе расторгнуть настоящий Договор в установленном порядке. |
| 11.4   In the case of Agreement termination due to Purchaser's break the amounts previously paid in aircraft price by Purchaser under this Agreement shall be returned by Participant to the Purchaser. At the same time Participant shall have the right to apply penalty in amount of 15% of aircraft price. Aircraft shall be returned to Participant by Purchaser. | 11.4   В случае расторжения настоящего Договора по инициативе Покупателя средства, ранее перечисленные Покупателем в счет оплаты выкупного платежа по настоящему Договору, возвращаются Участником Покупателю. При этом Участник применяет штраф в размере 15% от суммы выкупных платежей. Воздушное судно возвращается Покупателем Участнику. |
| 11.5   In the case of Agreement termination due to Purchaser's break the expense of Participant mentioned in paragraph 4.5 of this Agreement are not to be returned. | 11.5   В случае расторжения настоящего Договора по инициативе Покупателя расходы Участника, указанные в пункте 4.5. настоящего Договора, возврату не подлежат. |
| 11.6   Payment of penalty for non-fulfilment or improper fulfilment of provisions of this Agreement by the Parties shall not release | 11.6   Уплата неустойки за неисполнение или ненадлежащее исполнение Сторонами условий настоящего Договора не |

| | |
|---|---|
| Party in fault from performing obligations undertaken under this Agreement. | освобождает виновную Сторону от исполнения принятых на себя по Договору обязательств. |

| | |
|---|---|
| **12. APPLICABLE LAW, DISPUTE RESOLUTION** | **12 ПРИМЕНИМОЕ ПРАВО, РАЗРЕШЕНИЕ СПОРОВ** |
| 12.1   The law of the Republic of Uzbekistan is recognized as the governing law regarding possible disputes under this Agreement. | 12.1. Применимым правом в отношении возможных споров по настоящему договору Стороны признают право Республики Узбекистан. |
| 12.2   Any disputes, controversy or claims arisen out of or related to this Agreement or breach, termination or invalidation of this Agreement in the case of impossibility to reach mutual arrangement shall be considered in the courts of the Republic of Uzbekistan in accordance with the legislation of the Republic of Uzbekistan. Parties have undertaken to assume all necessary measures for resolving possible discrepancies through negotiations, submitting written claims before applying to court of justice. | 12.2. Любые споры, разногласия или претензии, возникающие или относящиеся к настоящему Договору, либо нарушение, прекращение действия или недействительность настоящего Договора, в случае невозможности достижения взаимной договоренности, рассматриваются в судах Республики Узбекистан в соответствии с законодательством Республики Узбекистан. Стороны берут на себя обязательства принять все необходимые меры для рассмотрения возможных разногласий путем переговоров, предъявления письменных претензий перед обращением в судебные органы. |
| 12.3   Existence of dispute, controversies or claims, as well as impending legal proceedings shall not release any Party from fulfilment of its relevant obligations under this Agreement by it. | 12.3 Наличие спора, разногласий или претензий, равно как и предстоящее рассмотрение дела в суде не освобождает ни одну из Сторон от выполнения ею соответствующих обязательств в соответствии с настоящим Договором. |
| 12.4   Claiming order of pre-trial consideration of dispute is mandatory. Period of reply on claim received is equal 30 calendar days. | 12.4 Претензионный порядок досудебного рассмотрения спора является обязательным. Срок ответа на полученную претензию – 30 календарных дней. |
| 12.5   On matters arisen at performing, amendment or termination of this Agreement and not provided for in this Agreement the Parties shall be guided by current legislation of the Republic of Uzbekistan. | 12.5 В вопросах, возникающих при исполнении, изменении либо расторжении настоящего Договора и не предусмотренных настоящим Договором, Стороны руководствуются действующим законодательством Республики Узбекистан. |
| **13. FORCE MAJEURE** | **13 ФОРС-МАЖОР** |
| 13.1   Neither Party bears responsibility before other ones for non-fulfilment of obligations due to events of force majeure, caused by circumstances arisen without Parties' will and desire, which might not be foreseen or avoid, including declared or actual war, civil strife, epidemic, embargo, earthquake, flood, fires and other Acts of God. | 13.1 Ни одна из Сторон не несет ответственности перед другой Стороной за невыполнение обязательств вследствие событий непреодолимой силы, обусловленных обстоятельствами, возникшими помимо воли и желания Сторон, которые нельзя предвидеть или избежать, включая объявленную или фактическую войну, |

| | гражданские волнения, эпидемии, блокаду, эмбарго, землетрясения, наводнения, пожары и другие стихийные бедствия. |
|---|---|
| 13.2 Certificate issued by relevant authorized body of state of the Party is sufficient confirmation of existence and duration of event of force majeure. | 13.2. Свидетельство, выданное соответствующим и уполномоченным органом государства Стороны Договора, является достаточным подтверждением наличия и продолжительности действия события непреодолимой силы. |
| 13.3 Party that doesn't perform its obligations shall during thirty (30) days give the notice about restriction and its influence on obligations fulfilment under Agreement to other Parties. | 13.3 Сторона, которая не исполняет своего обязательства, должна, в течение 30 (тридцати) дать другой, Стороне письменное извещение дней о препятствии и его влиянии на исполнение обязательств по Договору. |
| 13.4 If force majeure circumstances exist during three (3) successive months and don't show cessation signs, then this Agreement may be terminated by the Parties through giving the notice to other Parties. | 13.4 Если обстоятельства непреодолимой силы действуют на протяжении 3 (трех) последовательных месяцев и не обнаруживают признаков прекращения, настоящий Договор может быть расторгнут Сторонами путем направления уведомления другой Стороне. |

| 14 LEGAL ADDRESSES, REQUISITES AND SIGNATURES OF THE PARTIES | 14.   ЮРИДИЧЕСКИЕ АДРЕСА, РЕКВИЗИТЫ И ПОДПИСИ СТОРОН |
|---|---|
| **SELLER** | **ПРОДАВЕЦ** |
| State committee of the Republic of Uzbekistan for privatization, demonopolization and development of competition | Государственный комитет Республики Узбекистан по приватизации, демонополизации и развитию конкуренции |
| 55, Uzbekistan avenue, Tashkent, 100003, Republic of Uzbekistan, | Республика Узбекистан 100003, г. Ташкент, пр. Узбекистанский, 55 |
| Currency account ▓▓▓▓▓9002 | Валютный счет: ▓▓▓▓▓▓9002 |
| RKC Main Tashkent city branch of the Central bank of the Republic of Uzbekistan | РКЦ Главное Ташкентское городское управление Центрального Банка РУз, |
| Bank code 00014, Individual Number of tax Payer ▓▓▓▓▓ | код 00014, ИНН ▓▓▓▓▓▓ |
| First Deputy Chairman | Первый заместитель председателя |
| S.X.Gafarov | Гафаров С.Х |
| Company seal | |

| **PURCHASER** | **ПОКУПАТЕЛЬ** |
|---|---|
| "RUSAVIAINVEST" Ltd. | ООО «РУСАВИАИНВЕСТ» |
| 25, 1st Soviet side street, Shchelkovo, Moscow, 141100 Russia, | 141100 Россия, г. Москва, Щелково, 1-й Советский переулок, 25, |
| Тел (+7 495) 777-18-70, факс (+7 495) 544-43-75 | Тел (+7 495) 777-18-70, факс (+7 495) 544-43-75 |
| rusaviainvest@mail.ru | rusaviainvest@mail.ru |
| CORRESPONDENT BANK: JPMORGAN CHASE BANK N.A, NEW YORK, NY, USA | CORRESPONDENT BANK: JPMORGAN CHASE BANK N.A, NEW YORK, NY, USA |
| SWIFT: CHASUS33XXX | SWIFT: CHASUS33XXX |
| ACCOUNT WITH CORRESPONDENT BANK: ▓▓▓0991 | ACCOUNT WITH CORRESPONDENT BANK: ▓▓▓0991 |
| BENEFICIARY'S BANK: ABSOLUT BANK, MOSCOW, RUSSIA SWIFT: ABSLRUMM | BENEFICIARY'S BANK: ABSOLUT BANK, MOSCOW, RUSSIA SWIFT: ABSLRUMM |
| BENEFICIARY'S ACCOUNT.: ▓▓▓3843 | BENEFICIARY'S ACCOUNT.: ▓▓▓3843 |
| Director General | Генеральный директор |
| A.K.Vorobyev | Воробьёв А.К. |
| Company seal | м.п. |





| PARTICIPANT | УЧАСТНИК |
|---|---|
| **National air company of the Republic of Uzbekistan "Uzbekistan Airways"** | **НАК «Узбекистон хаво йуллари»** |
| 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan | Республика Узбекистан, 100060 г. Ташкент пр. Амира Темура 41. |
| Individual Number of tax Payer ████ | ИНН ████ |
| ОКРО ████ | ОКРО ████ |
| OKONX | ОКОНХ |
| Currency account: ████ 7030 | Валютный счет: ████ 7030 |
| Central operation branch of the National Bank for Foreign Economic Activity of the Republic of Uzbekistan | Центральный операционный отдел Национального банка ВЭД Республики Узбекистан |
| Bank code: 00882 | Код банка: 00882 |
| SWIFT : NBFAUZ2X | SWIFT: NBFAUZ2X |
| Director General | Генеральный директор |
| Company seal | ████ Гул В.Н. м ████ |

Приложение №1
к Договору купли-продажи
от «27» 10 2016г. № 2

воздушное судно НАК «Узбекистон хаво йуллари», подлежащее реализации
ООО «РУСАВИАИНВЕСТ»

| | Тип воздушного судна и авиационных двигателей | Бортовой номер | Заводской номер | Дата выпуска | Стоимость в долл. США |
|---|---|---|---|---|---|
| 1 | Воздушное судно   А-310 ТН-ВЭД код | UK 31003 | 706 | 1998 | 2 000 000 |
| | Авиационный двигатель PW-4152 ТН-ВЭД код | | Р724942 | 1998 | |
| | Авиационный двигатель   PW-4152 ТН-ВЭД код | | Р724943 | 1998 | |
| | Силовая установка  GTCP-331-250 ТН-ВЭД код | | Р-1318 | 1992 | |

AR 0295

Приложение №2
к Договору купли-продажи
от «24» 1с 2016г. № 2

**А К Т**
**приёма-передачи**

воздушного судна Airbus  A-310-324
серийный номер изготовителя  706

**ООО «РУСАВИАИНВЕСТ» (Покупатель)** настоящим подтверждает, что согласно настоящему Договору №_____от « » _____ 2016 года между НАК **«Узбекистон хаво йуллари» (Участник)** и **ООО «РУСАВИАИНВЕСТ» (Покупатель)** в отношении воздушного судна A-310-324 UK 31003:

    **(a)**    Покупатель провел инспекцию воздушного судна, и воздушное судно соответствует описанию и находится в таком техническом состоянии и так оборудовано, как требуют условия настоящего Договора;

    **(b)**    Участник передал воздушное судно;

    **(c)**    Покупатель принял воздушное судно;

    **(d)**    Покупатель получил всю техническую документацию по воздушному судну, провел ее инспекцию и убедился в ее полноте и удовлетворительности.

    **(e)**    Местом Поставки является Международный аэропорт «Ташкент» и дата Поставки - « » _____2016 год.

Дата  « »_____ 2016 года

от Участника:                                      от Покупателя:

_____ /Тян В.Н. /                        _____/Воробьёв А.К./
    м.п.                                                           м.п.

Приложение №3
к Договору купли-продажи
от «27» 10 2016г. № 2

## Описание воздушного судна

Данное Приложение является неотъемлемой частью настоящего Договора о купле-продаже и, в таком виде составляет документ, применимый к покупке воздушного судна Airbus А-310-324 серийный № 706, как предусмотрено пунктом 3.1. настоящего Договора.

("N/A" означает неприменимость):

| | |
|---|---|
| 1. Самолет Airbus А-310-324 Изготовитель – корпорация Airbus, конструкция - пассажирский, модель – А-310-324, серийный номер изготовителя - 706, принадлежность и регистрационный номер- НАК «Узбекистон хаво йуллари» UK 31003,          двигатели - PW-4152 | 2. Двигатели PW-4152 №1  SN # Р724942  24.01.98. №2  SN # Р724943  24.01.98. |
| 3. Документация по Самолету - Формуляры и паспорта на воздушное судно, силовые установки, агрегаты и комплектующие изделия, а также дополнительное оборудование | 4. Аренда (N/A) |
| 5. Арендатор ( N/A) | 6. Страна регистрации - Узбекистан |
| 7АДополнительные Предварительные Условия к Обязательствам Участника продать Самолет (статьи 7.4 и 7.8)  7ВДополнительные Предварительные Условия к Обязательствам Покупателя купить Самолет (статьи 6.1, 6.2, 6.3, 6.4, 6.5, 6.6, 6.12) | 8. Покупная цена – 2 000 000 (два миллиона) долларов США. |
| 9. Депозит [N/A] | 10. Проценты по Депозиту [N/A] |
| 11. Перерасчет при Поставке [N/A] | 12. Банковский счет Участника ИНН ▮▮▮▮ ОКРО ▮▮▮ ОКОНХ ▮▮▮ Валютный счет: ▮▮▮▮▮▮▮▮▮77030 Центральный операционный отдел Национального банка ВЭД Республики Узбекистан |
| 13. Дополнительные Положения, относящиеся к налогам  [N/A] | 14 Инспекция - за счёт Покупателя |
| 15. Требования по Состоянию при Поставке – «как есть, где есть» | 16. Предел возмещения ущерба N/A |

AR 0297

| | |
|---|---|
| **17. Полная Потеря**  [N/A] | **18. Владение** - [N/A] |
| **19. Планируемая Дата Поставки** [укажите] | **20. Место Поставки-Международный аэропорт «Ташкент»** |
| **21. Окончательная Дата Поставки** [укажите] | **22.    Продавец    -    Государственный** комитет Республики Узбекистан по приватизации, демонополизации и развитию конкуренции |
| **23. Гарантии Изготовителя** [N/A] | **24. Компенсации** [N/A] |
| **25. Страхование Ответственности** [N/A] | **26. Дополнительные События Прекращения Договора**[N/A] |
| **27A. Дополнительные Представления и Гарантии Продавца** [N/A]  <br><br>**27B. Дополнительные Представления и Гарантии Покупателя** [N/A] | **28. Извещения** [укажите разрешенные средства передачи и адреса] |
| **29.** [намеренно опущена] | **30. Юрисдикция** - «исключительная» |
| **31. Передача Контракта по факсу / Электронными средствами** -допустима по адресу: | **32. Затраты и Расходы** Покупатель оплачивает расходы по пункту 4.6. настоящего Договора |
| **33. Рабочий день в г. Ташкент,** г.Москва | **34. Документы по Продаже –** настоящий Договор со всеми Приложениями |

**В  ПОДТВЕРЖДЕНИЕ ЧЕГО,** Стороны подписали данное Приложение в соответствующие даты, указанные ниже.

от Участника:
_____ /Тян В.Н. /

от Покупателя:
_____ /Воробьёв А.К./

дпа

AR 0298

B

AR 0299

UZBEKISTAN
airways

**INVOICE № 2.2.1-2352**
**DATE: 01.11.2016**

| Seller: | State committee of the Republic of Uzbekistan for privatization, demonopolization and development of competition |
| ADDRESS: | 55, Uzbekistan Ave., 100003 Tashkent, Uzbekistan |
| Participant, ADDRESS: | UZBEKISTAN AIRWAYS 41, Amir Temur Ave., 100060, Tashkent , Uzbekistan |

Please remit payment without deduction to the following bank account of the Participant:
Account No (USD) _____ 7030

| Account with: | Central operation branch of the National bank for Foreign Economic Activity of the Republic of Uzbekistan |

SWIFT CODE: NBFAUZ2X   |   BANK CODE: 00882
E-mail:   fo@uzairways.com

| Purchaser | RUSAVIAINVEST, LTD. |
| ADDRESS | 25, 1 Soviet side str., Shchelkovo, 141100 Moscow, Russia |
| ATTENTION: | Director General A.K. Vorobyev |
| E-mail: | rusaviainvest@mail.ru |

| SUBJECT: AIRCRAFT | QTY | UNIT PRICE USD | VAT % | TOTAL USD |
|---|---|---|---|---|
| One Airbus Model A310 aircraft, Reg. No. UK 31003, MSN 706<br>Equipped with: two Pratt & Whitney model PW4152 engines MSN P724942 and P724943, and GTCP 331-250 APU P-1318<br><br>In accordance with the Agreement No. 2 on Sale-Purchase of Aircraft dated October 27, 2016 | 1 | 2 000 000,00 | - | 2 000 000,00 |
| | | | | 2 000 000,00 |

Note: Uzbekistan Airways has  right to correct the  invoice in case of  disagreement

GENERAL DIRECTOR                                V.N. TYAN

FINANCIAL DIRECTOR                              A.A. SATTAROV

AR 0300

C

AR 0301


**Office of Foreign Assets Control**

**License Application**

Reference Number:   **ABS201704113376S**

Generated on   **4/24/2017**

## Application Information

| | | | |
|---|---|---|---|
| **Application Type:** | Release Of Blocked Funds | **Application Reason:** | New Application |
| **Blocked Amount:** | 200000 | **Category:** | Wire Transfer |
| **Currency Type:** | usd | **Program(s):** | Specially Designated Global Terrorist |
| **Date Blocked:** | 4/3/2017 | **Previous Case ID:** | |

**Description of Subject Matter:**

Our company RUSAVIAINVEST, 25, 1-st Soviet per, Shelkovo city, Russia, is a remitter of blocked funds in the amount of 200,000 dollars to the beneficiary of the National Air Company of the Republic of Uzbekistan "Uzbekistan Airways". 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan. Our bank is a payer of ABSOLUT BANK, MOSCOW, RUSSIA SWIFT: ABSLRUMM, intermediary bank of JPMORGAN CHASE BANK N.A., beneficiary's bank National Bank for Foreign Economic Activity of the Republic of Uzbekistan, Bank code: 00882, SWIFT: NBFAUZ2?

## Contact Information

### Applicant

| | | | | |
|---|---|---|---|---|
| **Contact Category:** | Institution | | | |
| **Organization Name:** | RUSAVIAINVEST | | | |
| **Point of Contact Name:** | | | | |
| **Address:** | **Line1:** | 25, 1st Soviet pereulok | | |
| | **Line2:** | | | |
| | **Line3:** | | | |
| | **City:** | Shelkovo | **State:** | Moscow |
| | **Zip:** | 141100 | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | | |
| **Phone:** | **Office:** | 7-4955444375 | | |
| | **Mobile:** | ▆▆▆▆▆▆▆▆ | | |
| | **Fax:** | 7-4955444375 | | |
| **Principal Place of Business:** | Moscow region | | | |
| **Place where Business is Incorporated:** | Russia | | | |

### Correspondent

| | | | | |
|---|---|---|---|---|
| **Contact Category:** | Institution | | | |
| **Organization Name:** | RUSAVIAINVEST | | | |
| **Point of Contact Name:** | | | | |
| **Address:** | **Line1:** | 25, 1st Soviet pereulok | | |
| | **Line2:** | | | |
| | **Line3:** | | | |
| | **City:** | Shelkovo | **State:** | Moscow |
| | **Zip:** | 141100 | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | | |
| **Phone:** | **Office:** | 7-4955444375 | | |
| | **Mobile:** | ▆▆▆▆▆▆▆▆ | | |
| | **Fax:** | 7-4955444375 | | |
| **Principal Place of Business:** | Moscow region | | | |
| **Place where Business is Incorporated:** | Russia | | | |

### Financial Blocked Funds

| | |
|---|---|
| **Contact Category:** | Institution |
| **Organization Name:** | JPMORGAN CHASE BANK N.A. |
| **Point of Contact Name:** | |
| **Address:** **Line1:** | |
| **Line2:** | |

AR 0302

Page   1

Reference Number:   ABS201704113376S                                    Generated on   4/24/2017

|  |  |  |  |  |
|---|---|---|---|---|
| | Line3: | | | |
| | City: | New York | State: | NY |
| | Zip: | 10004 | Country: | United States |

Email Address:
Phone:       Office:
             Mobile:
             Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Remitter

| | | | | |
|---|---|---|---|---|
| Contact Category: | Institution | | | |
| Organization Name: | RUSAVIAINVEST | | | |
| Point of Contact Name: | | | | |
| Address: | Line1: | 25, 1st Soviet pereulok | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | Schelkovo | State: | |
| | Zip: | | Country: | Russia (Russian Fed.) |

Email Address:       info@rusaviainvest.ru
Phone:       Office:       7-4955444375
             Mobile:       ███████████
             Fax:          7-4955444375
Principal Place of Business:
Place where Business is Incorporated:

## Remitting Financial Institution

| | | | | |
|---|---|---|---|---|
| Contact Category: | Institution | | | |
| Organization Name: | AKB ABSOLUT BANK (PAO) | | | |
| Point of Contact Name: | | | | |
| Address: | Line1: | | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | Moscow | State: | |
| | Zip: | | Country: | Russia (Russian Fed.) |

Email Address:
Phone:       Office:       7-4957777171
             Mobile:
             Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Intermediary Financial Institution

| | | | | |
|---|---|---|---|---|
| Contact Category: | Institution | | | |
| Organization Name: | JPMORGAN CHASE BANK | | | |
| Point of Contact Name: | | | | |
| Address: | Line1: | | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | | State: | |
| | Zip: | | Country: | |

Email Address:
Phone:       Office:
             Mobile:
             Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Beneficiary

| | |
|---|---|
| Contact Category: | Institution |
| Organization Name: | National air company of the Republic of Uzbekistan "Uzbekistan Airways" |
| Point of Contact Name: | |

**Address:**     **Line1:**
                **Line2:**
                **Line3:**
                **City:**      Tashkent                        **State:**
                **Zip:**                                       **Country:**   Uzbekistan
**Email Address:**
**Phone:**      **Office:**
                **Mobile:**
                **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Beneficiary Financial Institution

**Contact Category:**         Institution
**Organization Name:**        National Bank for Foreign Economic Activity of the Republic of Uzbekistan
**Point of Contact Name:**
**Address:**     **Line1:**
                **Line2:**
                **Line3:**
                **City:**      Tashkent                        **State:**
                **Zip:**                                       **Country:**   Uzbekistan
**Email Address:**
**Phone:**      **Office:**
                **Mobile:**
                **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Attachments

| Name | Document Type |
| --- | --- |
| Invoice | Supplemental Information |
| swift | Supplemental Information |
| passport of director and owner | Supplemental Information |
| bank answer 1 | Supplemental Information |
| Application Summary | License Request |

## Certification

**Signature:**      ████████████           **Date:**     4/24/2017
**Email Address:**  info@rusaviainvest.ru

D

AR 0305



# O F A C
Office of Foreign Assets Control

## License Application

**Reference Number:**   ABS201704133380A

Generated on   **5/4/2017**

## Application Information

| | | | |
|---|---|---|---|
| **Application Type:** | Release Of Blocked Funds | **Application Reason:** | New Application |
| **Blocked Amount:** | 200000 | **Category:** | Wire Transfer |
| **Currency Type:** | usd | **Program(s):** | Foreign Terrorist Organizations |
| **Date Blocked:** | 4/11/2017 | **Previous Case ID:** | |

**Description of Subject Matter:**

We have blocked transfer amount 200 000 usd to Uzbekistan National Aircompany. It full legal contract. We ask you to clarify the circumstances and misunderstanding with this payment delay and allow execution of payment under the contract or to perform a refund.

## Contact Information

### Applicant

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | RUSAVIAINVEST | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | 25, 1st Soviet pereulok | |
| Line2: | | |
| Line3: | | |
| City: | Shelkovo | **State:** |
| Zip: | | **Country:** Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | |
| **Phone:** Office: | 7-4955444375 | |
| Mobile: | | |
| Fax: | | |
| **Principal Place of Business:** | CIS countries | |
| **Place where Business is Incorporated:** | Russia | |

### Correspondent

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | RUSAVIAINVEST | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | 25, 1st Soviet pereulok | |
| Line2: | | |
| Line3: | | |
| City: | Shelkovo | **State:** |
| Zip: | | **Country:** Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | |
| **Phone:** Office: | 7-4955444375 | |
| Mobile: | | |
| Fax: | | |
| **Principal Place of Business:** | CIS countries | |
| **Place where Business is Incorporated:** | Russia | |

### Financial Blocked Funds

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | DEUTSCHE BANK TRUST COMPANY AMERICAS | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | | |
| Line2: | | |
| Line3: | | |
| City: | New York | **State:** NY |
| Zip: | 10004 | **Country:** United States |

AR 0306

Reference Number:   ABS201704133380A                                    Generated on   5/4/2017

**Email Address:**
**Phone:** **Office:**
            **Mobile:**
            **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Remitter

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | RUSAVIAINVEST | |
| **Point of Contact Name:** | | |
| **Address:** **Line1:** | 25, 1st Soviet pereulok | |
|           **Line2:** | | |
|           **Line3:** | | |
|           **City:** | Schelkovo | **State:** |
|           **Zip:** | | **Country:** Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | |
| **Phone:** **Office:** | 7-4955444375 | |
|           **Mobile:** | | |
|           **Fax:** | | |
| **Principal Place of Business:** | CIS | |
| **Place where Business is Incorporated:** | Russia | |

## Remitting Financial Institution

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | AKB ABSOLUT BANK (PAO) | |
| **Point of Contact Name:** | | |
| **Address:** **Line1:** | | |
|           **Line2:** | | |
|           **Line3:** | | |
|           **City:** | Moscow | **State:** |
|           **Zip:** | | **Country:** Russia (Russian Fed.) |
| **Email Address:** | | |
| **Phone:** **Office:** | 7-4957777171 | |
|           **Mobile:** | | |
|           **Fax:** | | |
| **Principal Place of Business:** | | |
| **Place where Business is Incorporated:** | | |

## Intermediary Financial Institution

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | DEUTSCHE BANK TRUST COMPANY AMERICAS | |
| **Point of Contact Name:** | | |
| **Address:** **Line1:** | | |
|           **Line2:** | | |
|           **Line3:** | | |
|           **City:** | | **State:** |
|           **Zip:** | | **Country:** |
| **Email Address:** | | |
| **Phone:** **Office:** | | |
|           **Mobile:** | | |
|           **Fax:** | | |
| **Principal Place of Business:** | | |
| **Place where Business is Incorporated:** | | |

## Beneficiary

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | National air company of the Republic of Uzbekistan "Uzbekistan Airways" | |
| **Point of Contact Name:** | | |
| **Address:** **Line1:** | 41 Amir Temur Ave | |
|           **Line2:** | | |
|           **Line3:** | | |

AR 0307

Page          2

Reference Number:   ABS201704133380A                                    Generated on   5/4/2017

|  |  |  |  |  |
|--|--|--|--|--|
| **City:** | Tashkent | | **State:** | |
| **Zip:** | 100060 | | **Country:** | Uzbekistan |

**Email Address:**
**Phone:**    **Office:**
            **Mobile:**
            **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Beneficiary Financial Institution

**Contact Category:**    Institution
**Organization Name:**    National Bank for Foreign Economic Activity of the Republic of Uzbekistan
**Point of Contact Name:**
**Address:**    **Line1:**
            **Line2:**
            **Line3:**
            **City:**    Tashkent                **State:**
            **Zip:**                        **Country:**    Uzbekistan
**Email Address:**
**Phone:**    **Office:**
            **Mobile:**
            **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Attachments

| Name | Document Type |
|------|---------------|
| invoice | Supplemental Information |
| contract | Supplemental Information |
| registration of company | Supplemental Information |
| passport of director and owner | Supplemental Information |
| Application Summary | License Request |

## Certification

**Signature:**    ████████████████          **Date:**    5/4/2017
**Email Address:**    info@rusaviainvest.ru

E

AR 0309



# OFAC
### Office of Foreign Assets Control

License Application

*Reference Number:*  ABS201704113377S

Generated on  5/19/2017

## Application Information

| | |
|---|---|
| **Application Type:** | Release Of Blocked Funds |
| **Blocked Amount:** | 1000000 |
| **Currency Type:** | USD |
| **Date Blocked:** | 4/3/2017 |

| | |
|---|---|
| **Application Reason:** | New Application |
| **Category:** | Wire Transfer |
| **Program(s):** | Foreign Terrorist Organizations |
| **Previous Case ID:** | |

**Description of Subject Matter:**

We have blocked transfer amount  1000 000 usd to Uzbekistan National Aircompany. It full legal contract. We ask you to clarify the circumstances and misunderstanding with this payment delay and allow execution of payment
under the contract or to perform a refund.The blocked transaction in the amount of 1 million dollars as a preliminary payment under an official
contract to the national airline of Uzbekistan. Our Russian company Rusaviainvest and the Uzbek national company, Uzbekistan Airways are not on the sanctions lists. Correspondent Bank advised us that funds have blocked as per OFAC of global terrorism programm. The our deal is clean and has no relationship with terrorism, all amounts go to the national bank of Uzbekistan.

## Contact Information

### Applicant

| | | |
|---|---|---|
| **Contact Category:** | | Institution |
| **Organization Name:** | | RUSAVIAINVEST |
| **Point of Contact Name:** | | |
| **Address:** | Line1: | 25, 1st Soviet pereulok |
| | Line2: | |
| | Line3: | |
| | City: | Shelkovo |
| | Zip: | 141100 |
| **Email Address:** | | info@rusaviainvest.ru |
| **Phone:** | Office: | 7-4955444375 |
| | Mobile: | |
| | Fax: | |

**State:**
**Country:**  Russia (Russian Fed.)

| | |
|---|---|
| **Principal Place of Business:** | Moscow region |
| **Place where Business is Incorporated:** | Russia |

### Correspondent

| | | |
|---|---|---|
| **Contact Category:** | | Institution |
| **Organization Name:** | | RUSAVIAINVEST |
| **Point of Contact Name:** | | |
| **Address:** | Line1: | 25, 1st Soviet pereulok |
| | Line2: | |
| | Line3: | |
| | City: | Shelkovo |
| | Zip: | 141100 |
| **Email Address:** | | info@rusaviainvest.ru |
| **Phone:** | Office: | 7-4955444375 |
| | Mobile: | |
| | Fax: | |

**State:**
**Country:**  Russia (Russian Fed.)

| | |
|---|---|
| **Principal Place of Business:** | Moscow region |
| **Place where Business is Incorporated:** | Russia |

### Financial Blocked Funds

| | |
|---|---|
| **Contact Category:** | Institution |
| **Organization Name:** | JPMORGAN CHASE BANK N.A. |

Reference Number:    ABS201704113377S                                    Generated on    5/19/2017

**Point of Contact Name:**
**Address:**   **Line1:**
              **Line2:**
              **Line3:**
              **City:**   New York                     **State:**   NY
              **Zip:**    10004                         **Country:**  United States
**Email Address:**
**Phone:**    **Office:**
              **Mobile:**
              **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Remitter

**Contact Category:**      Institution
**Organization Name:**     RUSAVIAINVEST
**Point of Contact Name:**
**Address:**   **Line1:**   25, 1st Soviet pereulok
              **Line2:**
              **Line3:**
              **City:**    Schelkovo                    **State:**
              **Zip:**     141100                       **Country:**  Russia (Russian Fed.)
**Email Address:**         info@rusaviainvest.ru
**Phone:**    **Office:**
              **Mobile:**
              **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Remitting Financial Institution

**Contact Category:**      Institution
**Organization Name:**     AKB ABSOLUT BANK (PAO)
**Point of Contact Name:**
**Address:**   **Line1:**
              **Line2:**
              **Line3:**
              **City:**    Moscow                       **State:**
              **Zip:**                                  **Country:**  Russia (Russian Fed.)
**Email Address:**
**Phone:**    **Office:**   7-4957777171
              **Mobile:**
              **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Intermediary Financial Institution

**Contact Category:**      Institution
**Organization Name:**     JPMORGAN CHASE BANK
**Point of Contact Name:**
**Address:**   **Line1:**
              **Line2:**
              **Line3:**
              **City:**                                 **State:**
              **Zip:**                                  **Country:**
**Email Address:**
**Phone:**    **Office:**
              **Mobile:**
              **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Beneficiary

AR 0311

**Reference Number:**    ABS201704113377S                                      Generated on    5/19/2017

**Contact Category:**        Institution
**Organization Name:**    National air company of the Republic of Uzbekistan "Uzbekistan Airways"
**Point of Contact Name:**
**Address:**     **Line1:**
                 **Line2:**
                 **Line3:**
                 **City:**       Tashkent                               **State:**
                 **Zip:**                                               **Country:**    Uzbekistan
**Email Address:**
**Phone:**       **Office:**
                 **Mobile:**
                 **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Beneficiary Financial Institution

**Contact Category:**        Institution
**Organization Name:**    National Bank for Foreign Economic Activity of the Republic of Uzbekistan
**Point of Contact Name:**
**Address:**     **Line1:**
                 **Line2:**
                 **Line3:**
                 **City:**       Tashkent                               **State:**
                 **Zip:**                                               **Country:**    Uzbekistan
**Email Address:**
**Phone:**       **Office:**
                 **Mobile:**
                 **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Attachments

| Name | Document Type |
|---|---|
| registration of company | Supplemental Information |
| contract | Supplemental Information |
| Application Summary | License Request |

## Certification

**Signature:**                                                         **Date:**    5/19/2017
**Email Address:**        info@rusaviainvest.ru

AR 0312                                   Page                3

F

AR 0313



AR 0314

G

AR 0315

 **Абсолют Банк**

FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704113376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000-00 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017 YOUR REFERENCE NUMBER 496606/07-31 OUR TRANSACTION REFERENCE NUMBER 2144394090FS.
THIS PAYMENT HAS BEEN BLOCKED AS PER OFAC.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, за которым следует обращаться: LICENSE DEPARTMENT, DIRECTOR OFFICE OF FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500 PENNSYLVANIA AVE. NW WASHINGTON DC 20220.

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

Абсолют Банк
Отдел
корреспондентских
счетов

1

AR 0316

H

AR 0317



FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704113377S
Касательно Вашего заявления на перевод №9 от 31.03.2017 на сумму USD 1,000.000-00 в пользу UZBEKISTAN
AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE
BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 1,000,000.00/USD DATED 4/3/2017 YOUR REFERENCE
NUMBER 496908/07-03 OUR TRANSACTION REFERENCE NUMBER 1665792093JX.
THIS PAYMENT HAS BEEN BLOCKED AS PER OFAC.
UNQUOTE

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113377S

Для разблокирования средств необходимо получить разрешение OFAC, за которым следует обращаться: LICENSE
DEPARTMENT, DIRECTOR OFFICE OF FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500
PENNSYLVANIA AVE. NW WASHINGTON DC 20220.

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

1

AR 0319

# Абсолют Банк

FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704113376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000.00 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC в соответствии с глобальными антитеррористическими санкциями. OFAC никаких разъяснений касательно своих действий не дает.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017
YOUR REFERENCE NUMBER 496606/07-31 OUR TRANSACTION
REFERENCE NUMBER 2144394090FS. PLEASE NOTE OUR
COMPLIANCE DEPARTMENT HAS ADVISED:
THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL
TERRORISM SANCTIONS REGULATIONS.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, для этого следует подать заявку на разблокирование средств.
Вся необходимая информация по заполнению заявки размещена на сайте:
https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx#licenses

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

J

AR 0321

 **Абсолют Банк**

FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704113377S
Касательно Вашего заявления на перевод №9 от 31.03.2017 на сумму USD 1,000.000-00 в пользу UZBEKISTAN
AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE
BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC в соответствии с глобальными
антитеррористическими санкциями. OFAC никаких разъяснений касательно своих действий не дает.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 1,000,000.00/USD DATED 4/3/2017
YOUR REFERENCE NUMBER 496908/07-03 OUR TRANSACTION
REFERENCE NUMBER 1665792093JX ,PLEASE NOTE OUR
COMPLIANCE DEPARTMENT HAS ADVISED: THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL
TERRORISM SANCTIONS REGULATIONS.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, для этого следует подать заявку на
разблокирование средств.
Вся необходимая информация по заполнению заявки размещена на сайте:
https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx#licenses.

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счётов
Силина М.А.

Абсолют Банк
Отдел
корреспондентских
счетов

K

AR 0323

 **Абсолют Банк**

FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704133380A
Касательно Вашего заявления на перевод №10 от 10.04.2017 на сумму USD 200000 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента DEUTSCHE BANK TRUST COMPANY AMERICAS о том, что данный платеж не исполнен и находится на проверке комплаенс.

QUOTE
WE REFER TO YOUR 103 DATED 04/11/17 REFERENCE 498059/07-11 FOR USD 200000.00 VALUE 04/11/17 THIS TRANSACTION HAS NOT BEEN COMPLETED DUE TO PENDING FURTHER REVIEW BY COMPLIANCE UNIT OR DEUTSCHE BANK COMPLIANCE POLICY.
WE WILL ADVISE YOU UPON RECEIPT OF FURTHER INSTRUCTIONS FROM THEM.
WE WILL DEBIT YOUR ACCOUNT AND PLACE FUNDS INTO A SUSPENSE ACCOUNT AT DEUTSCHE BANK TRUST COMPANY
PENDING COMPLETION OF COMPLIANCE REVIEW AND WILL ADVISE YOU UPON RECEIPT THEIR RESPONSE.
UNQUOTE

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704133380A

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

1

L

AR 0325



дата _____ № _____

на № _____ от _____

FROM: AKCIONERNYi KOMMERcESKIi BANK ABSOLuT BANK (OAO)
TO: OBSHCHESTVO S OGRANICHENNOY OTVETSTVENNOST'YU " RUSAVIAINVEST"

Референс запроса ABS201704133380A
Касательно Вашего запроса N24 от 21/04/17 на отзыв денежных средств в сумме  USD 200000, отправленных по ~~ ~~ ~~
заявлению на перевод №10 от 10.04.2017 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent
Uzbekistan, UZBEKISTAN, Tashkent
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента DEUTSCHE BANK
TRUST COMPANY AMERICAS о том, что средства по указанному переводу не могут быть возвращены, т.к.
заблокированы OFAC.
Для разблокирования средств необходимо получить разрешение OFAC, для этого следует подать заявку на
разблокирование средств по следующему адресу:
LICENSE DEPARTMENT, DIRECTOR OFFICE OF
FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500
PENNSYLVANIA AVE. NW WASHINGTON DC 20220.

QUOTE
UNDER REGULATIONS ISSUED BY THE US OFFICE OF
FOREIGN ASSETS CONTROL (OFAC) PLEASE BE ADVISED
THAT THE FUNDS HAVE BEEN PLACED INTO A BLOCKED
ACCOUNT AT DEUTSCHE BANK TRUST COMPANY.
WE REGRET ANY INCONVENIENCE OUR ACTIONS MAY HAVE
CAUSED BUT WE ARE PROHIBITED FROM RETURNING
BLOCKED FUNDS UNTIL SUCH TIME AS OFAC ISSUES A
LICENSE PERMITTING RELEASE OF THESE FUNDS.

SHOULD YOU WISH TO APPLY FOR A LICENSE YOU MUST
CONTACT:LICENSE DEPARTMENT, DIRECTOR OFFICE OF
FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500
PENNSYLVANIA AVE. NW WASHINGTON DC 20220

ANY QUESTIONS REGARDING APPLICATION FOR A LICENSE
CAN BE REFERRED TO YOUR RELATIONSHIP MANAGER.

PLEASE QUOTE OUR REFERENCE NUMBER, 170411 612369
IN ALL FUTURE CORRESPONDENCE RELATING TO THIS
CASE.

REGARDS, PAYMENT INVESTIGATIONS
UNQUOTE

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704133380A

THANK YOU AND BEST REGARDS
ABSOLUT BANK

M

AR 0327

Operator: ▊▊▊▊▊▊

## Message Identifier

**Message Preparation Application:** Message Modification
**Unique Message Identifier:** O CHASUS33XXX 103 496606/07-31 170331

## Message Header

| | | |
|---|---|---|
| FIN | MT103 | FIN MT 103 - Single Customer Credit Transfer * |
| Priority: | Normal | |
| Monitoring: | None | |

**Sender:**

| | Unit: | None |
|---|---|---|
| | Institution: | ABSLRUMMXXX |

ABSOLUT BANK
MOSCOW, RUSSIAN FEDERATION

**Receiver:**

| | Institution: | CHASUS33XXX |
|---|---|---|

JPMORGAN CHASE BANK, N.A.
NEW YORK, NY, UNITED STATES

## Message Text

**20:**   Sender's Reference
          496606/07-31

**23B:**  Bank Operation Code
          CRED

**32A:**  Value Date/Currency/Interbank Settled Amount
                                          170331
                                          USD
                                          200,000.00

**33B:**  Currency/Instructed Amount
                                          USD
                                          200,000.00

**50F:**  Ordering Customer
          /▊▊▊▊▊▊▊3843
          17000 RUSAVTOINVEST
          SOVETSKIY 1-Y PER, D. 25
          3/RU/SHELKOVO 141100

**57A:**  Account With Institution
          NBFAUZ2XXXX
          NATIONAL BANK FOR FOREIGN ECONOMIC ACTIVITY OF THE REPUBLIC OF UZBEKISTAN
          TASHKENT
          UZBEKISTAN

**59:**   Beneficiary Customer
          /▊▊▊▊▊▊7030
          UZBEKISTAN AIRWAYS,
          41, AMIR TEMUR AVE.,
          100060 TASHKENT,
          UZBEKISTAN

**70:**   Remittance Information
          PAYMENT BY INVOICE 2.2.1-2352
          DATED 01/11/2016 ACCORDING
          THE AGREEMENT 2 DO 27.10.16
          FOR AIRCRAFT A-310

**71A:**  Details of Charges
          OUR

## Network Data

Network: SWIFT*

## End of Report

Mon Apr 10 17:41:18 2017

Отражения в балансе Банка

Дт ▊▊▊▊▊▊▊          Кр ▊▊▊▊▊▊▊

АКБ "АБСОЛЮТ БАНК" (ПАО)
БИК ▊▊▊▊
К/с ▊▊▊▊▊▊▊
31 мар 2017

AR 0328

N

AR 0329

Operator: ▆▆▆▆▆▆

---

### Message Identifier

Message Preparation Application: Message Modification
Unique Message Identifier:      O CHASUS33XXX 103 496908/07-03 170403

### Message Header

| | | |
|---|---|---|
| FIN | MT103 | FIN MT 103 - Single Customer Credit Transfer * |
| Priority: | Normal | |
| Monitoring: | None | |

Sender:
| | | |
|---|---|---|
| | Unit: | None |
| | Institution: | ABSLRUMMXXX |
| | | ABSOLUT BANK |
| | | MOSCOW, RUSSIAN FEDERATION |

Receiver:
| | | |
|---|---|---|
| | Institution: | CHASUS33XXX |
| | | JPMORGAN CHASE BANK, N.A. |
| | | NEW YORK, NY, UNITED STATES |

### Message Text

20:  Sender's Reference
     496908/07-03
23B: Bank Operation Code
     CRED
32A: Value Date/Currency/Interbank Settled Amount
                                    170403
                                    USD
                                    1,000,000.00
33B: Currency/Instructed Amount
                                    USD
                                    1,000,000.00
50F: Ordering Customer
     ▆▆▆▆▆▆▆3843
     17000 RUSAVIAINVEST
     ▆▆▆▆▆▆▆ 1-Y PER, D. 25
     3/RU/SHELKOVO 141100
57A: Account With Institution
     NBFAUS2XXXX
     NATIONAL BANK FOR FOREIGN ECONOMIC ACTIVITY OF THE REPUBLIC OF UZBEKISTAN
     TASHKENT
     UZBEKISTAN
59:  Beneficiary Customer
     ▆▆▆▆▆▆▆7030
     UZBEKISTAN AIRWAYS,
     41, AMIR TEMUR AVE.,
     100060 TASHKENT,
     UZBEKISTAN
70:  Remittance Information
     PAYMENT BY INVOICE 2.2.1-2353 DATED
     01/11/2016 ACCORDING THE AGREEMENT
     3 DD 27.10.16 FOR AIRCRAFT RJ-85
71A: Details of Charges
     OUR

### Network Data

Network: SWIFT*

### End of Report

---

Mon Apr 10 17:18:22 2017

---

### Отражение в балансе Банка

Дт ▆▆▆▆▆▆▆▆▆                    Кт ▆▆▆▆▆▆▆▆▆

АКБ "АБСОЛЮТ БАНК" (ПАО)

БИК ▆▆▆▆

К/с ▆▆▆▆▆▆▆▆▆

03 апр 2017

AR 0330

AR 0331

Operator: ▮▮▮▮▮▮

## Message Identifier

Message Preparation Application: Message Modification
Unique Message Identifier:   O BKTRUS3JXXX 103 498059/07-11 170411

## Message Sender

| | | |
|---|---|---|
| FIN | MT103 | FIN MT 103 - Single Customer Credit Transfer = |
| Priority: | Normal | |
| Monitoring: | None | |

Sender:
    Unit:         None
    Institution:    ABSLRUMMXXX

                       ABSOLUT BANK
                       MOSCOW, RUSSIAN FEDERATION

Receiver:
    Institution:    BKTRUS3JXXX

                       DEUTSCHE BANK TRUST COMPANY AMERICAS
                       NEW YORK, NY, UNITED STATES

## Message Text

20:  Sender's Reference
     498059/07-11
23B: Bank Operation Code
     CRED
32A: Value Date/Currency/Interbank Settled Amount
                       170411
                       USD
                       200,000.00
33B: Currency/Instructed Amount
                       USD
                       200,000.00
50F: Ordering Customer
               ▮▮▮▮▮▮3843
     1/OOO ROSAVIAINVEST
     1/▮▮▮▮▮▮
     2/SOVETSKII 1-Y PER, D. 25
     3/RU/SHELKOVO 141100
56A: Intermediary Institution
     CHASUS3JXXX
     JPMORGAN CHASE BANK, N.A.
     NEW YORK, NY
     UNITED STATES
57A: Account With Institution
     NBFAUZ2XXXX
     NATIONAL BANK FOR FOREIGN ECONOMIC ACTIVITY OF THE REPUBLIC OF UZBEKISTAN
     TASHKENT
     UZBEKISTAN
59:  Beneficiary Customer
     /▮▮▮▮▮▮7030
     UZBEKISTAN AIRWAYS,
     41, AMIR TEMUR AVE.,
     100060 TASHKENT,
     UZBEKISTAN
70:  Remittance Information
     PAYMENT BY INVOICE 2.2.1-2352 DATED
     01/11/2016 ACCORDING THE AGREEMENT
     2 DD 27.10.16 FOR AIRCRAFT A-310
71A: Details of Charges
     OUR
72:  Sender to Receiver Information
     /OUROUR/

## Network Data

Network: SWIFT=

## End of Report

Thu Apr 13 10:49:44 2017

### Отражение в балансе Банка

Дт  ▮▮▮▮▮▮▮▮▮▮        Кт  ▮▮▮▮▮▮▮▮▮▮

АКБ "АБСОЛЮТ БАНК" (ПАО)
БИК ▮▮▮▮
К/с ▮▮▮▮▮▮▮▮▮▮
11 апр 2017

AR 0332

6/6/2017     FedEx Ship Manager - Print Your Label(s)



ORIGIN ID:OGSA
ERIC CREZMAN
CREZMAN LLC
969 FIFTH AVENUE FL 7
NEW YORK, NY 10021
UNITED STATES US

(212) 972-0200

SHIP DATE: 08JUN17
ACTWGT: 3.00 LB
CAD: 103080470/WET3850

BILL SENDER

TO LICENSING DIVISION
OFFICE OF FOREIGN ASSETS CONTROL
1500 PENNSYLVANIA AVENUE, NW

(202) 622-2480

TREASURY DC 20220

REF: R

DEPT

TRK# 7793 1792 2110

WED - 07 JUN 10:30A
PRIORITY OVERNIGHT

DC-US
20220
IAD

EP BZSA

FedEx Express

QCV #018

✓ #044   485   JUN 09 2017

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

AR 0333

# A.5

## Letter from Creizman LLC, including attachments to OFAC, dated 7/5/2017

# CREIZMAN LLC

ERIC M. CREIZMAN
PARTNER
ATTORNEY AT LAW

565 FIFTH AVENUE  7TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 972-0900
FAX: (646) 200-9892
ECREIZMAN@CREIZMANLLC.COM
WWW.CREIZMANLLC.COM

*By Facsimile and
Federal Express*

███████████

Chief, Blocked Assets Administration and Analysis
Office of Foreign Assets Control
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Re:  **License Application to Unblock Funds**
     **Case Numbers:**  SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1
     **Reference Numbers:**  ABS201704113376S, ABS201704113377S, ABS201704133380A

Dear ████████

        I represent a company based in Moscow called Rusaviainvest, OOO.  Rusaviainvest's principal business is the purchase and sale of used aircraft, aircraft parts, and aircraft maintenance and repair.  In connection with an agreement to purchase a used aircraft from Uzbekistan Airways, Uzbekistan's national air carrier, three wire transfers totaling $1,400,000 were blocked by JPMorgan Chase Bank, N.A., and Deutsche Bank National Trust Company in late March and early April 2017 based on what I believe is the mistaken impression that the transaction violates one or more OFAC sanctions programs.

        Rusaviainvest is not owned, and does not employ anyone on the SDN list, and a search using our own OFAC compliance software results in no hits.  I also did not recognize any prohibition against doing business with Uzbekistan Airways.  The only potential basis for a mistake is that Rusaviainvest may have been confused with a company with a similar name, "Rusavia, Ltd." whose website is en.rusavia.com, which, according to the website, deals in a "Russian-American project" titled "Warplanes to Syria."  To be clear, Rusaviainvest, Ltd. does not deal with military equipment or weaponry.

        Under its contract with Uzbekistan Airways, Rusaviainvest is subject to liquidated damages for failure to pay.  While I would imagine such a delay would be subject to a force majeure clause, the law that governs the contract is Uzbekistan law.  My client initially

AR 0335

2017 JUL. 12   AM10: 54

AR 0336

███████

July 5, 2017
2|Page

submitted licenses to unblock the funds in April and May, and after hiring me, my firm made a supplemental submission, dated June 6, 2017, with exhibits, which are attached to this letter.

I have been unable to make any headway on behalf of my client in getting the funds released, and, if appropriate, paid to Uzbekistan Airways. Nor have I been able to speak with anyone from OFAC to attempt to address any issues or concerns. I therefore am reaching out to you.

I would appreciate a response at your earliest convenience from you or a member of your staff. I thank you in advance for your consideration in this matter.

Very truly yours,

*Eric Creizman*

Eric M. Creizman

Enclosures

AR 0337

# CREIZMAN LLC

ERIC M. CREIZMAN
PARTNER
ATTORNEY AT LAW

565 FIFTH AVENUE  7TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 972-0200
FAX: (646) 200-5022
ECREIZ@CREIZMANLLC.COM
WWW.CREIZMANLLC.COM

*By Email, Facsimile,*
*and Federal Express*

June 6, 2017

Office of Foreign Assets Control
Licensing Division
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Re:  **License Application to Unblock Funds**
      **Case Numbers:  SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1**
      **Reference Numbers:  ABS201704113376S, ABS201704113377S, ABS201704133380A**

Dear OFAC Licensing Officer:

    This law firm has been retained to represent Rusaviainvest, OOO (the "Company" or "Rusaviainvest") in connection with the Company's above-referenced applications for licenses to unblock funds in the total amount of $1,400,000, wired by the Company to purchase a used aircraft from Uzbekistan Airways, Uzbekistan's national air carrier.  A copy of the contract to purchase the aircraft (the "Contract") and a copy of the invoice for purchase (the "Invoice") are annexed hereto as Exhibits A and B.  I am writing to supplement the information provided by the Company in its applications to unblock the funds, dated April 24, 2017, May 5, 2017, and May 19, 2017, which are annexed hereto as Exhibits C, D, and E.  Under the terms of the Contract, the Company is required to pay liquidated damages for any delay in payment.  Such damages are accruing.  *See* Exhibit A at ¶¶11.1-11.6.

    <u>Background of the Company and the Transaction</u>

    Rusaviainvest engages in the business of wholesale trading of transportation vehicles, including airplane spare parts and engines, and also contracts for the maintenance and repair of such vehicles, including aircraft.  The Company's office is located in Moscow, Russia with the address: 25, 1st Soviet Side Street, Schelkovo, Moscow, 14110, Russia.  The Company is 100% owned by Andrei Vorobev, who is also its CEO and only officer.  (Mr. Vorobev's Russian Federation passport is annexed hereto as Exhibit F).  The purpose of the transaction was for the Company to sell the parts of the aircraft.

OFAC Licensing Officer
June 6, 2017
Page 2

The Company has been in business since 2008, and has eight employees. The Company does not deal in weapons, arms, or military equipment and does not do business with any Country's military or any military organization. Prior to above-referenced matter, Rusaviainvest has never had any of its funds relating to any of its transactions blocked by OFAC.

The Company should not be confused with a company with a similar name, "Rusavia, Ltd." whose website is en.rusavia.com, which, according to the website, deals in a "Russian-American project" titled "Warplanes to Syria." In contrast, Rusaviainvest, Ltd. does not deal with military equipment or weaponry.

### The Wired Funds and Blocking of those Funds

Pursuant to the Contract and Invoice, on March 30, 2017, the Company sent a wire of $200,000 and on March 31, 2017, the Company sent a wire of $1,000,000, through its bank, Absolut Bank, with the intended recipient bank as JPMorgan Chase Bank, N.A. (*See* Exhibits G and H). Absolut Bank subsequently informed the Company that the transactions were "BLOCKED AS PER OFAC." (*See id.*). Absolut Bank later informed the Company that "THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL TERRORISM SANCTIONS REGULATIONS." (*See* Exhibits I and J).

Pursuant to the same Contract and Invoice, on April 10, 2017, the Company sent a wire of $200,000 through its bank, Absolut Bank, with the intermediary bank as JPMorgan Chase Bank, NA and with the receiving institution as Deutsche Bank Trust Company Americas. (*See* Exhibit I). Absolut Bank subsequently informed the Company that the transaction was not completed "DUE TO PENDING FURTHER REVIEW BY COMPLIANCE UNIT OR DEUTSCHE BANK COMPLIANCE POLICY. . . . WE WILL DEBIT YOUR ACCOUNT AND PLACE FUNDS INTO A SUSPENSE ACCOUNT AT DEUTSCHE BANK TRUST COMPANY." (*See* Exhibit K). Absolut Bank later informed the Company that "THE FUNDS HAVE BEEN PLACED INTO A BLOCKED ACCOUNT AT DEUTSCHE BANK TRUST COMPANY. . . . WE ARE PROHIBITED FROM RETURNING BLOCKED FUNDS UNTIL SUCH TIME AS OFAC ISSUES A LICENSE PERMITTING RELEASE OF THESE FUNDS." (*See* Exhibit L).

Additional records evidencing the wire transfers are annexed hereto as Exhibits M, N, and O.

### The Funds Should be Unblocked

The case numbers assigned to the blocking of the funds suggest that the compliance departments of JPMorgan Chase and Deutsche Bank believed that the parties to the transaction or the purposes of the transaction in some way violated the Russian/Ukranian Sanctions Program or the Global Terrorism Sanctions Program. We respectfully submit that the funds were blocked in error.

*First*, as stated above, the purpose of the transaction was to obtain the used aircraft from the Uzbekistan national air carrier to sell its spare parts for commercial purposes. The Company

AR 0339

OFAC Licensing Officer
June 6, 2017
Page 3

does not trade with any military agency or organization and has absolutely nothing to do with any terrorist organization.

*Second*, the owner of the Company is not an SDN.  He is not affiliated with any SDNs, nor does he do business with any SDNs.  None of the Company's employees is an SDN.  Furthermore, to the extent there is any confusion, as stated above, the Company has nothing to do with Rusavia, Ltd.

### Conclusion

Because the Company has done nothing to violate any OFAC sanctions program, and because it is now facing substantial financial hardship as a result of the blocking of those funds, we respectfully request that the funds be unblocked and delivered to Uzbekistan's national air carrier, Uzbekistan Airways.  In the alternative, if the transaction is being blocked due to Uzbekistan Airways, we respectfully request the funds be returned to the Company.

I would appreciate communication from your office in order to address any questions or concerns, or to provide additional documentation, if desired.

If you have questions, please feel free to contact me.

Very truly yours,

Eric Creizman

Enclosures

AR 0340

# EXHIBITS

AR 0341

A

AR 0342

Exhibit A

AR 0343

RA1

| | |
|---|---|
| **AGREEMENT № 1** **ON SALE-PURCHASE** **OF AIRCRAFT** | **ДОГОВОР № 1** **КУПЛИ-ПРОДАЖИ** **ВОЗДУШНОГО СУДНА** |
| BETWEEN | МЕЖДУ |
| STATE COMMITTEE OF THE REPUBLIC OF UZBEKISTAN FOR PRIVATIZATION, DEMONOPOLIZATION AND DEVELOPMENT OF COMPETITION | ГОСУДАРСТВЕННЫМ КОМИТЕТОМ РЕСПУБЛИКИ УЗБЕКИСТАН ПО ПРИВАТИЗАЦИИ, ДЕМОНОПОЛИЗАЦИИ И РАЗВИТИЮ КОНКУРЕНЦИИ |
| AND COMPANY "RUSAVIAINVEST" | И КОМПАНИЕЙ «РУСАВИАИНВЕСТ» |
| WITH PARTICIPATION | С УЧАСТИЕМ |
| OF THE NATIONAL AIRCOMPANY OF THE REPUBLIC OF UZBEKISTAN "UZBEKISTAN AIRWAYS" | НАЦИОНАЛЬНОЙ АВИАКОМПАНИИ РЕСПУБЛИКИ УЗБЕКИСТАН «УЗБЕКИСТОН ХАВО ЙУЛЛАРИ» |
| Tashkent city          "__" __ 2016 | Ташкент          "__" __2016 |
| THE PRESENT AGREEMENT of sale-purchase of aircraft (hereinafter - "Agreement") is executed in Tashkent between: | НАСТОЯЩИЙ ДОГОВОР купли-продажи воздушного судна (далее - «Договор») заключен в г. Ташкенте между: |
| **STATE COMMITTEE OF THE REPUBLIC OF UZBEKISTAN FOR PRIVATIZATION, DEMONOPOLIZATION AND DEVELOPMENT OF COMPETITION** (hereinafter - "Seller"), having its legal address at 55, Uzbekistan avenue, Tashkent, 100003, Republic of Uzbekistan, represented by the First Deputy Chairman S.X.Gafarov, acting under Statute and Order No. 174k-LS dated 04.12.2014, | **ГОСУДАРСТВЕННЫМ КОМИТЕТОМ РЕСПУБЛИКИ УЗБЕКИСТАН ПО ПРИВАТИЗАЦИИ, ДЕМОНОПОЛИЗАЦИИ И РАЗВИТИЮ КОНКУРЕНЦИИ** (далее - «Продавец»), имеющим юридический адрес: 100003, Республика Узбекистан, г. Ташкент, проспект Узбекистанский, 55, в лице Первого заместителя Председателя С.Х.Гафарова, действующего на основании Положения и приказа от 04.12.2014г., №174к-ЛС; |
| company **"RUSAVIAINVEST"** Ltd. (hereinafter "Purchaser"), having its legal address at 25, 1st Soviet side street, Shchelkovo, Moscow, 141100 Russia, represented by the Director General A.K.Vorobyev, acting under Statute, | компанией **ООО «РУСАВИАИНВЕСТ»** (далее - «Покупатель»), имеющей юридический адрес: 141100 Россия, г. Москва, Щелково, 1-Я Советский переулок, 25, в лице Генерального директора Воробьёва А.К., действующего на основании Устава; |
| with participation of the **NATIONAL AIRCOMPANY OF THE REPUBLIC OF UZBEKISTAN "UZBEKISTAN AIRWAYS"** (hereinafter – "Participant"), having its legal address at 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan, represented by the Director General V.N.Tyan, acting under Statute | с участием **НАЦИОНАЛЬНОЙ АВИАКОМПАНИИ РЕСПУБЛИКИ УЗБЕКИСТАН «O'ZBEKISTON HAVO YO'LLARI»** (далее - «Участник»), имеющей юридический адрес: 100060, Республика Узбекистан, г. Ташкент, проспект Амира Темура, 41, в лице Генерального директора Тяна В.Н., действующего на основании Устава. |
| Collectively hereinafter they are named as "Parties" and individually as "Party" | Все вместе именуемые как «Стороны» и каждая по отдельности «Сторона». |

AR 0344

| | |
|---|---|
| HEREBY IT IS AGREED the following: | НАСТОЯЩИМ ДОСТИГНУТО СОГЛАШЕНИЕ о следующем: |
| 1. **DEFINITIONS AND THEIR INTERPRETATION** | 1. **ОПРЕДЕЛЕНИЯ И ИХ ИНТЕРПРЕТАЦИЯ** |
| *Act of assessment of the technical condition of aircraft* means document, presenting the results of mutual assessment of actual technical condition and completeness of aircraft through its inspection and confirmation by signatures of representatives of the Participant and the Purchaser | Акт технического осмотра воздушного судна - документ, отражающий результаты совместной оценки фактического технического состояния и комплектности воздушного судна путём его инспектирования и подтверждения подписями представителей Участника и Покупателя. |
| *Act of acceptance-transfer of aircraft* (hereinafter – "Act of acceptance-transfer") means document evidencing the fact of acceptance and transfer of aircraft and being the integral part of this Agreement, confirmed by signatures of representatives of the Participant and the Purchaser (Attachment No. 2) | Акт приема-передачи воздушного судна (далее по тексту Договора – «Акт приема-передачи») - документ, подтверждающий факт приема и передачи воздушного судна, являющийся неотъемлемой частью настоящего Договора, подтвержденный подписями представителей Участника и Покупателя. (Приложение № 2) |
| *Aircraft* means description of aircraft, including individual references to all engines, parts and documentation on aircraft, listed in Attachments No. 3 | Воздушное судно - описание воздушного судна, включая отдельные ссылки на все двигатели, части и документацию по воздушному судну, указанному в приложении № 3 |
| *Aircraft documentation* means all log books, records, manuals and other documents, to this Agreement, and all addendums, renewals and amendments made on them before transferring the aircraft to Purchaser. | Документация по воздушному судну - все бортовые журналы, записи по воздушному судну, руководства и другие документы, к настоящему Договору, и все дополнения, обновления и замены, сделанные по ним до передачи воздушного судна Покупателю. |
| *Business Day* means any day other than a Saturday, Sunday or holidays, on which banks are opened for business in all cities, mentioned in this Agreement. | Рабочий день - любой день, кроме субботы или воскресенья, либо праздников, на который банки открыты для бизнеса во всех городах, указанных в настоящем Договоре. |
| *Delivery* means transfer of title on aircraft from Participant to Purchaser under this Agreement. | Поставка - передача права собственности на воздушное судно от Участника к Покупателю согласно настоящему Договору. |
| *Aircraft condition at delivery "as is, where is"* means technical condition of aircraft, at the moment of its Delivery. | Состояние воздушного судна при поставке «как есть, где есть» - техническое состояние воздушного судна на момент Поставки |
| *Delivery date* means the day, which is Business Day and on which the aircraft delivery occurs. | Дата поставки - дата, которая является рабочим днем и на которую происходит поставка воздушного судна. |

| | |
|---|---|
| Partial aircraft loss means partial damages of aircraft which are not the causes of total aircraft loss. | Частичная потеря воздушного судна - частичные повреждения воздушного судна, которые не являются причиной полной утраты воздушного судна. |
| Sale Documents include this Agreement, Act of acceptance-transfer of aircraft and any written document, agreed by the Parties and amended or added any of above mentioned documents of this Agreement. | Документы по продаже - включают в себя настоящий Договор, Акт приёма-передачи воздушного судна, и любое письменное соглашение, согласованное Сторонами, изменяющее или дополняющее любой из вышеуказанных документов настоящего Договора. |

| | |
|---|---|
| **2.   AGREEMENT SUBJECT** | **2.   ПРЕДМЕТ ДОГОВОРА·** |
| 2.1     According to the resolution of the Interdepartmental Commission on considering the matters and preparing the conclusions regarding write-off of fixed assets of the National Aircompany "Uzbekistan Airways" (Protocol No. 90 dated 18.06.2015) and Order of the President of the Republic of Uzbekistan No. R-4502 dated 14.07.2015, the Seller and Participant shall transfer aircraft A-310 MSN 706 to the possession of Purchaser under Attachments No. 1, being the integral part of this Agreement, in condition "as is, where is", Purchaser shall pay its price and accept it in accordance with the terms and in order, provided for by this Agreement. | 2.1     В соответствии с заключением Межведомственной комиссии по рассмотрению вопросов и подготовке заключений о списании с баланса НАК «Узбекистон хаво йуллари» основных средств (протокол от 18.06.2015г № 90), Распоряжением Президента Республики Узбекистан от 14.07.2015г № Р-4502, Продавец и Участник передают в собственность Покупателю воздушное судно А-310 заводской № 706 согласно Приложению №1, являющемуся неотъемлемой частью настоящего Договора, в состоянии «как есть, где есть», а Покупатель принимает его в соответствии с условиями и порядком, предусмотренным настоящим Договором. |
| 2.2     At the execution of this Agreement the aircraft is the property of the Republic of Uzbekistan, is not in any pledge, and there is no any encumbrance on it. | 2.2     Воздушное судно на момент заключения настоящего Договора является собственностью Республики Узбекистан, не находится в залоге и на него отсутствуют какие-либо обременения. |
| 2.3     Subject to the provisions of this Agreement Seller shall transfer to Purchaser upon Delivery the title on aircraft, free and clear of any rights of third parties. | 2.3     Согласно статьям настоящего Договора, Продавец передаёт Покупателю при Поставке право собственности на воздушное судно, свободное и чистое от каких-либо прав третьих лиц. |
| 2.4     Aircraft shall be passed under act of acceptance-transfer, executed in accordance with the Attachment No. 2, in completeness according to the accompanying technical documentation. | 2.4.    Воздушное судно передаётся по акту приема-передачи, оформленным в соответствии с Приложением № 2, в комплектации согласно сопроводительной технической документации. |
| 2.5     Title on aircraft shall be transferred to Purchaser upon receiving the money on currency account of Participant and signing the Act of acceptance-transfer for aircraft by it under paragraph 4.3 of this Agreement. | 2.5.    Право собственности на воздушное судно переходит к Покупателю после поступления денежных средств на валютный счет Участника согласно пунк·у 4.3. настоящего Договора и подписания им акта приема-передачи каждого воздушного судна. |

| 3. GENERAL PROVISIONS | 3. ОБЩИЕ ПОЛОЖЕНИЯ |
|---|---|
| 3.1    This Agreement, including Attachments to it, constitutes the entire agreement, which cancels and prevails over any previous understandings, agreements or decisions, whether oral or written, between the Parties with respect to the subject matter of the Aircraft.<br><br>Attachments to this Agreement are its integral part and have equal legal effect with it. | 3.1.    Настоящий    Договор,    включая Приложения к нему, представляет собой полное соглашение, которое отменяет и превалирует над всеми предыдущими договоренностями,    соглашениями    или решениями, устными или письменными, между Сторонами относительно предмета настоящего                                   Договора. Приложения    к    настоящему    Договору являются его неотъемлемой частью и имеют одинаковую с ним юридическую силу. |
| 3.2    All terms and conditions of this Agreement are binding on and are applied to the Parties, their relevant legal successors or persons, to whom corresponding rights and/or obligations of the Parties may be assigned under mutual consent between the Parties. | 3.2    Все        положения        и        условия настоящего Договора имеют обязательный характер и применяются по отношению к Сторонам,            их            соответствующим правопреемникам или лицам, которым по взаимному согласованию между Сторонами могут быть переданы их соответствующие права и/или обязательства. |
| 3.3    Neither Seller, nor Purchaser may assign the rights and obligations under this agreement in whole or partially without prior written consent of other Parties. Assignment of the rights and obligations, made with breach of terms of this Agreement, shall be considered as invalid and illegal. Non-agreed assignment of whole or any part of rights under this Agreement shall not discharge assigning Party from obligations under this Agreement unless such discharge was expressly submitted in written by other Parties. | 3.3    Ни Продавец, ни Покупатель, ни Участник не могут передавать полностью или частично права и обязательства по настоящему        Договору        без предварительного письменного согласия других    Сторон.    Передача    прав    и обязательства,        осуществленная        с нарушением условий настоящего Договора, признается    не    действительной    и    не имеющей    юридической    силы.    Не согласованная,        не        запланированная передача всех или какой-либо части прав по настоящему Договору не освобождает передающую Сторону от обязательств по настоящему    Договору,    если    такое освобождение от обязательств не было явным    образом    в    письменной    форме предоставлено другими Сторонами. |
| 3.4    This Agreement shall become effective upon its signing by the Parties and registration in authorized bodies of the Republic of Uzbekistan and shall be valid till full performing the obligations by the Parties. | 3.4.    Настоящий Договор вступает в силу с момента его подписания Сторонами и регистрации в уполномоченных органах Республики Узбекистан и действует до полного        выполнения        обязательств Сторонами. |
| 3.5    The Parties have agreed that all correspondence under this Agreement shall be made in Russian and English. | 3.5    Стороны пришли к соглашению, что документооборот        по        исполнению Сторонами условий настоящего Договора составляется на русском и английском языках. |

| | |
|---|---|
| 3.6 This Agreement and its Attachments, being its integral part, are executed in Russian and English in three counterparts, having equal legal effect, one counterpart for each Party. In the case of any discrepancies between texts in Russian and English the text in Russian shall prevail. | 3.6 Настоящий Договор и Приложения к нему, являющиеся его неотъемлемой частью, составлены на русском и английском языках в трех экземплярах, имеющих одинаковую юридическую силу, по одному экземпляру для каждой из Сторон. В случае разногласий между русски и английским языком, текст на русском языке имеет преимущественную силу. |
| 3.7 Amendments, addendums to this Agreement shall be only valid, if they are executed in written, signed by authorized representatives of the Parties and registered according to the paragraph 3.4 of this Agreement. | 3.7 Изменения, дополнения к настоящему Договору будут действительны только в том случае, если составлены в письменной форме и подписаны полномочными представителями всех Сторон и зарегистрированы в соответствии с пунктом 3.4. настоящего Договора. |
| 3.8 Participant's obligation to deliver aircraft shall be conditional on satisfaction its preliminary conditions with Purchaser. | 3.8 Обязательство Участника поставить воздушное судно обусловлено выполнением его предварительной договоренности с Покупателем. |
| 3.9 Purchaser has agreed to take commercially reasonable efforts to perform preliminary conditions with Participant. | 3.9 Покупатель соглашается предпринять коммерчески обоснованные усилия для обеспечения выполнения предварительной договорённости с Участником. |
| 3.10 Purchaser's obligation to accept aircraft delivery in condition "as is, where is" shall be conditional on satisfaction its preliminary conditions with Seller and Participant. | 3.10 Обязательство Покупателя принять поставку воздушного судна в состоянии «как есть, где есть» обусловлено выполнением его предварительной договоренности с Продавцом и Участником. |
| 3.11 Participant has agreed to take commercially reasonable efforts to perform preliminary conditions with Purchaser. | 3.11 Участник соглашается предпринять коммерчески обоснованные усилия для обеспечения выполнения предварительной договорённости с Покупателем. |
| **4. PRICE AND PAYMENT ORDER** | **4. ВЫКУПНАЯ ЦЕНА И ПОРЯДОК ЕЁ ОПЛАТЫ** |
| 4.1 Price of aircraft in total is indicated in Attachments No. 1 of this Agreement and shall be transferred to the currency account of the Participant under terms of this Agreement. | 4.1 Выкупная цена за воздушное судно в целом указана в Приложении №1 настоящего Договора и должна быть переведена на валютный счет Участника в соответствии с условиями настоящего Договора. |
| 4.2 Price of aircraft is the following: A-310 MSN 706 - 2,000,000.00 US dollars; | 4.2 Выкупная цена воздушного судна составляет: А-310 заводской № 706 - 2 000 000 долларов США; |

| English | Russian |
|---|---|
| 4.3   In accordance with provisions of this Agreement, after signing of it by the Parties, registration in authorized bodies of the Republic of Uzbekistan and after becoming effective under paragraph 3.4, the Payer shall make inspection of aircraft and signs the acts of technical inspection of aircraft. During 10 business days Payer shall make 100% direct advance payment to the currency account of the NAC "Uzbekistan Airways". | 4.3   В соответствии с положениями настоящего Договора, после подписания Сторонами настоящего Договора, регистрации его в уполномоченных органах Республики Узбекистан и, после вступления Договора в силу в соответствии с п.3.4., Покупатель производит осмотр воздушного судна и подписывает Акт технического осмотра воздушного судна, и в течение 10 рабочих дней, с даты подписания данного Акта, осуществляет 100% предоплату в виде прямого платёжа на валютный счет НАК «Узбекистон хаво йуллари». |
| 4.4   Net amount of payment for aircraft shall be transferred to the currency account of the Participant in US Dollars. | 4.4   Чистая сумма выкупного платежа за воздушное судно должна быть переведена в Долларах США на банковский счет Участника. |
| 4.5   Purchaser shall reimburse Participant for any expenses related to assessment and expertise of assessment of aircraft in amount 3655 US dollars as well as amount for payment of custom procedures within the territory of the Republic of Uzbekistan in amount of 0,1% of customs valuation on the date of payment. | 4.5.   Покупатель возмещает Участнику расходы Участника, связанные с оценкой и экспертизой оценки воздушных судов в размере 3 462,07 долларов США, а также сумму по оплате таможенных процедур на территории Республики Узбекистан в размере 0,1% от таможенной стоимости на день оплаты. |
| 4.6   Date of money receiving on the currency account of the Participant shall be considered as date of payment. | 4.6.   Датой оплаты считается дата поступления денежных средств на валютный счет Участника. |
| **5. SELLER'S OBLIGATIONS** | **5   ОБЯЗАТЕЛЬСТВА ПРОДАВЦА** |
| 5.1   Seller undertakes to make registration of this Agreement. | 5.1   Продавец обязуется произвести регистрацию настоящего Договора. |
| **6. PURCHASER'S RIGHTS AND OBLIGATIONS** | **6. ПРАВА И ОБЯЗАТЕЛЬСТВА ПОКУПАТЕЛЯ** |
| 6.1   Purchaser or its representatives shall have the right for "preliminary inspection" of aircraft before inspection of its technical condition and before date of Delivery to confirm compliance with uninterrupted performing the regulation on aircraft storage at the moment of Delivery. | 6.1   Покупатель или его представители имеют право произвести "предварительный осмотр" воздушного судна до проведения инспекции его технического состояния и до даты Поставки, чтобы подтвердить соблюдение беспрерывного выполнения регламентов по хранению воздушного судна на момент Поставки. |
| 6.2   After execution of this Agreement Purchaser shall have the right for its own account to make inspection of technical condition of aircraft on or before the date of Delivery to receive evidence that aircraft satisfies the terms of Delivery. Such inspection shall be performed during 10 days from the | 6.2   После подписания настоящего договора, Покупатель за свой счет имеет право произвести инспекцию технического состояния воздушного судна на момент или до даты Поставки, чтобы убедиться, что воздушное судно соответствует условиям Поставки. Такая инспекция |

| | |
|---|---|
| date and in such place that shall be agreed by the Participant and Purchaser. | будет проведена в течение 10 дней с момента и в том месте, которые согласуют Участник и Покупатель. |
| Inspection shall include: | Инспекция должна включать: |
| 1.   physical inspection of technical documentation of aircraft; | 1.   физическую инспекцию технической документации на воздушное судно; |
| 2.   physical inspection of aircraft: | 2.   физическую инспекцию воздушного судна: |
| (a) performing full video-inspection by baroscopic (A) high-pressure compressors and low-pressure compressors and (B) turbine zone of engine as well as full; | (a)   выполнение полной видео-инспекции бароскопом (А) компрессоров низкого и высокого давления и (В) зоны турбины двигателей; |
| (b) engines starting in accordance with relevant maintenance manual; | (b)   выполнение запусков двигателей в соответствии с применимым руководством по техническому обслуживанию; |
| (c) aircraft checking on presence of structural repairs and compliance of these repairs with Manufacturer's manual on structural repairs or Manufacturer's recommendations, as applicable; | (c)   проверку воздушного судна на наличие структурных ремонтов и соответствие указанных ремонтов Руководству изготовителя по структурным ремонтам или Рекомендациям изготовителя, как применимо; |
| 6.3   If results of inspection are unsatisfied, then Purchaser on its own and sole discretion during ten (10) days shall make decision and notify the Seller about the fact that Purchaser will not purchase aircraft and cancels this Agreement. | 6.3   При неудовлетворительных результатах инспекция, по единоличному и исключительному решению Покупателя, Покупатель имеет десять (10) рабочих дней для принятия решения и извещения Продавца о том, что Покупатель не будет покупать воздушное судно и прерывает настоящий Договор. |
| 6.4   Purchaser shall indemnify and hold Participant, its directors, officers, employees, agents and subcontractors harmless from any claims and losses resulted from death or body injury of some representative or employee of Purchaser in connection with any demonstrative flight or aircraft inspection under this Agreement unless they are caused by gross negligence or willful carelessness of Participant. | 6.4   Покупатель возместит и будет поддерживать освобождение Участника, его директоров, руководителей, работников, агентов и субподрядчиков от всех исков и потерь, возникших из-за смерти или травмы какого-либо представителя или работника Покупателя в связи с каким-либо демонстрационным полетом или инспекцией воздушного судна, согласно данному Договору, если только они не вызваны грубой небрежностью или намеренной халатностью Участника. |
| 6.5   Purchaser shall make payment in amount of aircraft price as well as penalties (if any) in order and in form provided for in paragraphs 4.3 and 11.3 of this Agreement. | 6.5   Покупатель производит оплату в размере выкупного платежа за воздушное судно, а также пени, в случае их возникновения, в порядке и в сроки, предусмотренные пунктами 4.3 и 11.3 настоящего Договора. |

| | |
|---|---|
| 6.6    Purchaser shall reimburse the expenses of Participant, indicated in paragraph 4.5 of this Agreement during ten (10) business days from the moment of invoice receiving. | 6.6    Покупатель возмещает в течение 10 (десяти) рабочих дней с момента получения выставленных счетов Участника, указанные в пункте 4.5. настоящего Договора. |
| 6.7    Purchaser shall make acceptance of aircraft and its technical documentation under this Agreement. Results of acceptance-transfer of aircraft shall be executed in form of Act of acceptance-transfer, signed by the Participant and Purchaser. | 6.7    Покупатель, на условиях настоящего Договора осуществляет приемку воздушного судна и его технической документации. Результаты приема-передачи воздушного судна оформляются двусторонним Актом приема-передачи, подписанным Участником и Покупателем. |
| 6.8    Purchaser shall bear all risks of loss, damage, technical condition and completeness of aircraft upon transferring the aircraft to the possession of Purchaser. | 6.8    Покупатель несёт все риски утраты, повреждения, технического состояния и комплектности воздушного судна с момента перехода воздушного судна в собственность Покупателя. |
| 6.9    Purchaser shall in its own account obtain official permissions, perform all customs formalities needed for aircraft import to the Purchaser's country. | 6.9    Покупатель за свой счет получает официальные разрешения, выполняет все таможенные формальности, необходимые для ввоза воздушного судна в страну Покупателя. |
| **7. RIGHTS AND OBLIGATIONS OF PARTICIPANT** | **7. ПРАВА И ОБЯЗАТЕЛЬСТВА УЧАСТНИКА ДОГОВОРА** |
| 7.1    Before signing this Agreement the Participant together with Purchaser shall make preliminary inspection of aircraft. | 7.1    Участник совместно с Покупателем до момента подписания настоящего Договора произведёт осмотр воздушного судна |
| 7.2    Participant shall agree with Purchaser the date and time of inspection of technical condition of aircraft by Purchaser's representatives as well as assist in its implementation during 10 next days. | 7.2    Участник согласует с Покупателем дату и время проведения представителями Покупателя инспекции технического состояния воздушного судна, а также окажет содействие в её проведении в течение 10 последующих дней. |
| 7.3    Participant shall agree with Purchaser the date of Delivery of aircraft and transfer the aircraft to Purchaser with execution of the Act of acceptance-transfer for aircraft as well as pass accompanying technical documentation and other documents and documents needed for Purchaser for customs clearance and registration of aircraft in the country of importation. | 7.3    Участник согласует с Покупателем дату Поставки воздушного судна и передаст Покупателю воздушное судно с оформлением Акта приема-передачи на воздушное судно, а также передаст сопроводительную техническую документацию и иные документы, а также документы, необходимые Покупателю для таможенной очистки и регистрации воздушного судна в стране ввоза. |
| 7.4    Participant shall have ten (10) business days from submitting the written application by Purchaser for consideration of discrepancies found by Purchaser during technical inspection | 7.4    Участник имеет десять (10) рабочих дней, с момента предъявления Покупателем письменного заявления, для рассмотрения недостатков выявленных Покупателем в |

| | |
|---|---|
| of aircraft and giving notification to Purchaser about its decision either (a) to rectify defects on account of Participant or (b) to decline the requirement on defects fixing and terminate this Agreement. | ходе технической инспекции воздушного судна и извещения Покупателя о принятом решении Участника: (а) устранить выявленные недостатки за счет Участника; или (b) отклонить требование по устранению выявленных недостатков или прервать настоящий Договор. |
| 7.5    Participant shall fix defects found by Purchaser during inspection of aircraft at its transfer during twenty (20) calendar days. | 7.5    Участник устранит недостатки, выявленные Покупателем в ходе технической инспекции воздушного судна при его передаче в течение 20 (двадцати) календарных дней. |
| 7.6    Participant shall provide performing of all formalities (including customs procedures), set for aircraft export from the country of Seller. | 7.6    Участник обеспечит выполнение всех формальностей (в том числе таможенных процедур), установленных при вывозе воздушного судна из страны Продавца. |
| 7.7    Participant shall inform Purchaser in writing during four (4) days about registration of this Agreement in authorized bodies of the Republic of Uzbekistan. | 7.7    Участник в 4-х дневной срок письменно уведомит Покупателя о регистрации настоящего Договора в уполномоченных органах Республики Узбекистан. |
| 7.8    Participant shall indemnify and hold Purchaser, its directors, officers, employees, agents and subcontractors harmless from any claims and losses resulted from death or body injury of some representative or employee of Participant in connection with any demonstrative flight or aircraft inspection under this Agreement unless they are caused by gross negligence or willful carelessness of Purchaser. | 7.8    Участник возместит и будет поддерживать освобождение Покупателя, его директоров, руководителей, работников, агентов и субподрядчиков от всех исков и потерь, возникших из-за смерти или травмы какого-либо представителя или работника Участника в связи с каким-либо демонстрационным полетом или инспекцией воздушного судна согласно данному Договору, если только они не вызваны грубой небрежностью или намеренной халатностью Покупателя. |
| **8. TERMS AND DATES OF AIRCRAFT TRANSFERRING** | **8. УСЛОВИЯ И СРОКИ ПЕРЕДАЧИ ВОЗДУШНЫХ СУДОВ** |
| 8.1    Transfer of aircraft shall be performed by Participant on the terms "FCA International airport Tashkent", Republic of Uzbekistan in accordance with "Incoterms-2010" | 8.1    Передача воздушного судна будет осуществлена Участником на условиях «FCA – Международный аэропорт «Ташкент», Республика Узбекистан, в соответствии с «Инкотермс-2010». |
| 8.2    Date of signing the Act of acceptance-transfer of aircraft by representatives of Participant and Purchaser shall be considered as date of aircraft transfer. | 8.2    Датой передачи воздушного судна считается дата подписания Акта приема-передачи представителями Участника и Покупателя. |
| 8.3    Act of acceptance-transfer of aircraft shall be signed by Participant and Purchaser | 8.3    Акт приёма-передачи воздушного судна подписывается Участником и |

RA1

| AGREEMENT № ∠ ON SALE-PURCHASE OF AIRCRAFT | ДОГОВОР № ∠ КУПЛИ-ПРОДАЖИ ВОЗДУШНОГО СУДНА |
|---|---|
| BETWEEN | МЕЖДУ |
| STATE COMMITTEE OF THE REPUBLIC OF UZBEKISTAN FOR PRIVATIZATION, DEMONOPOLIZATION AND DEVELOPMENT OF COMPETITION | ГОСУДАРСТВЕННЫМ КОМИТЕТОМ РЕСПУБЛИКИ УЗБЕКИСТАН ПО ПРИВАТИЗАЦИИ, ДЕМОНОПОЛИЗАЦИИ И РАЗВИТИЮ КОНКУРЕНЦИИ |
| AND COMPANY "RUSAVIAINVEST" | И КОМПАНИЕЙ «РУСАВИАИНВЕСТ» |
| WITH PARTICIPATION | С УЧАСТИЕМ |
| OF THE NATIONAL AIRCOMPANY OF THE REPUBLIC OF UZBEKISTAN "UZBEKISTAN AIRWAYS" | НАЦИОНАЛЬНОЙ АВИАКОМПАНИИ РЕСПУБЛИКИ УЗБЕКИСТАН «УЗБЕКИСТОН ХАВО ЙУЛЛАРИ» |
| Tashkent city    "∠" 2016 | Ташкент    "∠" 2016 |
| THE PRESENT AGREEMENT of sale-purchase of aircraft (hereinafter - "Agreement") is executed in Tashkent between: | НАСТОЯЩИЙ ДОГОВОР купли-продажи воздушного судна (далее - «Договор») заключен в г. Ташкенте между: |
| STATE COMMITTEE OF THE REPUBLIC OF UZBEKISTAN FOR PRIVATIZATION, DEMONOPOLIZATION AND DEVELOPMENT OF COMPETITION (hereinafter - "Seller"), having its legal address at 55, Uzbekistan avenue, Tashkent, 100003, Republic of Uzbekistan, represented by the First Deputy Chairman S.X.Gafarov, acting under Statute and Order No. 174k-LS dated 04.12.2014. | ГОСУДАРСТВЕННЫМ КОМИТЕТОМ РЕСПУБЛИКИ УЗБЕКИСТАН ПО ПРИВАТИЗАЦИИ, ДЕМОНОПОЛИЗАЦИИ И РАЗВИТИЮ КОНКУРЕНЦИИ (далее - «Продавец»), имеющим юридический адрес: 100003, Республика Узбекистан, г. Ташкент, проспект Узбекистанский, 55, в лице Первого заместителя Председателя С.Х.Гафарова, действующего на основании Положения и приказа от 04.12.2014г., №174к-ЛС; |
| company "RUSAVIAINVEST" Ltd. (hereinafter – "Purchaser"), having its legal address at 25, 1st Sovict side street, Shchelkovo, Moscow, 141100 Russia, represented by the Director General A.K.Vorobyev, acting under Statute, | компанией ООО «РУСАВИАИНВЕСТ» (далее - «Покупатель»), имеющей юридический адрес: 141100 Россия, г. Москва, Щелково, 1-й Советский переулок, 25, в лице Генерального директора Воробьёва А.К., действующего на основании Устава; |
| with participation of the NATIONAL AIRCOMPANY OF THE REPUBLIC OF UZBEKISTAN "UZBEKISTAN AIRWAYS" (hereinafter - "Participant"), having its legal address at 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan, represented by the Director General V.N.Tyan, acting under Statute | с участием НАЦИОНАЛЬНОЙ АВИАКОМПАНИИ РЕСПУБЛИКИ УЗБЕКИСТАН «О'ZBEKISTON HAVO YO'LLARI» (далее - «Участник»), имеющей юридический адрес: 100060, Республика Узбекистан, г. Ташкент, проспект Амира Темура, 41, в лице Генерального директора Тяна В.Н., действующего на основании Устава. |
| Collectively hereinafter they are named as "Parties" and individually as "Party" | Все вместе именуемые как «Стороны» и каждая по отдельности «Сторона». |

| HEREBY IT IS AGREED the following: | НАСТОЯЩИМ ДОСТИГНУТО СОГЛАШЕНИЕ о следующем: |
|---|---|
| 1.  DEFINITIONS AND THEIR INTERPRETATION | 1.  ОПРЕДЕЛЕНИЯ И ИХ ИНТЕРПРЕТАЦИЯ |
| Act of assessment of the technical condition of aircraft means document, presenting the results of mutual assessment of actual technical condition and completeness of aircraft through its inspection and confirmation by signatures of representatives of the Participant and the Purchaser | Акт технического осмотра воздушного судна – документ, отражающий результаты совместной оценки фактического технического состояния и комплектности воздушного судна путем его инспектирования и подтверждения подписями представителей Участника и Покупателя. |
| Act of acceptance-transfer of aircraft (hereinafter – "Act of acceptance-transfer") means document evidencing the fact of acceptance and transfer of aircraft and being the integral part of this Agreement, confirmed by signatures of representatives of the Participant and the Purchaser (Attachment No. 2) | Акт приема-передачи воздушного судна (далее по тексту Договора – «Акт приема-передачи») - документ, подтверждающий факт приема и передачи воздушного судна, являющийся неотъемлемой частью настоящего Договора, подтвержденный подписями представителей Участника и Покупателя. (Приложение № 2) |
| Aircraft means description of aircraft, including individual references to all engines, parts and documentation on aircraft, listed in Attachments No. 3 | Воздушное судно  описание воздушного судна, включая отдельные ссылки на все двигатели, части и документацию по воздушному судну, указанному в приложении № 3 |
| Aircraft documentation means all log books, records, manuals and other documents, to this Agreement, and all addendums, renewals and amendments made on them before transferring the aircraft to Purchaser. | Документация по воздушному судну - все бортовые журналы, записи по воздушному судну, руководства и другие документы, к настоящему Договору, и все дополнения, обновления и замены, сделанные по ним до передачи воздушного судна Покупателю. |
| Business Day means any day other than a Saturday, Sunday or holidays, on which banks are opened for business in all cities, mentioned in this Agreement. | Рабочий день – любой день, кроме субботы или воскресенья, либо праздников, на который банки открыты для бизнеса во всех городах, указанных в настоящем Договоре. |
| Delivery means transfer of title on aircraft from Participant to Purchaser under this Agreement. | Поставка - передача права собственности на воздушное судно от Участника к Покупателю согласно настоящему Договору. |
| Aircraft condition at delivery "as is, where is" means technical condition of aircraft, at the moment of its Delivery. | Состояние воздушного судна при поставке «как есть, где есть» - техническое состояние воздушного судна на момент Поставки |
| Delivery date means the day, which is Business Day and on which the aircraft delivery occurs. | Дата поставки - дата, которая является рабочим днем и на которую происходит поставка воздушного судна. |

AR 0354

| | |
|---|---|
| Partial aircraft loss means partial damages of aircraft which are not the causes of total aircraft loss. | Частичная потеря воздушного судна - частичные повреждения воздушного судна, которые не являются причиной полной утраты воздушного судна. |
| Sale Documents include this Agreement, Act of acceptance-transfer of aircraft and any written document, agreed by the Parties and amended or added any of above mentioned documents of this Agreement. | Документы по продаже - включают в себя настоящий Договор, Акт приёма-передачи воздушного судна, и любое письменное соглашение, согласованное Сторонами, изменяющее или дополняющее любой из вышеуказанных документов настоящего Договора. |
| **2.    AGREEMENT SUBJECT** | **2.    ПРЕДМЕТ ДОГОВОРА'** |
| 2.1     According to the resolution of the Interdepartmental Commission on considering the matters and preparing the conclusions regarding write-off of fixed assets of the National Aircompany "Uzbekistan Airways" (Protocol No. 90 dated 18.06.2015) and Order of the President of the Republic of Uzbekistan No. R-4502 dated 14.07.2015, the Seller and Participant shall transfer aircraft A-310 MSN 706 to the possession of Purchaser under Attachments No. 1, being the integral part of this Agreement, in condition "as is, where is", Purchaser shall pay its price and accept it in accordance with the terms and in order, provided for by this Agreement. | 2.1     В соответствии с заключением Межведомственной комиссии по рассмотрению вопросов и подготовке заключений о списании с баланса НАК «Узбекистон хаво йуллари» основных средств (протокол от 18.06.2015г № 90), Распоряжением Президента Республики Узбекистан от 14.07.2015г № Р-4502, Продавец и Участник передают в собственность Покупателю воздушное судно А-310 заводской № 706 согласно Приложению №1, являющемуся неотъемлемой частью настоящего Договора, в состоянии «как есть, где есть», а Покупатель принимает его в соответствии с условиями и порядком, предусмотренным настоящим Договором. |
| 2.2     At the execution of this Agreement the aircraft is the property of the Republic of Uzbekistan, is not in any pledge, and there is no any encumbrance on it. | 2.2     Воздушное судно на момент заключения настоящего Договора является собственностью Республики Узбекистан, не находится в залоге и на него отсутствуют какие-либо обременения. |
| 2.3     Subject to the provisions of this Agreement Seller shall transfer to Purchaser upon Delivery the title on aircraft, free and clear of any rights of third parties. | 2.3     Согласно статьям настоящего Договора, Продавец передаёт Покупателю при Поставке право собственности на воздушное судно, свободное и чистое от каких-либо прав третьих лиц. |
| 2.4     Aircraft shall be passed under act of acceptance-transfer, executed in accordance with the Attachment No. 2, in completeness according to the accompanying technical documentation. | 2.4     Воздушное судно передаётся по акту приема-передачи, оформленным в соответствии с Приложением № 2, в комплектации согласно сопроводительной технической документации. |
| 2.5     Title on aircraft shall be transferred to Purchaser upon receiving the money on currency account of Participant and signing the Act of acceptance-transfer for aircraft by it under paragraph 4.3 of this Agreement. | 2.5     Право собственности на воздушное судно переходит к Покупателю после поступления денежных средств на валютный счет Участника согласно пункту 4.3. настоящего Договора и подписания им акта приема-передачи каждого воздушного судна. |

| 3. GENERAL PROVISIONS | 3. ОБЩИЕ ПОЛОЖЕНИЯ |
|---|---|
| 3.1    This Agreement, including Attachments to it, constitutes the entire agreement, which cancels and prevails over any previous understandings, agreements or decisions, whether oral or written, between the Parties with respect to the subject matter of the Aircraft.<br><br>Attachments to this Agreement are its integral part and have equal legal effect with it. | 3.1.    Настоящий    Договор,    включая Приложения к нему, представляет собой полное соглашение, которое отменяет и превалирует над всеми предыдущими договоренностями,    соглашениями    или решениями, устными или письменными, между Сторонами относительно предмета настоящего                Договора. Приложения к настоящему Договору являются его неотъемлемой частью и имеют одинаковую с ним юридическую силу. |
| 3.2    All terms and conditions of this Agreement are binding on and are applied to the Parties, their relevant legal successors or persons, to whom corresponding rights and/or obligations of the Parties may be assigned under mutual consent between the Parties. | 3.2    Все        положения        и        условия настоящего Договора имеют обязательный характер и применяются по отношению к Сторонам,        их        соответствующим правопреемникам или лицам, которым по взаимному согласованию между Сторонами могут быть переданы их соответствующие права и/или обязательства. |
| 3.3    Neither Seller, nor Purchaser may assign the rights and obligations under this agreement in whole or partially without prior written consent of other Parties. Assignment of the rights and obligations, made with breach of terms of this Agreement, shall be considered as invalid and illegal. Non-agreed assignment of whole or any part of rights under this Agreement shall not discharge assigning Party from obligations under this Agreement unless such discharge was expressly submitted in written by other Parties. | 3.3    Ни Продавец, ни Покупатель, ни Участник не могут передавать полностью или частично права и обязательства по настоящему        Договору        без предварительного письменного согласия других    Сторон.    Передача    прав    и обязательств,        осуществленная        с нарушением условий настоящего Договора, признается    не    действительной    и    не имеющей    юридической    силы.    Не согласованная,        не        запланированная передача всех или какой-либо части прав по настоящему Договору не освобождает передающую Сторону от обязательства по настоящему    Договору,    если    такое освобождение от обязательств не было явным образом в письменной форме предоставлено другими Сторонами. |
| 3.4    This Agreement shall become effective upon its signing by the Parties and registration in authorized bodies of the Republic of Uzbekistan and shall be valid till full performing the obligations by the Parties. | 3.4.    Настоящий Договор вступает в силу с момента его подписания Сторонами и регистрации в уполномоченных органах Республики Узбекистан и действует до полного        выполнения        обязательств Сторонами. |
| 3.5    The Parties have agreed that all correspondence under this Agreement shall be made in Russian and English. | 3.5    Стороны пришли к соглашению, что документооборот        по        исполнению Сторонами условий настоящего Договора составляется на русском и английском языках. |

| | |
|---|---|
| 3.6 This Agreement and its Attachments, being its integral part, are executed in Russian and English in three counterparts, having equal legal effect, one counterpart for each Party. In the case of any discrepancies between texts in Russian and English the text in Russian shall prevail. | 3.6 Настоящий Договор и Приложения к нему, являющиеся его неотъемлемой частью, составлены на русском и английском языках в трех экземплярах, имеющих одинаковую юридическую силу, по одному экземпляру для каждой из Сторон. В случае разногласий между русским и английским языком, текст на русском языке имеет преимущественную силу. |
| 3.7 Amendments, addendums to this Agreement shall be only valid, if they are executed in written, signed by authorized representatives of the Parties and registered according to the paragraph 3.4 of this Agreement. | 3.7 Изменения, дополнения к настоящему Договору будут действительны только в том случае, если составлены в письменной форме и подписаны полномочными представителями всех Сторон и зарегистрированы в соответствии с пунктом 3.4. настоящего Договора. |
| 3.8 Participant's obligation to deliver aircraft shall be conditional on satisfaction its preliminary conditions with Purchaser. | 3.8 Обязательство Участника поставить воздушное судно обусловлено выполнением его предварительной договоренности с Покупателем. |
| 3.9 Purchaser has agreed to take commercially reasonable efforts to perform preliminary conditions with Participant. | 3.9 Покупатель соглашается предпринять коммерчески обоснованные усилия для обеспечения выполнения предварительной договорённости с Участником. |
| 3.10 Purchaser's obligation to accept aircraft delivery in condition "as is, where is" shall be conditional on satisfaction its preliminary conditions with Seller and Participant. | 3.10 Обязательство Покупателя принять поставку воздушного судна в состоянии «как есть, где есть» обусловлено выполнением его предварительной договоренности с Продавцом и Участником. |
| 3.11 Participant has agreed to take commercially reasonable efforts to perform preliminary conditions with Purchaser. | 3.11 Участник соглашается предпринять коммерчески обоснованные усилия для обеспечения выполнения предварительной договорённости с Покупателем. |
| **4. PRICE AND PAYMENT ORDER** | **4. ВЫКУПНАЯ ЦЕНА И ПОРЯДОК ЕЁ ОПЛАТЫ** |
| 4.1 Price of aircraft in total is indicated in Attachments No. 1 of this Agreement and shall be transferred to the currency account of the Participant under terms of this Agreement. | 4.1 Выкупная цена за воздушное судно в целом указана в Приложении №1 настоящего Договора и должна быть переведена на валютный счет Участника в соответствии с условиями настоящего Договора. |
| 4.2 Price of aircraft is the following: A-310 MSN 706 - 2,000,000.00 US dollars; | 4.2 Выкупная цена воздушного судна составляет: А-310 заводской № 706 - 2 000 000 долларов США; |

| | |
|---|---|
| 4.3 In accordance with provisions of this Agreement, after signing of it by the Parties, registration in authorized bodies of the Republic of Uzbekistan and after becoming effective under paragraph 3.4, the Payer shall make inspection of aircraft and signs the acts of technical inspection of aircraft. During 10 business days Payer shall make 100% direct advance payment to the currency account of the NAC "Uzbekistan Airways". | 4.3 В соответствии с положениями настоящего Договора, после подписания Сторонами настоящего Договора, регистрации его в уполномоченных органах Республики Узбекистан и, после вступления Договора в силу в соответствии с п.3.4., Покупатель производит осмотр воздушного судна и подписывает Акт технического осмотра воздушного судна, и в течение 10 рабочих дней, с даты подписания данного Акта, осуществляет 100% предоплату в виде прямого платёжа на валютный счет НАК «Узбекистон хаво йуллари». |
| 4.4 Net amount of payment for aircraft shall be transferred to the currency account of the Participant in US Dollars. | 4.4 Чистая сумма выкупного платежа за воздушное судно должна быть переведена в Долларах США на банковский счет Участника. |
| 4.5 Purchaser shall reimburse Participant for any expenses related to assessment and expertise of assessment of aircraft in amount 3655 US dollars as well as amount for payment of custom procedures within the territory of the Republic of Uzbekistan in amount of 0,1% of customs valuation on the date of payment. | 4.5. Покупатель возмещает Участнику расходы Участника, связанные с оценкой и экспертизой оценки воздушных судов в размере 3 462,07 долларов США, а также сумму по оплате таможенных процедур на территории Республики Узбекистан в размере 0,1% от таможенной стоимости на день оплаты. |
| 4.6 Date of money receiving on the currency account of the Participant shall be considered as date of payment. | 4.6. Датой оплаты считается дата поступления денежных средств на валютный счет Участника. |
| **5. SELLER'S OBLIGATIONS** | **5 ОБЯЗАТЕЛЬСТВА ПРОДАВЦА** |
| 5.1 Seller undertakes to make registration of this Agreement. | 5.1 Продавец обязуется произвести регистрацию настоящего Договора. |
| **6. PURCHASER'S RIGHTS AND OBLIGATIONS** | **6. ПРАВА И ОБЯЗАТЕЛЬСТВА ПОКУПАТЕЛЯ** |
| 6.1 Purchaser or its representatives shall have the right for "preliminary inspection" of aircraft before inspection of its technical condition and before date of Delivery to confirm compliance with uninterrupted performing the regulation on aircraft storage at the moment of Delivery. | 6.1 Покупатель или его представители имеют право произвести "предварительный осмотр" воздушного судна до проведения инспекции его технического состояния и до даты Поставки, чтобы подтвердить соблюдение беспрерывного выполнения регламентов по хранению воздушного судна на момент Поставки. |
| 6.2 After execution of this Agreement Purchaser shall have the right for its own account to make inspection of technical condition of aircraft on or before the date of Delivery to receive evidence that aircraft satisfies the terms of Delivery. Such inspection shall be performed during 10 days from the | 6.2 После подписания настоящего договора, Покупатель за свой счет имеет право произвести инспекцию технического состояния воздушного судна на момент или до даты Поставки, чтобы убедиться, что воздушное судно соответствует условиям Поставки. Такая инспекция |

| | |
|---|---|
| date and in such place that shall be agreed by the Participant and Purchaser. | будет проведена в течение 10 дней с момента и в том месте, которые согласуют Участник и Покупатель. |
| Inspection shall include: | Инспекция должна включать: |
| 1.     physical inspection of technical documentation of aircraft; | 1.     физическую инспекцию технической документации на воздушное судно; |
| 2.     physical inspection of aircraft: | 2.     физическую инспекцию воздушного судна: |
| (a) performing full video-inspection by baroscopic (A) high-pressure compressors and low-pressure compressors and (B) turbine zone of engine as well as full; | (a)     выполнение полной видео-инспекции бароскопом (A) компрессоров низкого и высокого давления и (B) зоны турбины двигателей; |
| (b) engines starting in accordance with relevant maintenance manual; | (b)     выполнение запусков двигателей в соответствии с применимым руководством по техническому обслуживанию; |
| (c) aircraft checking on presence of structural repairs and compliance of these repairs with Manufacturer's manual on structural repairs or Manufacturer's recommendations, as applicable; | (c)     проверку воздушного судна на наличие структурных ремонтов и соответствие указанных ремонтов Руководству изготовителя по структурным ремонтам или Рекомендациям изготовителя, как применимо; |
| 6.3    If results of inspection are unsatisfied, then Purchaser on its own and sole discretion during ten (10) days shall make decision and notify the Seller about the fact that Purchaser will not purchase aircraft and cancels this Agreement. | 6.3    При неудовлетворительных результатах инспекции, по единоличному и исключительному решению Покупателя, Покупатель имеет десять (10) рабочих дней для принятия решения и извещения Продавца о том, что Покупатель не будет покупать воздушное судно и прерывает настоящий Договор. |
| 6.4    Purchaser shall indemnify and hold Participant, its directors, officers, employees, agents and subcontractors harmless from any claims and losses resulted from death or body injury of some representative or employee of Purchaser in connection with any demonstrative flight or aircraft inspection under this Agreement unless they are caused by gross negligence or willful carelessness of Participant. | 6.4    Покупатель возместит и будет поддерживать освобождение Участника, его директоров, руководителей, работников, агентов и субподрядчиков от всех исков и потерь, возникших из-за смерти или травмы какого-либо представителя или работника Покупателя в связи с каким-либо демонстрационным полетом или инспекцией воздушного судна, согласно данному Договору, если только они не вызваны грубой небрежностью или намеренной халатностью Участника. |
| 6.5    Purchaser shall make payment in amount of aircraft price as well as penalties (if any) in order and in form provided for in paragraphs 4.3 and 11.3 of this Agreement. | 6.5    Покупатель производит оплату в размере выкупного платежа за воздушное судно, а также пени, в случае их возникновения, в порядке и в сроки, предусмотренные пунктами 4.3 и 11.3 настоящего Договора. |

| English | Russian |
|---|---|
| 6.6   Purchaser shall reimburse the expenses of Participant, indicated in paragraph 4.5 of this Agreement during ten (10) business days from the moment of invoice receiving. | 6.6   Покупатель возмещает в течение 10 (десяти) рабочих дней с момента получения выставленных счетов расходы Участника, указанные в пункте 4.5. настоящего Договора. |
| 6.7   Purchaser shall make acceptance of aircraft and its technical documentation under this Agreement. Results of acceptance-transfer of aircraft shall be executed in form of Act of acceptance-transfer, signed by the Participant and Purchaser. | 6.7   Покупатель, на условиях настоящего Договора осуществляет приемку воздушного судна в его технической документации. Результаты приема-передачи воздушного судна оформляются двусторонним Актом приема-передачи, подписанным Участником и Покупателем. |
| 6.8   Purchaser shall bear all risks of loss, damage, technical condition and completeness of aircraft upon transferring the aircraft to the possession of Purchaser. | 6.8   Покупатель несёт все риски утраты, повреждения, технического состояния и комплектности воздушного судна с момента перехода воздушного судна в собственность Покупателя. |
| 6.9   Purchaser shall in its own account obtain official permissions, perform all customs formalities needed for aircraft import to the Purchaser's country. | 6.9   Покупатель за свой счет получает официальные разрешения, выполняет все таможенные формальности, необходимые для ввоза воздушного судна в страну Покупателя. |
| **7. RIGHTS AND OBLIGATIONS OF PARTICIPANT** | **7. ПРАВА И ОБЯЗАТЕЛЬСТВА УЧАСТНИКА ДОГОВОРА** |
| 7.1   Before signing this Agreement the Participant together with Purchaser shall make preliminary inspection of aircraft. | 7.1   Участник совместно с Покупателем до момента подписания настоящего Договора произведёт осмотр воздушного судна |
| 7.2   Participant shall agree with Purchaser the date and time of inspection of technical condition of aircraft by Purchaser's representatives as well as assist in its implementation during 10 next days. | 7.2   Участник согласует с Покупателем дату и время проведения представителями Покупателя инспекции технического состояния воздушного судна, а также окажет содействие в её проведении в течение 10 последующих дней. |
| 7.3   Participant shall agree with Purchaser the date of Delivery of aircraft and transfer the aircraft to Purchaser with execution of the Act of acceptance-transfer for aircraft as well as pass accompanying technical documentation and other documents and documents needed for Purchaser for customs clearance and registration of aircraft in the country of importation. | 7.3   Участник согласует с Покупателем дату Поставки воздушного судна и передаст Покупателю воздушное судно с оформлением Акта приема-передачи на воздушное судно, а также передаст сопроводительную техническую документацию и иные документы, а также документы, необходимые Покупателю для таможенной очистки и регистрации воздушного судна в стране ввоза. |
| 7.4   Participant shall have ten (10) business days from submitting the written application by Purchaser for consideration of discrepancies found by Purchaser during technical inspection | 7.4   Участник имеет десять (10) рабочих дней, с момента предъявления Покупателем письменного заявления, для рассмотрения недостатков выявленных Покупателем в |

AR 0360

| | |
|---|---|
| of aircraft and giving notification to Purchaser about its decision either (a) to rectify defects on account of Participant or (b) to decline the requirement on defects fixing and terminate this Agreement. | ходе технической инспекции воздушного судна и извещения Покупателем о принятом решении Участника: (а) устранить выявленные недостатки за счет Участника; или (b) отклонить требование по устранению выявленных недостатков или прервать настоящий Договор. |
| 7.5   Participant shall fix defects found by Purchaser during inspection of aircraft at its transfer during twenty (20) calendar days. | 7.5   Участник устранит недостатки, выявленные Покупателем в ходе технической инспекции воздушного судна при его передаче в течение 20 (двадцати) календарных дней. |
| 7.6   Participant shall provide performing of all formalities (including customs procedures), set for aircraft export from the country of Seller. | 7.6   Участник обеспечит выполнение всех формальностей (в том числе таможенных процедур), установленных при вывозе воздушного суда из страны Продавца. |
| 7.7   Participant shall inform Purchaser in writing during four (4) days about registration of this Agreement in authorized bodies of the Republic of Uzbekistan. | 7.7   Участник в 4-х дневной срок письменно уведомит Покупателя о регистрации настоящего Договора в уполномоченных органах Республики Узбекистан. |
| 7.8   Participant shall indemnify and hold Purchaser, its directors, officers, employees, agents and subcontractors harmless from any claims and losses resulted from death or body injury of some representative or employee of Participant in connection with any demonstrative flight or aircraft inspection under this Agreement unless they are caused by gross negligence or willful carelessness of Purchaser. | 7.8   Участник возместит и будет поддерживать освобождение Покупателя, его директоров, руководителей, работников, агентов и субподрядчиков от всех исков и потерь, возникших из-за смерти или травмы какого-либо представителя или работника Участника в связи с каким-либо демонстрационным полетом или инспекцией воздушного судна согласно данному Договору, если только они не вызваны грубой небрежностью или намеренной халатностью Покупателя. |
| 8. TERMS AND DATES OF AIRCRAFT TRANSFERRING | 8. УСЛОВИЯ И СРОКИ ПЕРЕДАЧИ ВОЗДУШНЫХ СУДОВ |
| 8.1   Transfer of aircraft shall be performed by Participant on the terms "FCA - International airport Tashkent", Republic of Uzbekistan in accordance with "Incoterms-2010" | 8.1   Передача воздушного судна будет осуществлена Участником на условиях «FCA - Международный аэропорт «Ташкент», Республика Узбекистан, в соответствии с «Инкотермс-2010». |
| 8.2   Date of signing the Act of acceptance-transfer of aircraft by representatives of Participant and Purchaser shall be considered as date of aircraft transfer. | 8.2   Датой передачи воздушного суда считается дата подписания Акта приема-передачи представителями Участника и Покупателя. |
| 8.3   Act of acceptance-transfer of aircraft shall be signed by Participant and Purchaser | 8.3   Акт приёма-передачи воздушного судна подписывается Участником и |

| | |
|---|---|
| after technical inspection of aircraft and fixing the found discrepancies by Participant. | Покупателем после проведения его технического осмотра и устранения Участником выявленных несоответствий. |
| 8.4   Fixing the discrepancies found during technical inspection of aircraft shall be performed by Participant during twenty (20) calendar days. | 8.4   Устранение недостатков, выявленных в ходе технической инспекции воздушного судна, будет осуществлено Участником в течение 20 (двадцати) календарных дней. |
| 8.5   Purchaser's representative shall have originals of power of attorney (in three exemplars) for aircraft obtaining and signing the Act of acceptance-transfer. | 8.5   Представитель Покупателя должен иметь оригиналы доверенности в трех экземплярах на право получения воздушного суда и подписания Акта приема-передачи. |
| 8.6   Risk of accidental loss or accidental damage of aircraft shall pass from Participant to Purchaser upon transferring the aircraft to the possession of Purchaser. | 8.6   Риск случайной утраты или случайного повреждения воздушного судна переходит от Участника к Покупателю с момента перехода воздушного судна в собственность Покупателя. |
| 8.7   In the place of acceptance-transfer of aircraft Purchaser on its own account shall make decoding of necessary equipment and remove registration and state marks in accordance with Aviation rules of the Republic of Uzbekistan unless otherwise agreed by the Parties. | 8.7   В пункте приема-передачи воздушного суда Покупатель за свой счет производит раскодировку необходимого оборудования и удаляет регистрационные, государственные опознавательные знаки и символики в соответствии с Авиационными правилами Республики Узбекистан, если иное не согласовано Сторонами. |
| **9. TECHNICAL DOCUMENTATION** | **9   ТЕХНИЧЕСКАЯ ДОКУМЕНТАЦИЯ** |
| 9.1   Technical documentation (logbooks, passports etc.) for aircraft, power unit, aggregates and componentry as well as additional equipment shall be properly executed and passed by Participant to Purchaser in whole volume. | 9.1   Техническая документация (формуляры, паспорта и т.д.) на воздушное судно, силовые установки, агрегаты и комплектующие изделия, а также дополнительное оборудование должна быть оформлена соответствующим образом и передана Участником Покупателю в полном объёме. |
| 9.2   Technical documentation shall contain all exploitation records, executed in established order, total operating time for aircraft, engines, units and aggregates as well as signatures and seals of operating enterprises. | 9.2   Техническая документация должна содержать все эксплуатационные записи, оформленные в установленном порядке, итоговые наработки воздушного судна, двигателей, узлов и агрегатов, а также подписи и печати эксплуатационных предприятий. |
| 9.3   Passing the documentation shall be recorded in the Act of acceptance-transfer. | 9.3   Передача документации отражается в Акте приема-передачи. |
| **10 PARTIES' GUARANTEES** | **10 ГАРАНТИИ СТОРОН** |
| 10.1   Each Party has all rights and authorities and has undertaken all necessary actions in | 10.1   Каждая из Сторон располагает всеми правами и полномочиями и предприняла |



accordance with its articles of association within the legislation in force for execution and performing this Agreement and for successful fulfillment of other actions provided for by this Agreement.

10.2   This Agreement is the legally executed instrument, valid and binding for fulfillment for each Parties and has legal force for each Parties in accordance with its provisions.

10.3   Purchaser confirms and ensures Seller and Participant that at date of signing this Agreement:

a) it is independent legal entity, properly established under the legislation of Russian Federation, and will carry out its activity regarding purchased aircraft according to the current legislation of state of registration;

b) persons, signing this Agreement on behalf of Purchaser, have been duly authorized;

c) it is not in process of any reorganization and doesn't assume the same that may materially adversely affect its relevant financial position or ability of Purchaser to perform obligations, set in this Agreement;

d) it has received all permissions of necessary governmental bodies in order to legally and efficiently carry out its business, and information advised to Seller regarding legal status of Purchaser is full and reliable.

---

все необходимые действия в соответствии со своими учредительными документами в рамках действующего законодательства для выполнения и оформления настоящего Договора, а также для успешного выполнения иных действий, предусмотренных настоящим Договором.

10.2   Настоящий Договор является юридически оформленным документом, действующим и обязательным к выполнению для каждой из Сторон и имеет юридическую силу в отношении каждой из Сторон в соответствии с его положениями.

10.3 Покупатель подтверждает и гарантирует Продавцу и Участнику, что на дату подписания настоящего Договора:

а) он является независимым юридическим лицом, надлежащим образом организованным по законодательству Российской Федерации, и будет осуществлять свою деятельность в отношении приобретаемого воздушного судна по действующему законодательству страны регистрации;

б) лица, подписывающие настоящий Договор от имени Покупателя, являются надлежащим образом уполномоченными;

в) он не находится в процессе какой-либо реорганизации или не предполагает таковую, которая могла бы существенно и неблагоприятно отразиться на его соответствующем финансовом положении или способности Покупателя выполнять обязательства, указанные в настоящем Договоре;

г) он располагает всеми одобрениями всех необходимых государственных органов для того, чтобы законно и эффективно вести свою хозяйственную деятельность, а информация, сообщенная Продавцу в отношении правового статуса Покупателя, является полной и достоверной.

AR 0363



| | |
|---|---|
| 10.4 Seller and Participant confirm and ensure Purchaser that at date of signing this Agreement:<br><br>they are independent legal entity, properly established under the legislation of the Republic of Uzbekistan, and will carry out its activity regarding aircraft according to the current legislation of the Republic of Uzbekistan;<br><br>persons, signing this Agreement on behalf of Purchaser, have been duly authorized;<br><br>they are not in process of any reorganization and don't assume the same that may materially adversely affect its relevant financial position or ability of Seller and Participant to perform obligations, set in this Agreement;<br><br>they have received all permissions of necessary governmental bodies in order to legally and efficiently carry out their business, and information advised to Purchaser regarding legal status of Seller and Participant is full and reliable. | 10.4. Продавец и Участник подтверждают и гарантируют Покупателю, что на дату подписания настоящего Договора:<br>а) они являются независимыми юридическими лицами, надлежащим образом организованными по законодательству Республики Узбекистан, и будут осуществлять свою деятельность в отношении воздушного судна по действующему законодательству Республики Узбекистан;<br>б) лица, подписывающие настоящий договор от имени Продавца и Участника, являются надлежащим образом уполномоченными;<br>в) они не находятся в процессе какой-либо реорганизации или не предполагается таковая, которая могла бы существенно и неблагоприятно отразиться на их соответствующем финансовом положении или способности Продавца и Участника выполнять обязательства, указанные в настоящем Договоре;<br>г) они располагают всеми одобрениями всех необходимых государственных органов для того, чтобы законно и эффективно вести свою хозяйственную деятельность, а информация, сообщенная Покупателю в отношении правового статуса Продавца и Участника, является полной и достоверной. |
| 10.5 Parties mutually undertake to refrain from any actions that may result in situation when the Parties' Guarantees are not reliable or won't be performed. | 10.5. Стороны принимают взаимные обязательства воздерживаться от совершения каких-либо действий, вследствие которых Гарантии Сторон не будут являться истинными или не будут выполнены. |

## 11. RESPONSIBILITY OF THE PARTIES FOR BREACH OF OBLIGATION UNDER AGREEMENT

## 11. ОТВЕТСТВЕННОСТЬ СТОРОН ЗА НАРУШЕНИЕ ДОГОВОРНЫХ ОБЯЗАТЕЛЬСТВ

| | |
|---|---|
| 11.1 The Party unreasonably avoid performing its obligations under this Agreement, shall reimburse other Party all losses caused by this fact and documentary confirmed. | 11.1. Сторона, необоснованно уклоняющаяся от исполнения своих обязательств по настоящему Договору, должна возместить другой Стороне все возникающие от этого документально подтвержденные убытки. |



| | |
|---|---|
| 11.2 If after signing this Agreement any Party can't or doesn't comply with its obligation under this Agreement or if in any time after signing this Agreement any Party has known about any fact or event which shows that any Guarantee, set in this Agreement is incorrect or misleading or any obligation of the Parties was not or won't be observed, then in such cases the Party suffered shall have the right to judicially require invalidation or termination of this Agreement and payment of damages. | 11.2 Если после подписания настоящего Договора одна из Сторон не смогла или не соблюдает все свои обязательства по настоящему Договору или, если в любое время после подписания настоящего Договора одной из Сторон становится известно о каком-либо факте или событии, которое показывает, что какая-либо Гарантия, изложенная в настоящем Договоре, является неверной или вводящей в заблуждение или, что какое-либо обязательство Сторон не было или не будет соблюдено, то в любом таком случае потерпевшая Сторона вправе требовать признания недействительным или расторжения настоящего Договора в судебном порядке и возмещения понесенных убытков. |
| 11.3 In the case of late payments of aircraft price by Purchaser and reimbursement of expenses of Participant in accordance with paragraphs 4.3 and 4.5 of this Agreement Purchaser shall pay Participant the penalties in amount of 0.4% of outstanding payment per day of delay, but no more than 50% of outstanding amount. If Purchaser doesn't make payment of aircraft price and Participant' expenses, including penalties (if any) during three months after date, provided for in paragraphs 4.3 and 4.5, then Seller and Participant shall have the right to terminate this Agreement in established order. | 11.3 В случае несвоевременной оплаты Покупателем выкупного платежа и возмещения расходов Участника в соответствии с пунктами 4.3. и 4.5. настоящего Договора, Покупатель уплачивает Участнику пеню в размере 0,4% от суммы просроченного платежа за каждый день просрочки, но не более 50% суммы просроченного платежа. При этом если Покупателем в течение трех месяцев после окончания предусмотренного пунктами 4.3. и 4.5. срока не будет оплачен выкупной платеж и расходы Участника, а также пени (в случае возникновения), то Продавец и Участник вправе расторгнуть настоящий Договор в установленном порядке. |
| 11.4 In the case of Agreement termination due to Purchaser's break the amounts previously paid in aircraft price by Purchaser under this Agreement shall be returned by Participant to the Purchaser. At the same time Participant shall have the right to apply penalty in amount of 15% of aircraft price. Aircraft shall be returned to Participant by Purchaser. | 11.4 В случае расторжения настоящего Договора по инициативе Покупателя средства, ранее перечисленные Покупателем в счет оплаты выкупного платежа по настоящему Договору, возвращаются Участником Покупателю. При этом Участник применяет штраф в размере 15% от суммы выкупных платежей. Воздушное судно возвращается Покупателем Участнику. |
| 11.5 In the case of Agreement termination due to Purchaser's break the expense of Participant mentioned in paragraph 4.5 of this Agreement are not to be returned. | 11.5 В случае расторжения настоящего Договора по инициативе Покупателя расходы Участника, указанные в пункте 4.5. настоящего Договора, возврату не подлежат. |
| 11.6 Payment of penalty for non-fulfilment or improper fulfilment of provisions of this Agreement by the Parties shall not release | 11.6 Уплата неустойки за неисполнение или ненадлежащее исполнение Сторонами условий настоящего Договора не |

| | |
|---|---|
| Party in fault from performing obligations undertaken under this Agreement. | освобождает виновную Сторону от исполнения принятых на себя по Договору обязательств. |
| **12. APPLICABLE LAW, DISPUTE RESOLUTION** | **12   ПРИМЕНИМОЕ ПРАВО. РАЗРЕШЕНИЕ СПОРОВ** |
| 12.1   The law of the Republic of Uzbekistan is recognized as the governing law regarding possible disputes under this Agreement. | 12.1.   Применимым правом в отношении возможных споров по настоящему договору Стороны признают право Республики Узбекистан. |
| 12.2   Any disputes, controversy or claims arisen out of or related to this Agreement or breach, termination or invalidation of this Agreement in the case of impossibility to reach mutual arrangement shall be considered in the courts of the Republic of Uzbekistan in accordance with the legislation of the Republic of Uzbekistan. Parties have undertaken to assume all necessary measures for resolving possible discrepancies through negotiations, submitting written claims before applying to court of justice. | 12.2.   Любые споры, разногласия или претензии, возникающие или относящиеся к настоящему Договору, либо нарушение, прекращение действия или недействительность настоящего Договора, в случае невозможности достижения взаимной договоренности, рассматриваются в судах Республики Узбекистан в соответствии с законодательством Республики Узбекистан. Стороны берут на себя обязательства принять все необходимые меры для рассмотрения возможных разногласий путем переговоров, предъявления письменных претензий перед обращением в судебные органы. |
| 12.3   Existence of dispute, controversies or claims, as well as impending legal proceedings shall not release any Party from fulfilment of its relevant obligations under this Agreement by it. | 12.3   Наличие спора, разногласий или претензий, равно как и предстоящее рассмотрение дела в суде не освобождает ни одну из Сторон от выполнения ею соответствующих обязательств в соответствии с настоящим Договором. |
| 12.4   Claiming order of pre-trial consideration of dispute is mandatory. Period of reply on claim received is equal 30 calendar days. | 12.4   Претензионный порядок досудебного рассмотрения спора является обязательным. Срок ответа на полученную претензию - 30 календарных дней. |
| 12.5   On matters arisen at performing, amendment or termination of this Agreement the Parties shall be guided by current legislation of the Republic of Uzbekistan. | 12.5   В вопросах, возникающих при исполнении, изменении либо расторжении настоящего Договора и не предусмотренных настоящим Договором, Стороны руководствуются действующим законодательством Республики Узбекистан. |
| **13. FORCE MAJEURE** | **13  ФОРС-МАЖОР** |
| 13.1   Neither Party bears responsibility before other ones for non-fulfilment of obligations due to events of force majeure, caused by circumstances arisen without Parties' will and desire, which might not be foreseen or avoid, including declared or actual war, civil strife, epidemic, embargo, earthquake, flood, fires and other Acts of God. | 13.1   Ни одна из Сторон не несет ответственности перед другой Стороной за невыполнение обязательств вследствие событий непреодолимой силы, обусловленных обстоятельствами, возникшими помимо воли и желания Сторон, которые нельзя предвидеть или избежать, включая объявленную или фактическую войну, |

| | гражданские волнения, эпидемии, блокаду, эмбарго, землетрясения, наводнения, пожары и другие стихийные бедствия. |
|---|---|
| 13.2 Certificate issued by relevant authorized body of state of the Party is sufficient confirmation of existence and duration of event of force majeure. | 13.2. Свидетельство, выданное соответствующим и уполномоченным органом государства Стороны Договора, является достаточным подтверждением наличия и продолжительности действия события непреодолимой силы. |
| 13.3 Party that doesn't perform its obligations shall during thirty (30) days give the notice about restriction and its influence on obligations fulfilment under Agreement to other Parties. | 13.3 Сторона, которая не исполняет своего обязательства, должна, в течение 30 (тридцати) дать другой Стороне письменное извещение дней о препятствии и его влиянии на исполнение обязательств по Договору. |
| 13.4 If force majeure circumstances exist during three (3) successive months and don't show cessation signs, then this Agreement may be terminated by the Parties through giving the notice to other Parties. | 13.4 Если обстоятельства непреодолимой силы действуют на протяжении 3 (трех) последовательных месяцев и не обнаруживают признаков прекращения, настоящий Договор может быть расторгнут Сторонами путем направления уведомления другой Стороне. |

**14 LEGAL ADDRESSES, REQUISITES AND SIGNATURES OF THE PARTIES**

**SELLER**

State committee of the Republic of Uzbekistan for privatization, demonopolization and development of competition

55, Uzbekistan avenue, Tashkent, 100003, Republic of Uzbekistan

Currency account ███████████9002

RKC Main Tashkent city branch of the Central bank of the Republic of Uzbekistan

Bank code 00014, Individual Number of tax Payer ███████

First Deputy Chairman

_____ S.X.Gafarov

Company seal

---

**14.   ЮРИДИЧЕСКИЕ АДРЕСА, РЕКВИЗИТЫ И ПОДПИСИ СТОРОН**

**ПРОДАВЕЦ**

Государственный комитет Республики Узбекистан по приватизации, демонополизации и развитию конкуренции

Республика Узбекистан

100003, г. Ташкент, пр. Узбекистанский, 55

Валютный счет: ███████9002

РКЦ Главное Ташкентское городское управление Центрального Банка РУз, код 00014, ИНН ███████

Первый заместитель председателя

_____ Гафаров С.Х

м.п.

---

**PURCHASER**

"RUSAVIAINVEST" Ltd.

25, 1st Soviet side street, Shchelkovo, Moscow, 141100 Russia,

Тел (+7 495) 777-18-70, факс (+7 495) 544-43-75

rusaviainvest@mail.ru

CORRESPONDENT BANK:

JPMORGAN CHASE BANK N.A,

NEW YORK, NY, USA

SWIFT: CHASUS33XXX

ACCOUNT WITH CORRESPONDENT BANK:

███████0991

BENEFICIARY'S BANK: ABSOLUT BANK, MOSCOW, RUSSIA SWIFT: ABSLRUMM

BENEFICIARY'S               ACCOUNT.: ███████3843

Director General

_____ A.K.Vorobyev

Company seal

---

**ПОКУПАТЕЛЬ**

ООО «РУСАВИАИНВЕСТ»

141100 Россия, г. Москва, Щелково,

1-й Советский переулок, 25,

Тел (+7 495) 777-18-70, факс (+7 495) 544-43-75

rusaviainvest@mail.ru

CORRESPONDENT BANK:

JPMORGAN CHASE BANK N.A,

NEW YORK, NY, USA

SWIFT: CHASUS33XXX

ACCOUNT WITH CORRESPONDENT BANK:

███████0991

BENEFICIARY'S BANK: ABSOLUT BANK, MOSCOW, RUSSIA SWIFT: ABSLRUMM

BENEFICIARY'S               ACCOUNT.: ███████3843

Генеральный директор

_____ Воробьёв А.К.

м.п.

AR 0368



| PARTICIPANT | УЧАСТНИК |
|---|---|
| National air company of the Republic of Uzbekistan "Uzbekistan Airways" | НАК «Узбекистон хаво йуллари» |
| 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan | Республика Узбекистан, 100060 г. Ташкент пр. Амира Темура 41. |
| Individual Number of tax Payer ██████ | ИНН ███████, |
| ОКРО ████ | ОКРО ████████ |
| OKONX █████ | ОКОНХ ████ |
| Currency account: █████ 7030 | Валютный счет: ████████ 7030 |
| Central operation branch of the National Bank for Foreign Economic Activity of the Republic of Uzbekistan | Центральный операционный отдел Национального банка ВЭД Республики Узбекистан |
| Bank code: 00882 | Код банка: 00882 |
| SWIFT : NBFAUZ2X | SWIFT: NBFAUZ2X |
| Director General | Генеральный директор |
| V.N. Tyan | Тян В.Н. |
| Company seal | М.Р. |

Приложение №1
к Договору купли-продажи
от «-» ___ 2016г. №

воздушное судно НАК «Узбекистон хаво йуллари», подлежащее реализации
ООО «РУСАВИАИНВЕСТ»

| | Тип воздушного судна и авиационных двигателей | Бортовой номер | Заводской номер | Дата выпуска | Стоимость в долл. США |
|---|---|---|---|---|---|
| 1 | Воздушное судно      А-310<br>ТН-ВЭД код | UK 31003 | 706 | 1998 | 2 000 000 |
| | Авиационный двигатель PW-4152<br>ТН-ВЭД код | | P724942 | 1998 | |
| | Авиационный двигатель   PW-4152<br>ТН-ВЭД код | | P724943 | 1998 | |
| | Силовая установка   GTCP-331-250<br>ТН-ВЭД код | | P-1318 | 1992 | |

AR 0370

Приложение №2
к Договору купли-продажи
от « » ___ 2016г. № __

**А К Т**
приёма-передачи

воздушного судна Airbus А-310-324
серийный номер изготовителя 706

ООО «РУСАВИАИНВЕСТ» (Покупатель) настоящим подтверждает, что согласно настоящему Договору № ___ от « » ___ 2016 года между НАК «Узбекистон хаво йуллари» (Участник) и ООО «РУСАВИАИНВЕСТ» (Покупатель) в отношении воздушного судна А-310-324 UK 31003:

(a)     Покупатель провел инспекцию воздушного судна, и воздушное судно соответствует описанию и находится в таком техническом состоянии и так оборудовано, как требуют условия настоящего Договора;

(b)     Участник передал воздушное судно;

(c)     Покупатель принял воздушное судно;

(d)     Покупатель получил всю техническую документацию по воздушному судну, провел ее инспекцию и убедился в ее полноте и удовлетворительности.

(e)     Местом Поставки является Международный аэропорт «Ташкент» и дата Поставки - « » ___ 2016 год.

Дата  «   »  __ __ 2016 года

от Участника:                                      от Покупателя:
_____ /Тян В.Н. /                    _____/Воробьёв А.К./
  м.п.                                                        м.п.

<div align="right">
Приложение №3

к Договору купли-продажи

от « __ » ____ 2016г. № __
</div>

## Описание воздушного судна

Данное Приложение является неотъемлемой частью настоящего Договора о купле-продаже и, в таком виде составляет документ, применимый к покупке воздушного судна Airbus A-310-324 серийный № 706, как предусмотрено пунктом 3.1. настоящего Договора.

("N/A" означает неприменимость):

| | |
|---|---|
| 1. Самолет Airbus A-310-324 Изготовитель – корпорация Airbus, конструкция - пассажирский, модель – A-310-324, серийный номер изготовителя - 706, принадлежность и регистрационный номер- НАК «Узбекистон хаво йуллари» UK 31003,          двигатели - PW-4152 | 2. Двигатели PW-4152 №1  SN # P724942  24.01.98. №2  SN # P724943  24.01.98. |
| 3. Документация по Самолету - Формуляры и паспорта  на воздушное судно, силовые установки, агрегаты и комплектующие изделия, а также дополнительное оборудование | 4. Аренда (N/A) |
| 5. Арендатор ( N/A) | 6. Страна регистрации - Узбекистан |
| 7АДополнительные Предварительные Условия к Обязательствам Участника продать Самолет (статьи 7.4 и 7.8)  7ВДополнительные Предварительные       Условия      к Обязательствам Покупателя купить Самолет (статьи 6.1, 6.2, 6.3, 6.4, 6.5, 6.6, 6.12) | 8. Покупная цена – 2 000 000 (два миллиона) долларов США. |
| 9. Депозит [N/A] | 10. Проценты по Депозиту [N/A] |
| 11. Перерасчет при Поставке [N/A] | 12. Банковский счет Участника ИНН OKPO OКОНХ Валютный счет: ▨▨▨7030 Центральный операционный отдел Национального банка ВЭД Республики Узбекистан |
| 13. Дополнительные Положения, относящиеся к налогам  [N/A] | 14 Инспекция – за счёт Покупателя |
| 15. Требования по Состоянию при Поставке - «как есть, где есть» | 16. Предел возмещения ущерба N/A |

| | |
|---|---|
| 17. Полная Потеря [N/A] | 18. Владение - [N/A] |
| 19. Планируемая Дата Поставки [укажите] | 20. Место Поставки-Международный аэропорт «Ташкент» |
| 21. Окончательная Дата Поставки [укажите] | 22. Продавец – Государственный комитет Республики Узбекистан по приватизации, демонополизации и развитию конкуренции |
| 23. Гарантии Изготовителя [N/A] | 24. Компенсации [N/A] |
| 25. Страхование Ответственности [N/A] | 26. Дополнительные События Прекращения Договора[N/A] |
| 27A. Дополнительные Представления и Гарантии Продавца [N/A]  27B. Дополнительные Представления и Гарантии Покупателя [N/A] | 28. Извещения  [укажите разрешенные средства передачи и адреса] |
| 29. [намеренно опущена] | 30. Юрисдикция - «исключительная» |
| 31. Передача Контракта по факсу / Электронными средствами -допустима по адресу: | 32. Затраты и Расходы Покупатель оплачивает расходы по пункту 4.6. настоящего Договора |
| 33. Рабочий день в г. Ташкент, г.Москва | 34. Документы по Продаже – настоящий Договор со всеми Приложениями |

**В ПОДТВЕРЖДЕНИЕ ЧЕГО,** Стороны подписали данное Приложение в соответствующие даты, указанные ниже.

от Участника:                          от Покупателя:

_____ /Тян В.Н. /          _____/Воробьёв А.К./

B

AR 0374

**Exhibit B**

AR 0375

**UZBEKISTAN** *airways*

**INVOICE № 2.2.1-2367**
**DATE: 01.11.2016**

| | |
|---|---|
| **Seller:** | **State committee of the Republic of Uzbekistan for privatization, demonopolization and development of competition** |
| **ADDRESS:** | 55 Uzbekistan Ave., 100003 Tashkent Uzbekistan |
| **Participant** | **UZBEKISTAN AIRWAYS** |
| **ADDRESS** | 41, Amir Temur Ave., 100060, Tashkent , Uzbekistan |

Please remit payment without deduction to the following bank account of the Participant
**Account No** (USD) _____030

**Account with:** Central operation branch of the
National bank for Foreign Economic Activity
of the Republic of Uzbekistan

**SWIFT CODE: NBFAUZ2X** | **BANK CODE: 00882**

**E-mail:** fo@uzairways.com

**For Client:** **RUSAVIAINVEST, LTD.**

**ADDRESS:** 25, 1 Luzvet skrie str., Shchelkovo.
141100 Moscow, Russia

**ATTENTION:** Director General
A.K. Vorobyev

**E-mail:** rusaviainvest@mail.ru

| SUBJECT: AIRCRAFT | QTY | UNIT PRICE USD | VAT % | TOTAL USD |
|---|---|---|---|---|
| **One Airbus Model A310 aircraft, Reg. No. UK 31003, MSN 706** | 1 | 2 000 000,00 | - | 2 000 000,00 |
| **Equipped with:** two Pratt & Whitney model PW4152 engines MSN P724942 and P724943, and GTCP 331-250 APU P-1318 | | | | |
| In accordance with the Agreement No. 2 on Sale-Purchase of Aircraft dated October 27, 2016 | | | | |
| | | | | **2 000 000,00** |

Note: Uzbekistan Airways has right to correct the invoice in case of disagreement.

**GENERAL DIRECTOR** _____ **V.N. TYAN**

**FINANCIAL DIRECTOR** _____ **A.A. SATTAROV**

AR 0376

C

AR 0377

**Exhibit C**

AR 0378

 **O F A C**
Office of Foreign Assets Control

**License Application**

*Reference Number:* **ABS201704113376S**

Generated on   **4/24/2017**

## Application Information

| | | | |
|---|---|---|---|
| **Application Type:** | Release Of Blocked Funds | **Application Reason:** | New Application |
| **Blocked Amount:** | 200000 | **Category:** | Wire Transfer |
| **Currency Type:** | usd | **Program(s):** | Specially Designated Global Terrorist |
| **Date Blocked:** | 4/3/2017 | **Previous Case ID:** | |

**Description of Subject Matter:**

Our company RUSAVIAINVEST, 25, 1-st Soviet per, Shelkovo city, Russia, is a remitter of blocked funds in the amount of 200,000 dollars to the beneficiary of the National Air Company of the Republic of Uzbekistan "Uzbekistan Airways". 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan. Our bank is a payer of ABSOLUT BANK, MOSCOW, RUSSIA SWIFT: ABSLRUMM, Intermediary bank of JPMORGAN CHASE BANK N.A., beneficiary's bank National Bank for Foreign Economic Activity of the Republic of Uzbekistan, Bank code: 00882, SWIFT: NBFAUZ22

## Contact Information

### Applicant

| | | | | |
|---|---|---|---|---|
| **Contact Category:** | Institution | | | |
| **Organization Name:** | RUSAVIAINVEST | | | |
| **Point of Contact Name:** | | | | |
| **Address:** | Line1: | 25, 1st Soviet pereulok | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | Shelkovo | **State:** | Moscow |
| | Zip: | 141100 | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | | |
| **Phone:** | Office: | 7-4955444375 | | |
| | Mobile: | | | |
| | Fax: | 7-4955444375 | | |
| **Principal Place of Business:** | | Moscow region | | |
| **Place where Business is incorporated:** | | Russia | | |

### Correspondent

| | | | | |
|---|---|---|---|---|
| **Contact Category:** | Institution | | | |
| **Organization Name:** | RUSAVIAINVEST | | | |
| **Point of Contact Name:** | | | | |
| **Address:** | Line1: | 25, 1st Soviet pereulok | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | Shelkovo | **State:** | Moscow |
| | Zip: | 141100 | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | | |
| **Phone:** | Office: | 7-4955444375 | | |
| | Mobile: | | | |
| | Fax: | 7-4955444375 | | |
| **Principal Place of Business:** | | Moscow region | | |
| **Place where Business is incorporated:** | | Russia | | |

### Financial Blocked Funds

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | JPMORGAN CHASE BANK N.A. | |
| **Point of Contact Name:** | | |
| **Address:** | Line1: | |
| | Line2: | |

**Page**   1

Reference Number:    ABS201704113376S                                      Generated on    4/24/2017

|  | Line3: | | | |
|---|---|---|---|---|
|  | City: | New York | State: | NY |
|  | Zip: | 10004 | Country: | United States |

**Email Address:**
**Phone:** Office:
Mobile:
Fax:
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Remitter

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | RUSAVIAINVEST | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | 25, 1st Soviet pereulok | |
| Line2: | | |
| Line3: | | |
| City: | Schelkovo | **State:** |
| Zip: | | **Country:** Russia (Russian Fed.) |

**Email Address:** info@rusaviainvest.ru
**Phone:** Office: 7-4955444375
Mobile: ███████████
Fax: 7-4955444375
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Remitting Financial Institution

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | AKB ABSOLUT BANK (PAO) | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | | |
| Line2: | | |
| Line3: | | |
| City: | Moscow | **State:** |
| Zip: | | **Country:** Russia (Russian Fed.) |

**Email Address:**
**Phone:** Office: 7-4957777171
Mobile:
Fax:
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Intermediary Financial Institution

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | JPMORGAN CHASE BANK | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | | |
| Line2: | | |
| Line3: | | |
| City: | | **State:** |
| Zip: | | **Country:** |

**Email Address:**
**Phone:** Office:
Mobile:
Fax:
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Beneficiary

| | |
|---|---|
| **Contact Category:** | Institution |
| **Organization Name:** | National air company of the Republic of Uzbekistan "Uzbekistan Airways" |
| **Point of Contact Name:** | |

AR 0380

Reference Number:   ABS201704113376S                                    Generated on   4/24/2017

Address:    Line1:
            Line2:
            Line3:
            City:        Tashkent                        State:
            Zip:                                          Country:   Uzbekistan
Email Address:
Phone:      Office:
            Mobile:
            Fax:
Principal Place of Business:
Place where Business is incorporated:

## Beneficiary Financial Institution
Contact Category:       Institution
Organization Name:      National Bank for Foreign Economic Activity of the Republic of Uzbekistan
Point of Contact Name:
Address:    Line1:
            Line2:
            Line3:
            City:        Tashkent                        State:
            Zip:                                          Country:   Uzbekistan
Email Address:
Phone:      Office:
            Mobile:
            Fax:
Principal Place of Business:
Place where Business is incorporated:

## Attachments

| Name | Document Type |
|------|---------------|
| invoice | Supplemental Information |
| swift | Supplemental Information |
| passport of director and owner | Supplemental Information |
| bank answer 1 | Supplemental Information |
| Application Summary | License Request |

## Certification

Signature:          ███████████████████           Date:      4/24/2017
Email Address:      info@rusaviainvest.ru

AR 0381

D

AR 0382

**Exhibit D**

AR 0383



# O F A C
Office of Foreign Assets Control

**License Application**

Reference Number:    ABS201704133380A

Generated on    5/4/2017

## Application Information

| | | | |
|---|---|---|---|
| **Application Type:** | Release Of Blocked Funds | **Application Reason:** | New Application |
| **Blocked Amount:** | 200000 | **Category:** | Wire Transfer |
| **Currency Type:** | usd | **Program(s):** | Foreign Terrorist Organizations |
| **Date Blocked:** | 4/11/2017 | **Previous Case ID:** | |

**Description of Subject Matter:**

We have blocked transfer amount 200 000 usd to Uzbekistan National Aircompany. It full legal contract. We ask you to clarify the circumstances and misunderstanding with this payment delay and allow execution of payment under the contract or to perform a refund.

## Contact Information

### Applicant

| | | | |
|---|---|---|---|
| **Contact Category:** | Institution | | |
| **Organization Name:** | RUSAVIAINVEST | | |
| **Point of Contact Name:** | | | |
| **Address:** | **Line1:** | 25, 1st Soviet pereulok | |
| | **Line2:** | | |
| | **Line3:** | | |
| | **City:** | Shelkovo | **State:** |
| | **Zip:** | | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | |
| **Phone:** | **Office:** | 7-4955444375 | |
| | **Mobile:** | | |
| | **Fax:** | | |
| **Principal Place of Business:** | | CIS countries | |
| **Place where Business is Incorporated:** | | Russia | |

### Correspondent

| | | | |
|---|---|---|---|
| **Contact Category:** | Institution | | |
| **Organization Name:** | RUSAVIAINVEST | | |
| **Point of Contact Name:** | | | |
| **Address:** | **Line1:** | 25, 1st Soviet pereulok | |
| | **Line2:** | | |
| | **Line3:** | | |
| | **City:** | Shelkovo | **State:** |
| | **Zip:** | | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | |
| **Phone:** | **Office:** | 7-4955444375 | |
| | **Mobile:** | | |
| | **Fax:** | | |
| **Principal Place of Business:** | | CIS countries | |
| **Place where Business is Incorporated:** | | Russia | |

### Financial Blocked Funds

| | | | |
|---|---|---|---|
| **Contact Category:** | Institution | | |
| **Organization Name:** | DEUTSCHE BANK TRUST COMPANY AMERICAS | | |
| **Point of Contact Name:** | | | |
| **Address:** | **Line1:** | | |
| | **Line2:** | | |
| | **Line3:** | | |
| | **City:** | New York | **State:** | NY |
| | **Zip:** | 10004 | **Country:** | United States |

AR 0384

Reference Number:   ABS201704133380A                                                                     Generated on   5/4/2017

Email Address:
Phone:      Office:
            Mobile:
            Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Remitter

Contact Category:      Institution
Organization Name:     RUSAVIAINVEST
Point of Contact Name:
Address:    Line1:     25, 1st Soviet peraulok
            Line2:
            Line3:
            City:      Schelkovo                                State: .
            Zip:                                                Country:      Russia (Russian Fed.)
Email Address:         info@rusaviainvest.ru
Phone:      Office:    7-4955444375
            Mobile:
            Fax:
Principal Place of Business:              CIS
Place where Business is Incorporated:    Russia

## Remitting Financial Institution

Contact Category:      Institution
Organization Name:     AKB ABSOLUT BANK (PAO)
Point of Contact Name:
Address:    Line1:
            Line2:
            Line3:
            City:      Moscow                                  State:
            Zip:                                               Country:      Russia (Russian Fed.)
Email Address:
Phone:      Office:    7-4957777171
            Mobile:
            Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Intermediary Financial Institution

Contact Category:      Institution
Organization Name:     DEUTSCHE BANK TRUST COMPANY AMERICAS
Point of Contact Name:
Address:    Line1:
            Line2:
            Line3:
            City:                                              State:
            Zip:                                               Country:
Email Address:
Phone:      Office:
            Mobile:
            Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Beneficiary

Contact Category: .     Institution
Organization Name:     National air company of the Republic of Uzbekistan "Uzbekistan Airways"
Point of Contact Name:
Address:    Line1:     41 Amir Temur Ave
            Line2:
            Line3:

Page          2

AR 0385

Reference Number:    ABS201704133380A                                     Generated on   5/4/2017

|            | City: | Tashkent |            |            |
|------------|-------|----------|------------|------------|
|            | Zip:  | 100060   | State:     |            |
|            |       |          | Country:   | Uzbekistan |

Email Address:
Phone:      Office:
            Mobile:
            Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Beneficiary Financial Institution

Contact Category:      Institution
Organization Name:     National Bank for Foreign Economic Activity of the Republic of Uzbekistan
Point of Contact Name:
Address:    Line1:
            Line2:
            Line3:
            City:      Tashkent                            State:
            Zip:                                            Country:   Uzbekistan
Email Address:
Phone:      Office:
            Mobile:
            Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Attachments

| Name                          | Document Type            |
|-------------------------------|--------------------------|
| invoice                       | Supplemental Information  |
| contract                      | Supplemental Information  |
| registration of company       | Supplemental Information  |
| passport of director and owner | Supplemental Information  |
| Application Summary           | License Request          |

## Certification

Signature:      █████████████████                Date:      5/4/2017
Email Address:  info@russianinvest.ru

Page        3

AR 0386

E

AR 0387

**Exhibit E**

AR 0388



**O F A C**
Office of Foreign Assets Control

License Application

Reference Number: ABS20170411:13377S

Generated on 5/19/2017

## Application Information

| | |
|---|---|
| **Application Type:** | Release Of Blocked Funds |
| **Blocked Amount:** | 1000000 |
| **Currency Type:** | USD |
| **Date Blocked:** | 4/3/2017 |

| | |
|---|---|
| **Application Reason:** | New Application |
| **Category:** | Wire Transfer |
| **Program(s):** | Foreign Terrorist Organizations |
| **Previous Case ID:** | |

**Description of Subject Matter:**

We have blocked transfer amount 1000 000 usd to Uzbekistan National Aircompany. It full legal contract. We ask you to clarify the circumstances and misunderstanding with this payment delay and allow execution of payment
under the contract or to perform a refund.The blocked transaction in the amount of 1 million dollars as a preliminary payment under an official
contract to the national airline of Uzbekistan. Our Russian company Rusaviainvest and the Uzbek national company, Uzbekistan Airways are not on the sanctions lists. Correspondent Bank advised us that funds have blocked as per OFAC of global terrorism programm. The our deal is clean and has no relationship with terrorism, all amounts go to the national bank of Uzbekistan.

## Contact Information

### Applicant

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | RUSAVIAINVEST | |
| **Point of Contact Name:** | | |
| **Address:** | Line1: | 25, 1st Soviet pereulok |
| | Line2: | |
| | Line3: | |
| | City: | Shelkovo |
| | Zip: | 141100 |
| **Email Address:** | info@rusaviainvest.ru | |
| **Phone:** | Office: | 7-4955444375 |
| | Mobile: | |
| | Fax: | |

**State:**
**Country:** Russia (Russian Fed.)

**Principal Place of Business:** Moscow region
**Place where Business is Incorporated:** Russia

### Correspondent

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | RUSAVIAINVEST | |
| **Point of Contact Name:** | | |
| **Address:** | Line1: | 25, 1st Soviet pereulok |
| | Line2: | |
| | Line3: | |
| | City: | Shelkovo |
| | Zip: | 141100 |
| **Email Address:** | info@rusaviainvest.ru | |
| **Phone:** | Office: | 7-4955444375 |
| | Mobile: | |
| | Fax: | |

**State:**
**Country:** Russia (Russian Fed.)

**Principal Place of Business:** Moscow region
**Place where Business is Incorporated:** Russia

### Financial Blocked Funds

| | |
|---|---|
| **Contact Category:** | Institution |
| **Organization Name:** | JPMORGAN CHASE BANK N.A. |

AR 0389

Reference Number: ABS201704113377S                                    Generated on   5/19/2017

**Point of Contact Name:**
Address:     Line1:
             Line2:
             Line3:
             City:      New York                        State:       NY
             Zip:       10004                            Country:     United States
Email Address:
Phone:       Office:
             Mobile:
             Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Remitter
Contact Category:     Institution
Organization Name:    RUSAVIAINVEST
Point of Contact Name:
Address:     Line1:     25, 1st Soviet pereulok
             Line2:
             Line3:
             City:      Schelkovo                       State:
             Zip:       141100                           Country:     Russia (Russian Fed.)
Email Address:          info@rusaviainvest.ru
Phone:       Office:
             Mobile:
             Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Remitting Financial Institution
Contact Category:     Institution
Organization Name:    AKB ABSOLUT BANK (PAO)
Point of Contact Name:
Address:     Line1:
             Line2:
             Line3:
             City:      Moscow                          State:
             Zip:                                        Country:     Russia (Russian Fed.)
Email Address:
Phone:       Office:    7-4957777171
             Mobile:
             Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Intermediary Financial Institution
Contact Category:     Institution
Organization Name:    JPMORGAN CHASE BANK
Point of Contact Name:
Address:     Line1:
             Line2:
             Line3:
             City:                                       State:
             Zip:                                        Country:
Email Address:
Phone:       Office:
             Mobile:
             Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Beneficiary

AR 0390

*Reference Number:*   **ABS201704113377S**                              **Generated on   5/18/2017**

**Contact Category:**      Institution
**Organization Name:**     National air company of the Republic of Uzbekistan "Uzbekistan Airways"
**Point of Contact Name:**
**Address:**    **Line1:**
        **Line2:**
        **Line3:**
        **City:**        Tashkent                       **State:**
        **Zip:**                                       **Country:**   Uzbekistan
**Email Address:**
**Phone:**    **Office:**
        **Mobile:**
        **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Beneficiary Financial Institution
**Contact Category:**      Institution
**Organization Name:**     National Bank for Foreign Economic Activity of the Republic of Uzbekistan
**Point of Contact Name:**
**Address:**    **Line1:**
        **Line2:**
        **Line3:**
        **City:**        Tashkent                       **State:**
        **Zip:**                                       **Country:**   Uzbekistan
**Email Address:**
**Phone:**    **Office:**
        **Mobile:**
        **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Attachments

| Name | Document Type |
|------|---------------|
| registration of company | Supplemental Information |
| contract | Supplemental Information |
| Application Summary | License Request |

## Certification

**Signature:**    ▬▬▬▬▬▬▬▬                          **Date:**   5/18/2017
**Email Address:**    info@rusaviainvest.ru

AR 0391

F

AR 0392

**Exhibit F**

AR 0393



AR 0394

G

AR 0395

Exhibit G

AR 0396



FROM: AKB ABSOLUT BANK (PÁO)
TO: ООО "RUSAVIAINVEST"

Референс запроса ABS201704113376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000-00 в пользу UZBEKISTAN
AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE
BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC.

QUOTE.
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017 YOUR REFERENCE
NUMBER 498808/07-31 OUR TRANSACTION REFERENCE NUMBER 2144394090FS.
THIS PAYMENT HAS BEEN BLOCKED AS PER OFAC.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, за которым следует обращаться: LICENSE
DEPARTMENT, DIRECTOR OFFICE OF FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500
PENNSYLVANIA AVE. NW WASHINGTON DC 20220.

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

<!-- stamp: Абсолют Банк / Отдел корреспондентских счетов -->

1

H

AR 0398

**Exhibit H**

AR 0399

 **Абсолют Банк**

FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704113377S
Касательно Вашего заявления на перевод №9 от 31.03.2017 на сумму USD 1,000.000-00 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 1,000,000.00/USD DATED 4/3/2017 YOUR REFERENCE NUMBER 496808/07-03 OUR TRANSACTION REFERENCE NUMBER 1665792093JX.
THIS PAYMENT HAS BEEN BLOCKED AS PER OFAC.
UNQUOTE

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113377S

Для разблокирования средств необходимо получить разрешение OFAC, за которым следует обращаться: LICENSE DEPARTMENT, DIRECTOR OFFICE OF FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500 PENNSYLVANIA AVE. NW WASHINGTON DC 20220.

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

1

AR 0400

AR 0401

Exhibit I

AR 0402



**Абсолют Банк**

FROM: AKB ABSOLUT BANK (PAO)
TO: ООО "RUSAVIAINVEST"

Референс запроса ABS2017041133376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000.00 в пользу UZBEKISTAN
AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE
BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC в соответствии с глобальными
антитеррористическими санкциями. OFAC никаких разъяснений касательно своих действий не дает.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017
YOUR REFERENCE NUMBER 496806/07-31 OUR TRANSACTION
REFERENCE NUMBER 2144384090FS. PLEASE NOTE OUR
COMPLIANCE DEPARTMENT HAS ADVISED:
THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL
TERRORISM SANCTIONS REGULATIONS.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, для этого следует подать заявку на
разблокирование средств.
Вся необходимая информация по заполнению заявки размещена на сайте:
https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx#licenses.

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS2017041133376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

J

**Exhibit J**

AR 0405



**АБСОЛЮТ Банк**

FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704113377S

Касательно Вашего заявления на перевод №9 от 31.03.2017 на сумму USD 1,000.000-00 в пользу UZBEKISTAN
AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE
BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC в соответствии с глобальными
антитеррористическими санкциями. OFAC никаких разъяснений касательно своих действий не дает.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 1,000,000.00/USD DATED 4/3/2017
YOUR REFERENCE NUMBER 496908/07-03 OUR TRANSACTION
REFERENCE NUMBER 1665792093JX .PLEASE NOTE OUR
COMPLIANCE DEPARTMENT HAS ADVISED: THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL
TERRORISM SANCTIONS REGULATIONS.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, для этого следует подать заявку на
разблокирование средств.
Вся необходимая информация по заполнению заявки размещена на сайте:
https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx#licenses.

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.



AR 0406

K

AR 0407



FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704133380A
Касательно Вашего заявления на перевод №10 от 10.04.2017 на сумму USD 200000 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщения от нашего банка-корреспондента DEUTSCHE BANK TRUST COMPANY AMERICAS о том, что данный платеж не исполнен и находится на проверке комплаенс.

QUOTE
WE REFER TO YOUR 103 DATED 04/11/17 REFERENCE 498059/07-11 FOR USD 200000.00 VALUE 04/11/17 THIS TRANSACTION HAS NOT BEEN COMPLETED DUE TO PENDING FURTHER REVIEW BY COMPLIANCE UNIT OR DEUTSCHE BANK COMPLIANCE POLICY.
WE WILL ADVISE YOU UPON RECEIPT OF FURTHER INSTRUCTIONS FROM THEM.
WE WILL DEBIT YOUR ACCOUNT AND PLACE FUNDS INTO A SUSPENSE ACCOUNT AT DEUTSCHE BANK TRUST COMPANY
PENDING COMPLETION OF COMPLIANCE REVIEW AND WILL ADVISE YOU UPON RECEIPT THEIR RESPONSE.
UNQUOTE

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704133380A

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

1

AR 0408

L

AR 0409

Exhibit L

AR 0410



дата_____ №_____

на №_____ от_____

FROM: AKCIONERNYI KOMMERcESKII BANK ABSOLuT BANK (OAO)
TO: OBSHCHESTVO S OGRANICHENNOY OTVETSTVENNOSTYU " RUSAVIAINVEST"

Референс запроса ABS201704133380A
Касательно Вашего запроса N24 от 21/04/17 на отзыв денежных средств в сумме  USD 200000, отправленных по ********
заявлению на перевод №10 от 10.04.2017 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent
Uzbekistan, UZBEKISTAN, Tashkent
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента DEUTSCHE BANK
TRUST COMPANY AMERICAS о том, что средства по указанному переводу не могут быть возращены, т.к.
заблокированы OFAC.
Для разблокирования средств необходимо получить разрешения OFAC, для этого следует подать заявку на
разблокирование средств по следующему адресу:
LICENSE DEPARTMENT, DIRECTOR OFFICE OF
FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500
PENNSYLVANIA AVE. NW WASHINGTON DC 20220.

QUOTE
UNDER REGULATIONS ISSUED BY THE US OFFICE OF
FOREIGN ASSETS CONTROL (OFAC) PLEASE BE ADVISED
THAT THE FUNDS HAVE BEEN PLACED INTO A BLOCKED
ACCOUNT AT DEUTSCHE BANK TRUST COMPANY.
WE REGRET ANY INCONVENIENCE OUR ACTIONS MAY HAVE
CAUSED BUT WE ARE PROHIBITED FROM RETURNING
BLOCKED FUNDS UNTIL SUCH TIME AS OFAC ISSUES A
LICENSE PERMITTING RELEASE OF THESE FUNDS.

SHOULD YOU WISH TO APPLY FOR A LICENSE YOU MUST
CONTACT:LICENSE DEPARTMENT, DIRECTOR OFFICE OF
FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500
PENNSYLVANIA AVE. NW WASHINGTON DC 20220

ANY QUESTIONS REGARDING APPLICATION FOR A LICENSE
CAN BE REFERRED TO YOUR RELATIONSHIP MANAGER.

PLEASE QUOTE OUR REFERENCE NUMBER, 170411 612369
IN ALL FUTURE CORRESPONDENCE RELATING TO THIS
CASE.

REGARDS, PAYMENT INVESTIGATIONS
UNQUOTE

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704133380A

THANK YOU AND BEST REGARDS
ABSOLUT BANK

M

AR 0412

**Exhibit M**

AR 0413

Operator: ███████

### Message Identifier

Message Preparation Application: Message Modification
Unique Message Identifier:    O CHASUS33XXX 103 496606/07-31 170331

### Message Header

| | | | |
|---|---|---|---|
| FIN | MT103 | FIN MT 103 - Single Customer Credit Transfer * | |
| Priority: | Normal | | |
| Monitoring: | None | | |
| Sender: | | | |
| | Unit: | None | |
| | Institution: | ABSLRUMMXXX | ABSOLUT BANK |
| | | | MOSCOW,RUSSIAN FEDERATION |
| Receiver: | | | |
| | Institution: | CHASUS33XXX | JPMORGAN CHASE BANK, N.A. |
| | | | NEW YORK,NY,UNITED STATES |

### Message Text

20: Sender's Reference
       496606/07-31
23B: Bank Operation Code
       CRED
32A: Value Date/Currency/Interbank Settled Amount
                       170331
                       USD
                       200,000.00
33B: Currency/Instructed Amount
                       USD
                       200,000.00
50F: Ordering Customer
       █████████████843
       1/
       2/SOVETSKIY 1-Y PER, D. 25
       3/RU/SHELKOVO 141108
57A: Account With Institution
       NBFAUS2XXXX
       NATIONAL BANK FOR FOREIGN ECONOMIC ACTIVITY OF THE REPUBLIC OF UZBEKISTAN
       TASHKENT
       UZBEKISTAN
59: Beneficiary Customer
       /████████7030
       UZBEKISTAN AIRWAYS,
       41, AMIR TEMUR AVE.,
       100060 TASHKENT,
       UZBEKISTAN
70: Remittance Information
       PAYMENT BY INVOICE 2.2.1-2353
       DATED 01/11/2016 ACCORDING
       THE AGREEMENT 2 DD 27.10.16
       FOR AIRCRAFT A-310
71A: Details of Charges
       OUR

### Network Data

Network: SWIFT*

### End of Report

Mon Apr 10 17:41:18 2017

### Струтэнно в балансе Банка

Дт ███████            Кт ███████

АКБ "АБСОЛЮТ БАНК" (ПАО)
    БИК ███████
К/с ███████
    31 мар 2017

AR 0414

N

AR 0415

**Exhibit N**

AR 0416

Operator: ████████████

## Message Identifier

Message Preparation Application: Message Modification
Unique Message Identifier:   O CHASUSJ3XXX 103 496908/07-03 170403

## Message Header

| | | |
|---|---|---|
| FIN | MT103 | FIN MT 103 - Single Customer Credit Transfer * |
| Priority: | Normal | |
| Monitoring: | None | |
| Sender: | | |
| | Unit: | None |
| | Institution: | ABSLRUMMXXX |
| | | ABSOLUT BANK |
| | | MOSCOW,RUSSIAN FEDERATION |
| Receiver: | | |
| | Institution: | CHASUSJ3XXX |
| | | JPMORGAN CHASE BANK, N.A. |
| | | NEW YORK,NY,UNITED STATES |

## Message Text

30:  Sender's Reference
     496908/07-03
23B: Bank Operation Code
     CRED
32A: Value Date/Currency/Interbank Settled Amount
                          170403
                          USD
                          1,000,000.00
33B: Currency/Instructed Amount
                          USD
                          1,000,000.00
50F: Ordering Customer
     1/████████████████3843
     1/████████████
     2/SOVERALIY 1-Y PER, D. 25
     3/RU/SHELKOVO 141100
57A: Account With Institution
     NBFAUR2KXXX
     NATIONAL BANK FOR FOREIGN ECONOMIC ACTIVITY OF THE REPUBLIC OF UZBEKISTAN
     TASHKENT
     UZBEKISTAN
59:  Beneficiary Customer
     /████████████████030
     UZBEKISTAN KERMAIT,
     41, AMIR TEMUR AVE.,
     100050 TASHKENT,
     UZBEKISTAN
70:  Remittance Information
     PAYMENT BY INVOICE 2.2.1-2353 DATED
     01/11/2016 ACCORDING THE AGREEMENT
     3 DD 27.10.16 FOR AIRCRAFT RJ-85
71A: Details of Charges
     OUR

## Network Data

Network: SWIFT*

## End of Report

Mon Apr 10 17:18:22 2017

Справочно в записи банка

Де ████████████            Ке ████████████

АКБ "АБСОЛЮТ БАНК" (ПАО)
БИК ████████
К/с ████████████
03 апр 2017

AR 0417

O

AR 0418

**Exhibit O**

AR 0419

Operator: ███████████

### Message Identifier

Message Preparation Application: Message Modification
Unique Message Identifier:   O BKTRUS33XXX 103 498059/07-11 170411

### Message Sender

| | | |
|---|---|---|
| FIN | MT103 | FIN MT 103 - Single Customer Credit Transfer * |
| Priority: | Normal | |
| Monitoring: | None | |
| Sender: | | |
| | Unit: | None |
| | Institution: | ABSLRUMMXXX |
| | | ABSOLUT BANK |
| | | MOSCOW, RUSSIAN FEDERATION |
| Receiver: | | |
| | Institution: | BKTRUS33XXX |
| | | DEUTSCHE BANK TRUST COMPANY AMERICAS |
| | | NEW YORK, NY, UNITED STATES |

### Message Text

20:  Sender's Reference
     498059/07-11
23B: Bank Operation Code
     CRED
32A: Value Date/Currency/Interbank Settled Amount
                                   170411
                                   USD
                                   200,000.00
33B: Currency/Instructed Amount
                                   USD
                                   200,000.00
50F: Ordering Customer
     /████████████8043
     1/OOO RUSAVIAINVEST
     1
     2/SOVETSKIY 1-Y PER, D. 25
     3/RU/BMELKOVO 141100
56A: Intermediary Institution
     CHASUS33XXX
     JPMORGAN CHASE BANK, N.A.
     NEW YORK, NY
     UNITED STATES
57A: Account With Institution
     NBFAUZ2XXXX
     NATIONAL BANK FOR FOREIGN ECONOMIC ACTIVITY OF THE REPUBLIC OF UZBEKISTAN
     TASHKENT
     UZBEKISTAN
59:  Beneficiary Customer
     /████████████7030
     UZBEKISTAN AIRWAYS,
     41, AMIR TEMUR AVE.,
     100060 TASHKENT,
     UZBEKISTAN
70:  Remittance Information
     PAYMENT BY INVOICE 2.2.1-2352 DATED
     01/11/2016 ACCORDING THE AGREEMENT
     2 DD 27.10.16 FOR AIRCRAFT A-310
71A: Details of Charges
     OUR
72:  Sender to Receiver Information
     /OUROUR/

### Network Data

Network: SWIFT*

### End of Report

Thu Apr 13 10:49:44 2017

                         Отражено в балансе Банка

Дт  ████████████████████        Кт  ████████████████████


АКБ "АБСОЛЮТ БАНК" (ПАО)
БИК ████████
К/с ████████████████
11 апр 2017

AR 0420

7/5/2017 FedEx Ship Manager - Print Your Label(s)

ORIGIN ID:OGSA (212) 972-0200
ERIC CREIZMAN
CREIZMAN LLC
565 FIFTH AVENUE, FL 7
NEW YORK, NY 10017
UNITED STATES US

SHIP DATE: 05JUL17
ACTWGT: 1.00 LB
CAD: 103868047/INET3850

BILL SENDER

TO [redacted]
OFFICE OF FOREIGN ASSETS CONTROL
1500 PENNSYLVANIA AVENUE, NW
CHIEF, BLOCKED ASSETS
TREASURY DC 20220
(202) 622-2490 REF: RUSAWAYWEST
INV:
PO: DEPT:

546J1/C0C2/53C1

FedEx Express

E

THU - 06 JUL 8:30A
FIRST OVERNIGHT

TRK# 0201 7795 6147 4295

E1 BZSA

20220
DC-US IAD

---

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# A.6

Fax from Creizman LLC, including
attachments to OFAC, dated 8/21/2017

# FAX COVER SHEET

| TO | Compliane Department |
|---|---|
| COMPANY | Office of Foreign Assets Control |
| FAX NUMBER | 12026222426 |
| FROM | Eric Creizman |
| DATE | 2017-08-21 19:50:25 GMT |
| RE | Case Numbers SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1 |

## COVER MESSAGE

Please see the attached correspondence.

AR 0423

WWW.METROFAX.COM

# CREIZMAN LLC

ERIC M. CREIZMAN
PARTNER
ATTORNEY AT LAW

565 FIFTH AVENUE 7TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 972-0200
FAX: (646) 200-5022
ECREIZMAN@CREIZMANLLC.COM
WWW.CREIZMANLLC.COM

*By Facsimile* ((202) 622-2426)

August 21, 2017

Compliance Department
Office of Foreign Assets Control
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Re:    **License Applications to Unblock Funds**
        <u>Case Numbers</u>: **SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1**
        <u>Reference Numbers</u>: **ABS201704113376S, ABS201704113377S, ABS201704133380A**

Dear Sirs and Mesdames:

       I represent Rusiaviainvest, OOO, in the above-referenced pending applications for licenses to unblock funds. After I was retained in these matters, I provided your office with a comprehensive submission with exhibits, dated June 6, 2017, and a letter to Ms. Alison Cooper, Chief of Blocked Assets Administration and Analysis, dated July 5, 2017, also enclosing several exhibits. A search of OFAC's SDN lists and other related prohibited transactions has not yielded any explanation as to why JPMorgan Chase and Deutsche Bank blocked these funds pursuant to OFAC regulations. Nor will JPMorgan Chase or Deutsche Bank comment on the matters, instead referring me to OFAC.

       I have tried on a weekly basis for several months now to actually communicate with a live human being in the appropriate department so that we can address the issues and so I can provide answers to my client, which is neither owned by, nor employees, anyone on the SDN lists. Nor has any searches we have run on the particulars of the transactions on OFAC software yielded any "hits."

       As is demonstrated by the substance and content of my submissions, we have attempted in good faith to obtain some understanding as to why my client's funds continue to be blocked. And although I have emailed, wrote, and called OFAC, I still have not been able to speak to a live human being, nor have I been contacted by one. My client is not a wealthy company. It is an honest business and its funds were blocked in an attempted transaction to purchase a used

Compliance Department
August 17, 2017
2|Page

airplane from the Uzbekistan national air carrier.  Under the terms of its contract, my client is
arguably subject to liquidated damages.

I am not trying to circumvent protocol or the normal channels, but I have made a real
effort to present my client's case and would greatly appreciate the courtesy of communication
and the insight such communication would provide me, so that I, in turn, can provide answers to
my client.

For your reference and convenience, I am attaching the June 6, 2017 and July 5, 2017
letters—without exhibits.  I respectfully request a substantive response to these submissions at
your earliest convenience from a member of the OFAC staff who can provide meaningful detail
about the circumstances and status of the pending applications.

I thank you in advance for your consideration in this matter.

Very truly yours,

*Eric Creizman*

Eric M. Creizman

Attachments

# CREIZMAN LLC

ERIC M. CREIZMAN
PARTNER
ATTORNEY AT LAW

565 FIFTH AVENUE  7TH FLOOR
NEW YORK, NEW YORK 10017
TEL.: (212) 972-0200
FAX: (646) 290-5621
ECREIZ@CREIZMANLLC.COM
WWW.CREIZMANLLC.COM

*By Email, Facsimile,*
*and Federal Express*

June 6, 2017

Office of Foreign Assets Control
Licensing Division
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Re:  **License Application to Unblock Funds**
     **Case Numbers: SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1**
     **Reference Numbers: ABS201704113376S, ABS201704113377S, ABS201704133380A**

Dear OFAC Licensing Officer:

This law firm has been retained to represent Rusaviainvest, OOO (the "Company" or "Rusaviainvest") in connection with the Company's above-referenced applications for licenses to unblock funds in the total amount of $1,400,000, wired by the Company to purchase a used aircraft from Uzbekistan Airways, Uzbekistan's national air carrier. A copy of the contract to purchase the aircraft (the "Contract") and a copy of the invoice for purchase (the "Invoice") are annexed hereto as Exhibits A and B. I am writing to supplement the information provided by the Company in its applications to unblock the funds, dated April 24, 2017, May 5, 2017, and May 19, 2017, which are annexed hereto as Exhibits C, D, and E. Under the terms of the Contract, the Company is required to pay liquidated damages for any delay in payment. Such damages are accruing. *See* Exhibit A at ¶¶11.1-11.6.

## Background of the Company and the Transaction

Rusaviainvest engages in the business of wholesale trading of transportation vehicles, including airplane spare parts and engines, and also contracts for the maintenance and repair of such vehicles, including aircraft. The Company's office is located in Moscow, Russia with the address: 25, 1st Soviet Side Street, Schelkovo, Moscow, 14110, Russia. The Company is 100% owned by Andrei Vorobev, who is also its CEO and only officer. (Mr. Vorobev's Russian Federation passport is annexed hereto as Exhibit F). The purpose of the transaction was for the Company to sell the parts of the aircraft.

The Company has been in business since 2008, and has eight employees. The Company does not deal in weapons, arms, or military equipment and does not do business with any Country's military or any military organization. Prior to above-referenced matter, Rusaviainvest has never had any of its funds relating to any of its transactions blocked by OFAC.

The Company should not be confused with a company with a similar name, "Rusavia, Ltd." whose website is en.rusavia.com, which, according to the website, deals in a "Russian-American project" titled "Warplanes to Syria." In contrast, Rusaviainvest, Ltd. does not deal with military equipment or weaponry.

### The Wired Funds and Blocking of those Funds

Pursuant to the Contract and Invoice, on March 30, 2017, the Company sent a wire of $200,000 and on March 31, 2017, the Company sent a wire of $1,000,000, through its bank, Absolut Bank, with the intended recipient bank as JPMorgan Chase Bank, N.A. (*See* Exhibits G and H). Absolut Bank subsequently informed the Company that the transactions were "BLOCKED AS PER OFAC." (*See id.*). Absolut Bank later informed the Company that "THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL TERRORISM SANCTIONS REGULATIONS." (*See* Exhibits I and J).

Pursuant to the same Contract and Invoice, on April 10, 2017, the Company sent a wire of $200,000 through its bank, Absolut Bank, with the intermediary bank as JPMorgan Chase Bank, NA and with the receiving institution as Deutsche Bank Trust Company Americas. (*See* Exhibit I). Absolut Bank subsequently informed the Company that the transaction was not completed "DUE TO PENDING FURTHER REVIEW BY COMPLIANCE UNIT OR DEUTSCHE BANK COMPLIANCE POLICY.... WE WILL DEBIT YOUR ACCOUNT AND PLACE FUNDS INTO A SUSPENSE ACCOUNT AT DEUTSCHE BANK TRUST COMPANY." (*See* Exhibit K). Absolut Bank later informed the Company that "THE FUNDS HAVE BEEN PLACED INTO A BLOCKED ACCOUNT AT DEUTSCHE BANK TRUST COMPANY.... WE ARE PROHIBITED FROM RETURNING BLOCKED FUNDS UNTIL SUCH TIME AS OFAC ISSUES A LICENSE PERMITTING RELEASE OF THESE FUNDS." (*See* Exhibit L).

Additional records evidencing the wire transfers are annexed hereto as Exhibits M, N, and O.

### The Funds Should be Unblocked

The case numbers assigned to the blocking of the funds suggest that the compliance departments of JPMorgan Chase and Deutsche Bank believed that the parties to the transaction or the purposes of the transaction in some way violated the Russian/Ukranian Sanctions Program or the Global Terrorism Sanctions Program. We respectfully submit that the funds were blocked in error.

*First*, as stated above, the purpose of the transaction was to obtain the used aircraft from the Uzbekistan national air carrier to sell its spare parts for commercial purposes. The Company

AR 0427

OFAC Licensing Officer
June 6, 2017
Page 3

does not trade with any military agency or organization and has absolutely nothing to do with
any terrorist organization.

*Second*, the owner of the Company is not an SDN. He is not affiliated with any SDNs,
nor does he do business with any SDNs. None of the Company's employees is an SDN.
Furthermore, to the extent there is any confusion, as stated above, the Company has nothing to
do with Rusavia, Ltd.

### Conclusion

Because the Company has done nothing to violate any OFAC sanctions program, and
because it is now facing substantial financial hardship as a result of the blocking of those funds,
we respectfully request that the funds be unblocked and delivered to Uzbekistan's national air
carrier, Uzbekistan Airways. In the alternative, if the transaction is being blocked due to
Uzbekistan Airways, we respectfully request the funds be returned to the Company.

I would appreciate communication from your office in order to address any questions or
concerns, or to provide additional documentation, if desired.

If you have questions, please feel free to contact me.

Very truly yours,

Eric Creizman

Enclosures

# CREIZMAN LLC

ERIC M. CREIZMAN
PARTNER
ATTORNEY AT LAW

565 FIFTH AVENUE  7TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 972-0200
FAX: (646) 200-5022
ECREIZMAN@CREIZMANLLC.COM
WWW.CREIZMANLLC.COM

*By Facsimile and*
*Federal Express*

Chief, Blocked Assets Administration and Analysis
Office of Foreign Assets Control
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Re:    **License Application to Unblock Funds**
       Case Numbers: SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1
       Reference Numbers: ABS201704113376S, ABS201704113377S, ABS201704133380A

Dear

I represent a company based in Moscow called Rusaviainvest, OOO. Rusaviainvest's
principal business is the purchase and sale of used aircraft, aircraft parts, and aircraft
maintenance and repair. In connection with an agreement to purchase a used aircraft from
Uzbekistan Airways, Uzbekistan's national air carrier, three wire transfers totaling $1,400,000
were blocked by JPMorgan Chase Bank, N.A., and Deutsche Bank National Trust Company in
late March and early April 2017 based on what I believe is the mistaken impression that the
transaction violates one or more OFAC sanctions programs.

Rusaviainvest is not owned, and does not employ anyone on the SDN list, and a search
using our own OFAC compliance software results in no hits. I also did not recognize any
prohibition against doing business with Uzbekistan Airways. The only potential basis for a
mistake is that Rusaviainvest may have been confused with a company with a similar name,
"Rusavia, Ltd." whose website is en.rusavia.com, which, according to the website, deals in a
"Russian-American project" titled "Warplanes to Syria." To be clear, Rusaviainvest, Ltd. does
not deal with military equipment or weaponry.

Under its contract with Uzbekistan Airways, Rusaviainvest is subject to liquidated
damages for failure to pay. While I would imagine such a delay would be subject to a force
majeure clause, the law that governs the contract is Uzbekistan law. My client initially

July 5, 2017
2|Page

submitted licenses to unblock the funds in April and May, and after hiring me, my firm made a
supplemental submission, dated June 6, 2017, with exhibits, which are attached to this letter.

I have been unable to make any headway on behalf of my client in getting the funds
released, and, if appropriate, paid to Uzbekistan Airways. Nor have I been able to speak with
anyone from OFAC to attempt to address any issues or concerns. I therefore am reaching out to
you.

I would appreciate a response at your earliest convenience from you or a member of your
staff. I thank you in advance for your consideration in this matter.

Very truly yours,

*Eric Creizman*

Eric M. Creizman

Enclosures

# A.7

Email exchanges between Creizman LLC
and/or Rusaviainvest and OFAC

AR 0431

# A.7.a

Email exchange between Creizman
LLC and OFAC, including
attachments, dated August 9, 2017

| | |
|---|---|
| **From:** | Eric Creizman |
| **To:** | OFAC_Feedback |
| **Subject:** | Re: Case Numbers: SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1 |
| **Date:** | Wednesday, August 9, 2017 5:19:37 PM |

Thanks. I appreciate it. I have, but I still can't speak to a live human being or get any additional information other than that the status of the applications are "pending."

Eric

Eric M. Creizman, Esq.
CREIZMAN LLC
Attorneys at Law
565 Fifth Avenue, New York, New York 10017
T: (212) 972-0200; F: (646) 200-5022
Direct Dial: █████████

On Wed, Aug 9, 2017 at 5:06 PM, <OFAC_Feedback@treasury.gov> wrote:

Greetings,

I forwarded your inquiry to the appropriate party in the licensing division. For your awareness you should contact that licensing division at (202) 622-2480 for additional information regarding your application.

Regards,

Sanctions Compliance & Evaluation

Office of Foreign Assets Control (OFAC)

U.S. Department of the Treasury

1500 Pennsylvania Ave. NW

Washington, DC 20220

Toll Free: 1-800-540-6322

Local: 1-202-622-2490

Email: OFAC_Feedback@treasury.gov

Website: www.treasury.gov/ofac

cp

**From:** Eric Creizman [mailto:ecreiz@creizmanllc.com]
**Sent:** Wednesday, August 09, 2017 4:56 PM
**To:** OFAC Licensing; OFAC_Feedback
**Subject:** Case Numbers: SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1

I represent Rusaviainvest OOO in connection with the above-referenced applications to unblock funds. I have made several submissions to the office, none of which I've received a response to and I can't get a live human being from counsel's office to discuss the matters with me. Would it be possible for someone to discuss these matters with me.

Best regards,

Eric

Eric M. Creizman, Esq.

CREIZMAN LLC
Attorneys at Law
565 Fifth Avenue, New York, New York 10017
T: (212) 972-0200; F: (646) 200-5022
Direct Dial: ██████████

# CREIZMAN LLC

ERIC M. CREIZMAN
PARTNER
ATTORNEY AT LAW

565 FIFTH AVENUE  7TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 972-0200
FAX: (646) 200-5022
ECREIZ@CREIZMANLLC.COM
WWW.CREIZMANLLC.COM

*By Email, Facsimile,*
*and Federal Express*

June 6, 2017

Office of Foreign Assets Control
Licensing Division
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Re:   **License Application to Unblock Funds**
       **Case Numbers:** SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1
       **Reference Numbers:** ABS201704113376S, ABS201704113377S, ABS201704133380A

Dear OFAC Licensing Officer:

This law firm has been retained to represent Rusaviainvest, OOO (the "Company" or "Rusaviainvest") in connection with the Company's above-referenced applications for licenses to unblock funds in the total amount of $1,400,000, wired by the Company to purchase a used aircraft from Uzbekistan Airways, Uzbekistan's national air carrier. A copy of the contract to purchase the aircraft (the "Contract") and a copy of the invoice for purchase (the "Invoice") are annexed hereto as Exhibits A and B. I am writing to supplement the information provided by the Company in its applications to unblock the funds, dated April 24, 2017, May 5, 2017, and May 19, 2017, which are annexed hereto as Exhibits C, D, and E. Under the terms of the Contract, the Company is required to pay liquidated damages for any delay in payment. Such damages are accruing. *See* Exhibit A at ¶¶11.1-11.6.

### Background of the Company and the Transaction

Rusaviainvest engages in the business of wholesale trading of transportation vehicles, including airplane spare parts and engines, and also contracts for the maintenance and repair of such vehicles, including aircraft. The Company's office is located in Moscow, Russia with the address: 25, 1st Soviet Side Street, Schelkovo, Moscow, 14110, Russia. The Company is 100% owned by Andrei Vorobev, who is also its CEO and only officer. (Mr. Vorobev's Russian Federation passport is annexed hereto as Exhibit F). The purpose of the transaction was for the Company to sell the parts of the aircraft.

AR 0435

OFAC Licensing Officer
June 6, 2017
Page 2

The Company has been in business since 2008, and has eight employees. The Company does not deal in weapons, arms, or military equipment and does not do business with any Country's military or any military organization. Prior to above-referenced matter, Rusaviainvest has never had any of its funds relating to any of its transactions blocked by OFAC.

The Company should not be confused with a company with a similar name, "Rusavia, Ltd." whose website is en.rusavia.com, which, according to the website, deals in a "Russian-American project" titled "Warplanes to Syria." In contrast, Rusaviainvest, Ltd. does not deal with military equipment or weaponry.

### The Wired Funds and Blocking of those Funds

Pursuant to the Contract and Invoice, on March 30, 2017, the Company sent a wire of $200,000 and on March 31, 2017, the Company sent a wire of $1,000,000, through its bank, Absolut Bank, with the intended recipient bank as JPMorgan Chase Bank, N.A. (*See* Exhibits G and H). Absolut Bank subsequently informed the Company that the transactions were "BLOCKED AS PER OFAC." (*See id.*). Absolut Bank later informed the Company that "THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL TERRORISM SANCTIONS REGULATIONS." (*See* Exhibits I and J).

Pursuant to the same Contract and Invoice, on April 10, 2017, the Company sent a wire of $200,000 through its bank, Absolut Bank, with the intermediary bank as JPMorgan Chase Bank, NA and with the receiving institution as Deutsche Bank Trust Company Americas. (*See* Exhibit I). Absolut Bank subsequently informed the Company that the transaction was not completed "DUE TO PENDING FURTHER REVIEW BY COMPLIANCE UNIT OR DEUTSCHE BANK COMPLIANCE POLICY. . . . WE WILL DEBIT YOUR ACCOUNT AND PLACE FUNDS INTO A SUSPENSE ACCOUNT AT DEUTSCHE BANK TRUST COMPANY." (*See* Exhibit K). Absolut Bank later informed the Company that "THE FUNDS HAVE BEEN PLACED INTO A BLOCKED ACCOUNT AT DEUTSCHE BANK TRUST COMPANY. . . . WE ARE PROHIBITED FROM RETURNING BLOCKED FUNDS UNTIL SUCH TIME AS OFAC ISSUES A LICENSE PERMITTING RELEASE OF THESE FUNDS." (*See* Exhibit L).

Additional records evidencing the wire transfers are annexed hereto as Exhibits M, N, and O.

### The Funds Should be Unblocked

The case numbers assigned to the blocking of the funds suggest that the compliance departments of JPMorgan Chase and Deutsche Bank believed that the parties to the transaction or the purposes of the transaction in some way violated the Russian/Ukranian Sanctions Program or the Global Terrorism Sanctions Program. We respectfully submit that the funds were blocked in error.

*First*, as stated above, the purpose of the transaction was to obtain the used aircraft from the Uzbekistan national air carrier to sell its spare parts for commercial purposes. The Company

OFAC Licensing Officer
June 6, 2017
Page 3

does not trade with any military agency or organization and has absolutely nothing to do with any terrorist organization.

*Second*, the owner of the Company is not an SDN. He is not affiliated with any SDNs, nor does he do business with any SDNs. None of the Company's employees is an SDN. Furthermore, to the extent there is any confusion, as stated above, the Company has nothing to do with Rusavia, Ltd.

### Conclusion

Because the Company has done nothing to violate any OFAC sanctions program, and because it is now facing substantial financial hardship as a result of the blocking of those funds, we respectfully request that the funds be unblocked and delivered to Uzbekistan's national air carrier, Uzbekistan Airways. In the alternative, if the transaction is being blocked due to Uzbekistan Airways, we respectfully request the funds be returned to the Company.

I would appreciate communication from your office in order to address any questions or concerns, or to provide additional documentation, if desired.

If you have questions, please feel free to contact me.

Very truly yours,

Eric Creizman

Enclosures

AR 0437

# CREIZMAN LLC

ERIC M. CREIZMAN
PARTNER
ATTORNEY AT LAW

565 FIFTH AVENUE  7TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 972-0200
FAX: (646) 200-5022
ECREIZ@CREIZMANLLC.COM
WWW.CREIZMANLLC.COM

*By Facsimile and*
*Federal Express*

███████

Chief, Blocked Assets Administration and Analysis
Office of Foreign Assets Control
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Re:    **License Application to Unblock Funds**
        **Case Numbers:** SDGT-2017-344769-1; UKRAINE-EO13661-2017-344261-1
        **Reference Numbers:** ABS201704113376S, ABS201704113377S, ABS201704133380A

Dear ███████:

I represent a company based in Moscow called Rusiaviainvest, OOO.  Rusaviainvest's
principal business is the purchase and sale of used aircraft, aircraft parts, and aircraft
maintenance and repair.  In connection with an agreement to purchase a used aircraft from
Uzbekistan Airways, Uzbekistan's national air carrier, three wire transfers totaling $1,400,000
were blocked by JPMorgan Chase Bank, N.A., and Deutsche Bank National Trust Company in
late March and early April 2017 based on what I believe is the mistaken impression that the
transaction violates one or more OFAC sanctions programs.

Rusaviainvest is not owned, and does not employ anyone on the SDN list, and a search
using our own OFAC compliance software results in no hits.  I also did not recognize any
prohibition against doing business with Uzbekistan Airways.  The only potential basis for a
mistake is that Rusaviainvest may have been confused with a company with a similar name,
"Rusavia, Ltd." whose website is en.rusavia.com, which, according to the website, deals in a
"Russian-American project" titled "Warplanes to Syria."  To be clear, Rusaviainvest, Ltd. does
not deal with military equipment or weaponry.

Under its contract with Uzbekistan Airways, Rusaviainvest is subject to liquidated
damages for failure to pay.  While I would imagine such a delay would be subject to a force
majeure clause, the law that governs the contract is Uzbekistan law.  My client initially

July 5, 2017
2|Page

submitted licenses to unblock the funds in April and May, and after hiring me, my firm made a supplemental submission, dated June 6, 2017, with exhibits, which are attached to this letter.

I have been unable to make any headway on behalf of my client in getting the funds released, and, if appropriate, paid to Uzbekistan Airways. Nor have I been able to speak with anyone from OFAC to attempt to address any issues or concerns. I therefore am reaching out to you.

I would appreciate a response at your earliest convenience from you or a member of your staff. I thank you in advance for your consideration in this matter.

Very truly yours,

Eric Creizman
Eric M. Creizman

Enclosures

# A.7.b

## Email from Creizman LLC to OFAC, dated October 3, 2017

| | |
|---|---|
| **From:** | Eric Creizman |
| **To:** | OFAC_Feedback |
| **Subject:** | Case Number SDGT-2017-344769-1 |
| **Date:** | Tuesday, October 3, 2017 4:52:59 PM |

I represent Rusaviainvest OOO in the above-referenced matter. According to the licensing hotline, this matter wa closed and a letter of closure was mailed out on or about August 20, 2017. I have not received it. I am asking that you please send it to me immediately.

Eric M. Creizman, Esq.

CREIZMAN LLC

Attorneys at Law

565 Fifth Avenue, New York, New York 10017

T: (212) 972-0200; F: (646) 200-5022

Direct Dial: (

# A.7.c

Email from OFAC Licensing Division to Rusaviainvest, including Denial Letter, dated October 5, 2017

AR 0442

| | |
|---|---|
| **From:** | OFAC Licensing |
| **To:** | info@rusaviainvest.ru |
| **Subject:** | OFAC Case No. SDGT-2017-344569-1 |
| **Date:** | Thursday, October 5, 2017 3:25:15 PM |
| **Attachments:** | ViewDocument.pdf |
| **Importance:** | High |



# DEPARTMENT OF THE TREASURY
## WASHINGTON, D.C. 20220

Case No.  SDGT-2017-344569-1

RUSAVIAINVEST
25, 1st Soviet pereulok
Shelkovo, Moscow 141100
Russian Federation

info@rusaviainvest.ru

Dear Sir or Madam:

This letter responds to your request of 04/24/2017, to the Office of Foreign Assets Control (OFAC) requesting the release of the following blocked funds transfer:

|  |  |
|---|---|
| Originator: | OOO Rusaviainvest |
| Originating Bank: | Commercial bank 'Absolut Bank' (PAO) |
| Value Date: | 03/31/2017 |
| Amount: | $200,000.00 |
| Beneficiary Bank: | National Bank for Foreign Economic Activity of the Republic of Uzbekistan |
| Beneficiary: | Uzbekistan Airways |

JPMorgan Chase Bank National Association properly blocked this transfer pursuant to U.S. sanctions administered by OFAC.  In accordance with 31 C.F.R., Ch. V and/or applicable Executive orders, all property in which a sanctions target has an interest and that comes within the possession or control of a U.S. person is blocked.  Copies of the relevant regulations and Executive orders are available at OFAC's Website at http://www.treasury.gov/ofac/, or upon written request to OFAC.

Under these regulations and Executive orders, a U.S. financial institution is required to block all wire transfers in which a sanctions target has an interest and that come within the institution's possession or control, even if the institution is an intermediary and the underlying transaction does not otherwise involve a U.S. person.  An interest in property sufficient to require blocking may be an interest of any nature whatsoever, direct or indirect.  A blocked wire transfer is generally placed into an interest-bearing account, and the holder is prohibited from engaging in any transaction in such property or from exercising any rights, powers, or privileges with respect to such property, absent authorization from OFAC.  Once a wire transfer has been blocked, OFAC does not recognize attempts to extinguish the interest of the sanctions target in the transfer by, for example, canceling the original payment instructions or effecting a second payment to the beneficiary.

As reflected by your application or by information otherwise available to OFAC, the blocked funds transfer in question involves an interest of person sanctioned pursuant to Executive Order 13224.  It is OFAC's policy to license the release of blocked property only in limited circumstances, most of which do not involve commercial activity.  Upon review, OFAC has determined that this blocked funds transfer does not fall within those limited circumstances.  Accordingly, licensing the release of the

blocked funds would be inconsistent with OFAC policy, and your request is denied.  You may request reconsideration of this decision and provide additional information as described on OFAC's website at https://www.treasury.gov/resource-center/sanctions/Pages/licensing.aspx.

Sincerely,

Mary Patricia Rasmussen
Chief, Licensing Division
Office of Foreign Assets Control

October 5, 2017
Date

# A.8

Internal OFAC Email exchanges,
including Licensing Division, Compliance
Division and the Office of Global
Targeting

AR 0446

# A.8.a

## Internal email exchange, including attachments, dated August 22, 2017

AR 0447

| | |
|---|---|
| **From:** | |
| **To:** | ▓▓▓▓  ? ▓▓▓▓  ;  ▓▓▓▓ |
| **Cc:** | ? |
| **Subject:** | RE: SDGT-2017-344569-1 and SDGT-2017-344570-1: Confirmation on Rusaviainvest or any other party involved in the transaction |
| **Date:** | Tuesday, August 22, 2017 4:06:36 PM |

Thank you for your quick response.

▓▓▓▓

---

**From:** ▓▓▓▓
**Sent:** Tuesday, August 22, 2017 4:03 PM
**To:** ▓▓▓▓@treasury.gov>; ▓▓▓▓
▓▓▓▓@treasury.gov>
**Cc:** ▓▓▓▓@treasury.gov>; ▓▓▓▓@treasury.gov>;
▓▓▓▓@treasury.gov>
**Subject:** Re: SDGT-2017-344569-1 and SDGT-2017-344570-1: Confirmation on Rusaviainvest or any other party involved in the transaction

Yes this transaction was made in the interest of an SDN. ▓▓▓▓
▓▓▓▓.

Thanks,

▓▓▓▓

---

**From:** ▓▓▓▓@treasury.gov>
**Date:** August 22, 2017 at 3:55:54 PM EDT
**To:** ▓▓▓▓@treasury.gov>, ▓▓▓▓
▓▓▓▓@treasury.gov>
**Cc:** ▓▓▓▓@treasury.gov>, ▓▓▓▓
▓▓▓▓r@treasury.gov>, ▓▓▓▓@treasury.gov>
**Subject:** FW: SDGT-2017-344569-1 and SDGT-2017-344570-1: Confirmation on Rusaviainvest or any other party involved in the transaction

Hi ▓▓▓▓ and ▓▓▓▓,

Please see the below and attached licensing inquiry regarding a blocked wire transfer to Uzbekistan Airways. ▓▓▓▓ Thanks for your help!

▓▓▓▓

**From:** ▮▮▮▮
**Sent:** Tuesday, August 22, 2017 3:51 PM
**To:** ▮▮▮▮
**Subject:** SDGT-2017-344569-1 and SDGT-2017-344570-1: Confirmation on Rusaviainvest or any other party involved in the transaction

Hi ▮▮▮ 

**SDGT-2017-344569-1: Blocked Amount: $200,000.00.**
**SDGT-2017-344569-1: Blocked Amount: $1,000,000.00.**

**Deutsche Bank Trust Company Americas** blocked **Rusaviainvest's** transfers of **$ 200,000.00 and $ 1,000,000.00 to Uzbekistan Airways**, referencing OFAC blocking memo **SDGT-10522** dated April 11, 2017.

**Is Rusaviainvest, or any other party involved in the transaction a SDGT?** ▮▮▮▮▮▮▮▮▮▮

If you are able to, please reply within two weeks.   If you think it will take longer than two weeks, please send an interim response.

**Thanks,**
▮▮▮▮▮
**License Examining Officer**
**Office of Foreign Assets Control**
▮▮▮▮



# O F A C

Office of Foreign Assets Control

License Application

**Reference Number:**   ABS201704113376S

Generated on   4/24/2017

## Application Information

| | | | |
|---|---|---|---|
| **Application Type:** | Release Of Blocked Funds | **Application Reason:** | New Application |
| **Blocked Amount:** | 200000 | **Category:** | Wire Transfer |
| **Currency Type:** | usd | **Program(s):** | Specially Designated Global Terrorist |
| **Date Blocked:** | 4/3/2017 | **Previous Case ID:** | |

**Description of Subject Matter:**

Our company RUSAVIAINVEST, 25, 1-st Soviet per, Shelkovo city, Russia, is a remitter of blocked funds in the amount of 200,000 dollars to the beneficiary of the National Air Company of the Republic of Uzbekistan "Uzbekistan Airways". 41, Amir Temur avenue, Tashkent 100060, Republic of Uzbekistan. Our bank is a payer of ABSOLUT BANK, MOSCOW, RUSSIA SWIFT: ABSLRUMM, intermediary bank of JPMORGAN CHASE BANK N.A., beneficiary's bank National Bank for Foreign Economic Activity of the Republic of Uzbekistan, Bank code: 00882, SWIFT: NBFAUZ2?

## Contact Information

### Applicant

| | | | | |
|---|---|---|---|---|
| **Contact Category:** | Institution | | | |
| **Organization Name:** | RUSAVIAINVEST | | | |
| **Point of Contact Name:** | | | | |
| **Address:** | **Line1:** | 25, 1st Soviet pereulok | | |
| | **Line2:** | | | |
| | **Line3:** | | | |
| | **City:** | Shelkovo | **State:** | Moscow |
| | **Zip:** | 141100 | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | | |
| **Phone:** | **Office:** | 7-4955444375 | | |
| | **Mobile:** | ███████ | | |
| | **Fax:** | 7-4955444375 | | |
| **Principal Place of Business:** | | Moscow region | | |
| **Place where Business is Incorporated:** | | Russia | | |

### Correspondent

| | | | | |
|---|---|---|---|---|
| **Contact Category:** | Institution | | | |
| **Organization Name:** | RUSAVIAINVEST | | | |
| **Point of Contact Name:** | | | | |
| **Address:** | **Line1:** | 25, 1st Soviet pereulok | | |
| | **Line2:** | | | |
| | **Line3:** | | | |
| | **City:** | Shelkovo | **State:** | Moscow |
| | **Zip:** | 141100 | **Country:** | Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | | |
| **Phone:** | **Office:** | 7-4955444375 | | |
| | **Mobile:** | ███████ | | |
| | **Fax:** | 7-4955444375 | | |
| **Principal Place of Business:** | | Moscow region | | |
| **Place where Business is Incorporated:** | | Russia | | |

### Financial Blocked Funds

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | JPMORGAN CHASE BANK N.A. | |
| **Point of Contact Name:** | | |
| **Address:** | **Line1:** | |
| | **Line2:** | |

AR 0450

Reference Number:   ABS201704113376S                                   Generated on   4/24/2017

|  |  |  |  |  |
|---|---|---|---|---|
| | Line3: | | | |
| | City: | New York | State: | NY |
| | Zip: | 10004 | Country: | United States |
| Email Address: | | | | |
| Phone: | Office: | | | |
| | Mobile: | | | |
| | Fax: | | | |
| Principal Place of Business: | | | | |
| Place where Business is Incorporated: | | | | |

## Remitter

|  |  |  |  |  |
|---|---|---|---|---|
| Contact Category: | | Institution | | |
| Organization Name: | | RUSAVIAINVEST | | |
| Point of Contact Name: | | | | |
| Address: | Line1: | 25, 1st Soviet pereulok | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | Schelkovo | State: | |
| | Zip: | | Country: | Russia (Russian Fed.) |
| Email Address: | | info@rusaviainvest.ru | | |
| Phone: | Office: | 7-4955444375 | | |
| | Mobile: | ▓▓▓▓▓▓ | | |
| | Fax: | 7-4955444375 | | |
| Principal Place of Business: | | | | |
| Place where Business is Incorporated: | | | | |

## Remitting Financial Institution

|  |  |  |  |  |
|---|---|---|---|---|
| Contact Category: | | Institution | | |
| Organization Name: | | AKB ABSOLUT BANK (PAO) | | |
| Point of Contact Name: | | | | |
| Address: | Line1: | | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | Moscow | State: | |
| | Zip: | | Country: | Russia (Russian Fed.) |
| Email Address: | | | | |
| Phone: | Office: | 7-4957777171 | | |
| | Mobile: | | | |
| | Fax: | | | |
| Principal Place of Business: | | | | |
| Place where Business is Incorporated: | | | | |

## Intermediary Financial Institution

|  |  |  |  |  |
|---|---|---|---|---|
| Contact Category: | | Institution | | |
| Organization Name: | | JPMORGAN CHASE BANK | | |
| Point of Contact Name: | | | | |
| Address: | Line1: | | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | | State: | |
| | Zip: | | Country: | |
| Email Address: | | | | |
| Phone: | Office: | | | |
| | Mobile: | | | |
| | Fax: | | | |
| Principal Place of Business: | | | | |
| Place where Business is Incorporated: | | | | |

## Beneficiary

|  |  |  |
|---|---|---|
| Contact Category: | | Institution |
| Organization Name: | | National air company of the Republic of Uzbekistan "Uzbekistan Airways" |
| Point of Contact Name: | | |

AR 0451

Reference Number:    ABS201704113376S                                                    Generated on    4/24/2017

| Address: | Line1: | | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | Tashkent | State: | |
| | Zip: | | Country: | Uzbekistan |

Email Address:
Phone:       Office:
             Mobile:
             Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Beneficiary Financial Institution

Contact Category:     Institution
Organization Name:    National Bank for Foreign Economic Activity of the Republic of Uzbekistan
Point of Contact Name:

| Address: | Line1: | | | |
| | Line2: | | | |
| | Line3: | | | |
| | City: | Tashkent | State: | |
| | Zip: | | Country: | Uzbekistan |

Email Address:
Phone:       Office:
             Mobile:
             Fax:
Principal Place of Business:
Place where Business is Incorporated:

## Attachments

| Name | Document Type |
| --- | --- |
| Invoice | Supplemental Information |
| swift | Supplemental Information |
| passport of director and owner | Supplemental Information |
| bank answer 1 | Supplemental Information |

## Certification

Signature:       ██████████████        Date:      4/24/2017
Email Address:   info@rusaviainvest.ru

AR 0452

# Абсолют Банк

FROM: AKB ABSOLUT BANK (PAO)
TO: OOO "RUSAVIAINVEST"

Референс запроса ABS201704113376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000.00 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC в соответствии с глобальными антитеррористическими санкциями. OFAC никаких разъяснений касательно своих действий не дает.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017
YOUR REFERENCE NUMBER 496606/07-31 OUR TRANSACTION
REFERENCE NUMBER 2144394090FS. PLEASE NOTE OUR
COMPLIANCE DEPARTMENT HAS ADVISED:
THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL
TERRORISM SANCTIONS REGULATIONS.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, для этого следует подать заявку на разблокирование средств.
Вся необходимая информация по заполнению заявки размещена на сайте:
https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx#licenses

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.



FROM: AKB ABSOLUT BANK (PAO)
TO: ООО "RUSAVIAINVEST"

Референс запроса ABS201704113376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000-00 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017 YOUR REFERENCE NUMBER 496506/07-31 OUR TRANSACTION REFERENCE NUMBER 2144394090FS.
THIS PAYMENT HAS BEEN BLOCKED AS PER OFAC.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, за которым следует обращаться: LICENSE DEPARTMENT, DIRECTOR OFFICE OF FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500 PENNSYLVANIA AVE. NW WASHINGTON DC 20220.

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

1

**UZBEKISTAN**
*airways*

| | | | INVOICE № 2.2.1-2352<br>DATE: 01.11.2016 | | |
|---|---|---|---|---|---|

| Seller: | State committee of the Republic of Uzbekistan for privatization, demonopolization and development of competition | | | | |
|---|---|---|---|---|---|
| Participant<br>ADDRESS | UZBEKISTAN AIRWAYS<br>41, Amir Temur Ave., 100060, Tashkent, Uzbekistan | Purchaser: | RUSAVIAINVEST, LTD. | | |
| ADDRESS: | 55, Uzbekistan Ave., 100003 Tashkent, Uzbekistan | ADDRESS: | 25, 1 Soviet side str., Shchelkovo, 141100 Moscow, Russia | | |
| Please rent payment without deduction to the following bank account of the Participant: | | ATTENTION: | Director General<br>A.K. Vorobyev | | |
| Account No. | (USD) ▮▮▮▮▮▮ /030 | | | | |
| Account with: | Central operation branch of the National bank for Foreign Economic Activity of the Republic of Uzbekistan | | | | |
| SWIFT CODE: NBFAUZ2X    \|    BANK CODE: 00882 | | | | | |
| E-mail: | fvd@uzairways.com | E-mail | rusaviainvest@mail.ru | | |

| SUBJECT: AIRCRAFT | QTY | UNIT PRICE<br>USD | VAT % | TOTAL USD |
|---|---|---|---|---|
| One Airbus Model A310 aircraft, Reg. No. UK 31003, MSN 706<br>Equipped with: two Pratt & Whitney model PW4152 engines MSN P724942 and P724943, and GTCP 331-250 APU P-1318<br>In accordance with the Agreement No. 2 on Sale-Purchase of Aircraft dated  October 27, 2016 | 1 | 2 000 000,00 | - | 2 000 000,00 |
| TOTAL AMOUNT | | | | 2 000 000,00 |

GENERAL DIRECTOR

V.N. TYAN

FINANCIAL DIRECTOR

A.A. SATTAROV

Note: Uzbekistan Airways has right to correct the  invoice in case of  designation of  new bank account



AR 0456

MPA                          Message Preparation - Message Report

Operator: ▮▮▮▮▮▮▮▮

---

### Message Identifier

Message Preparation Application: Message Modification
Unique Message Identifier:       O CHASUS33XXX 103 496606/07-31 170331

### Message Header

| | | | |
|---|---|---|---|
| FIN | MT103 | FIN MT 103 - Single Customer Credit Transfer * | |
| Priority: | Normal | | |
| Monitoring: | None | | |
| Sender: | | | |
| | Unit: | None | |
| | Institution: | ABSLRUMMXXX | ABSOLUT BANK |
| | | | MOSCOW,RUSSIAN FEDERATION |
| Receiver: | | | |
| | Institution: | CHASUS33XXX | JPMORGAN CHASE BANK, N.A. |
| | | | NEW YORK,NY,UNITED STATES |

### Message Text

```
20:   Sender's Reference
         496606/07-31
23B:  Bank Operation Code
         CRED
32A:  Value Date/Currency/Interbank Settled Amount
                        170331
                        USD
                        200,000.00
33B:  Currency/Instructed Amount
                        USD
                        200,000.00
50F:  Ordering Customer
         ▮▮▮▮▮▮▮▮3843
         1/OOO RUSAVIAINVEST
         1/▮▮▮▮▮▮
         2/SOVETSKIY 1-Y PER, D. 25
         3/RU/SHELKOVO 141100
57A:  Account With Institution
         NBFAUZ22XXXX
         NATIONAL BANK FOR FOREIGN ECONOMIC ACTIVITY OF THE REPUBLIC OF UZBEKISTAN
         TASHKENT
         UZBEKISTAN
59:   Beneficiary Customer
         /▮▮▮▮▮▮▮▮7030
         UZBEKISTAN AIRWAYS,
         41, AMIR TEMUR AVE.,
         100060 TASHKENT,
         UZBEKISTAN
70:   Remittance Information
         PAYMENT BY INVOICE 2.2.1-2352
         DATED 01/11/2016 ACCORDING
         THE AGREEMENT 2 DD 27.10.16
         FOR AIRCRAFT A-310
71A:  Details of Charges
         OUR
```

### Network Data

Network: SWIFT*

### End of Report

---

Mon Apr 10 17:41:18 2017

---

Отражение в балансе Банка

Дт ▮▮▮▮▮▮▮▮▮▮        Кт ▮▮▮▮▮▮▮▮▮▮

АКБ "АБСОЛЮТ БАНК" (ПАО)
БИК ▮▮▮▮▮▮
К/с ▮▮▮▮▮▮▮▮
31 мар 2017

---

AR 0457

1

# Withheld in Full

Bates Numbers AR 0458 - AR0462



**O F A C**

Office of Foreign Assets Control

License Application

| | |
|---|---|
| Reference Number: | ABS201704113377S |

Generated on    4/24/2017

## Application Information

| | | | |
|---|---|---|---|
| **Application Type:** | Release Of Blocked Funds | **Application Reason:** | New Application |
| **Blocked Amount:** | 1000000 | **Category:** | Wire Transfer |
| **Currency Type:** | USD | **Program(s):** | Specially Designated Global Terrorist |
| **Date Blocked:** | 4/3/2017 | **Previous Case ID:** | |

**Description of Subject Matter:**

our company Rusaviainvest payment amount 1000000 USD for Uzbekistan Airways was blocked. Please unlock the translation

## Contact Information

### Applicant

| | | | |
|---|---|---|---|
| **Contact Category:** | Institution | | |
| **Organization Name:** | RUSAVIAINVEST | | |
| **Point of Contact Name:** | | | |
| **Address:** | Line1: | 25, 1st Soviet pereulok | |
| | Line2: | | |
| | Line3: | | |
| | City: | Shelkovo | **State:** |
| | Zip: | | **Country:**  Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | |
| **Phone:** | Office: | 7-4955444375 | |
| | Mobile: | | |
| | Fax: | | |
| **Principal Place of Business:** | | Moscow region | |
| **Place where Business is Incorporated:** | | Russia | |

### Correspondent

| | | | |
|---|---|---|---|
| **Contact Category:** | Institution | | |
| **Organization Name:** | RUSAVIAINVEST | | |
| **Point of Contact Name:** | | | |
| **Address:** | Line1: | 25, 1st Soviet pereulok | |
| | Line2: | | |
| | Line3: | | |
| | City: | Shelkovo | **State:** |
| | Zip: | | **Country:**  Russia (Russian Fed.) |
| **Email Address:** | info@rusaviainvest.ru | | |
| **Phone:** | Office: | 7-4955444375 | |
| | Mobile: | | |
| | Fax: | | |
| **Principal Place of Business:** | | Moscow region | |
| **Place where Business is Incorporated:** | | Russia | |

### Financial Blocked Funds

| | | | |
|---|---|---|---|
| **Contact Category:** | Institution | | |
| **Organization Name:** | JPMORGAN CHASE BANK N.A. | | |
| **Point of Contact Name:** | | | |
| **Address:** | Line1: | | |
| | Line2: | | |
| | Line3: | | |
| | City: | New York | **State:**  NY |
| | Zip: | 10004 | **Country:**  United States |
| **Email Address:** | | | |

AR 0463

Reference Number:   ABS201704113377S                                                Generated on   4/24/2017

**Phone:** Office:
      Mobile:
      Fax:
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Remitter

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | RUSAVIAINVEST | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | | |
| Line2: | | |
| Line3: | | |
| City: | Schelkovo | **State:** |
| Zip: | | **Country:** Russia (Russian Fed.) |

**Email Address:**
**Phone:** Office:
      Mobile:
      Fax:
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Remitting Financial Institution

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | AKB ABSOLUT BANK (PAO) | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | | |
| Line2: | | |
| Line3: | | |
| City: | Moscow | **State:** |
| Zip: | | **Country:** Russia (Russian Fed.) |

**Email Address:**
**Phone:** Office:
      Mobile:
      Fax:
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Intermediary Financial Institution

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | JPMORGAN CHASE BANK | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | | |
| Line2: | | |
| Line3: | | |
| City: | | **State:** |
| Zip: | | **Country:** |

**Email Address:**
**Phone:** Office:
      Mobile:
      Fax:
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Beneficiary

| | | |
|---|---|---|
| **Contact Category:** | Institution | |
| **Organization Name:** | National air company of the Republic of Uzbekistan "Uzbekistan Airways" | |
| **Point of Contact Name:** | | |
| **Address:** Line1: | | |
| Line2: | | |
| Line3: | | |
| City: | Tashkent | **State:** |

AR 0464

*Reference Number:*   ABS201704113377S                          Generated on   4/24/2017

|  |  |  |
|---|---|---|
| **Zip:** | **Country:** | **Uzbekistan** |

**Email Address:**
**Phone:**     **Office:**
            **Mobile:**
            **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Beneficiary Financial Institution

**Contact Category:**     Institution
**Organization Name:**     National Bank for Foreign Economic Activity of the Republic of Uzbekistan
**Point of Contact Name:**
**Address:**     **Line1:**
            **Line2:**
            **Line3:**
            **City:**     Tashkent       **State:**
            **Zip:**             **Country:**     Uzbekistan
**Email Address:**
**Phone:**     **Office:**
            **Mobile:**
            **Fax:**
**Principal Place of Business:**
**Place where Business is Incorporated:**

## Attachments

| Name | Document Type |
|---|---|
| bank answer | Supplemental Information |
| swift | Supplemental Information |
| invoice | Supplemental Information |
| pasport | Supplemental Information |

## Certification

**Signature:**     ███████████     **Date:**     4/24/2017
**Email Address:**     info@rusaviainvest.ru

# Абсолют Банк

FROM  AKB ABSOLUT BANK (PAO)
TO  OOO "RUSAVIAINVEST"

Референс запроса ABS201704113376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000-00 в пользу UZBEKISTAN
AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE
BANK, N A. о том, что средства по указанному переводу заблокированы OFAC в соответствии с глобальными
антитеррористическими санкциями. OFAC никаких разъяснений касательно своих действий не дает.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017
YOUR REFERENCE NUMBER 496606/07-31 OUR TRANSACTION
REFERENCE NUMBER 2144394090FS. PLEASE NOTE OUR
COMPLIANCE DEPARTMENT HAS ADVISED:
THIS PAYMENT WAS BLOCKED UNDER THE GLOBAL
TERRORISM SANCTIONS REGULATIONS.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, для этого следует подать заявку на
разблокирование средств.
Вся необходимая информация по заполнению заявки размещена на сайте.
https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx#licenses

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

 **Абсолют Банк**

FROM: AKB ABSOLUT BANK (PAO)
TO: ООО "RUSAVIAINVEST"

Референс запроса ABS201704113376S
Касательно Вашего заявления на перевод №8 от 30.03.2017 на сумму USD 200,000-00 в пользу UZBEKISTAN AIRWAYS, 41, Amir Temur Ave., 100060 Tashkent, Uzbekistan.
Настоящим информируем Вас, что мы получили сообщение от нашего банка-корреспондента JPMORGAN CHASE BANK, N.A. о том, что средства по указанному переводу заблокированы OFAC.

QUOTE
REGARDING YOUR PAYMENT ORDER IN AMOUNT OF 200,000.00/USD DATED 4/3/2017 YOUR REFERENCE NUMBER 496606/07-31 OUR TRANSACTION REFERENCE NUMBER 2144394090FS.
THIS PAYMENT HAS BEEN BLOCKED AS PER OFAC.
UNQUOTE

Для разблокирования средств необходимо получить разрешение OFAC, за которым следует обращаться: LICENSE DEPARTMENT, DIRECTOR OFFICE OF FOREIGN ASSESTS CONTROL DEPT. OF THE TREASURY 1500 PENNSYLVANIA AVE. NW WASHINGTON DC 20220.

Пожалуйста, при ответе ссылайтесь на наш референс запроса ABS201704113376S

С уважением,
начальник отдела корреспондентских счетов
Силина М.А.

Абсолют Банк
Отдел
корреспондентских
счетов

1

**UZBEKISTAN airways**

| | |
|---|---|
| **INVOICE № 2.2.1-2362** | |
| **DATE: 01.11.2016** | |

**Seller:** State committee of the Republic of Uzbekistan for privatization, demonopolization and development of competition

**ADDRESS:** 55, Uzbekistan Ave., 100003 Tashkent, Uzbekistan

**Participant:** UZBEKISTAN AIRWAYS
**ADDRESS:** 41, Amir Temur Ave., 100060, Tashkent, Uzbekistan

Please remit payment without deduction to the following bank account of the Participant:
**Account No.** (USD) ~~7030~~
**Account with:** Central operation branch of the National bank for Foreign Economic Activity of the Republic of Uzbekistan

**SWIFT CODE: NBFAUZ2X    |    BANK CODE: 00882**

**E-mail:** fc@uzairways.com

**Purchaser:** RUSAVIAINVEST, LTD.

**ADDRESS:** 25, 1 Soviet side str., Shchelkovo, 141100 Moscow, Russia

**ATTENTION:** Director General A.K. Vorobyev

**E-mail:** rusaviainvest@mail.ru

**SUBJECT: AIRCRAFT**

| | QTY | UNIT PRICE USD | VAT % | TOTAL USD |
|---|---|---|---|---|
| One Airbus Model A310 aircraft, Reg. No. UK 31003, MSN 706 Equipped with: two Pratt & Whitney model PW4152 engines MSN P724942 and P724943, and GTCP 331-250 APU P-1318 In accordance with the Agreement No. 2 on Sale-Purchase of Aircraft dated October 27, 2016 | 1 | 2 000 000,00 | - | 2 000 000,00 |
| | | | | **2 000 000,00** |

Note: Uzbekistan Airways has right to correct the invoice in case of designation...

**GENERAL DIRECTOR**                    **V.N. TYAN**

**FINANCIAL DIRECTOR**                  **A.A. BATTAROV**

AR 0468



# A.8.b

## Internal email, dated October 4, 2017

| | |
|---|---|
| **From:** | |
| **To:** | OFAC_Feedback; ; |
| **Subject:** | RE: Case Number SDGT-2017-344769-1 |
| **Date:** | Wednesday, October 4, 2017 9:25:57 AM |

Done!

**From:** OFAC_Feedback
**Sent:** Wednesday, October 04, 2017 9:22 AM
**To:** ; ;
**Subject:** FW: Case Number SDGT-2017-344769-1

Good morning Licensing,
Please see inquiry below.

**From:** Eric Creizman [mailto:ecreiz@creizmanllc.com]
**Sent:** Tuesday, October 03, 2017 4:50 PM
**To:** OFAC_Feedback
**Subject:** Case Number SDGT-2017-344769-1

I represent Rusaviainvest OOO in the above-referenced matter. According to the licensing hotline, this matter wa closed and a letter of closure was mailed out on or about August 20, 2017. I have not received it. I am asking that you please send it to me immediately.

Eric M. Creizman, Esq.
CREIZMAN LLC
Attorneys at Law
565 Fifth Avenue, New York, New York 10017
T: (212) 972-0200; F: (646) 200-5022
Direct Dial:

AR 0471

# A.9

## OFAC Denial for case SDGT-2017-344569-1 issued to Rusaviainvest



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

Case No. SDGT-2017-344569-1

RUSAVIAINVEST
25, 1st Soviet pereulok
Shelkovo, Moscow 141100
Russian Federation

info@rusaviainvest.ru

Dear Sir or Madam:

This letter responds to your request of 04/24/2017, to the Office of Foreign Assets Control (OFAC)
requesting the release of the following blocked funds transfer:

| | |
|---|---|
| Originator: | OOO Rusaviainvest |
| Originating Bank: | Commercial bank 'Absolut Bank' (PAO) |
| Value Date: | 03/31/2017 |
| Amount: | $200,000.00 |
| Beneficiary Bank: | National Bank for Foreign Economic Activity of the Republic of Uzbekistan |
| Beneficiary: | Uzbekistan Airways |

JPMorgan Chase Bank National Association properly blocked this transfer pursuant to U.S. sanctions
administered by OFAC. In accordance with 31 C.F.R., Ch. V and/or applicable Executive orders, all
property in which a sanctions target has an interest and that comes within the possession or control of a
U.S. person is blocked. Copies of the relevant regulations and Executive orders are available at OFAC's
Website at http://www.treasury.gov/ofac/, or upon written request to OFAC.

Under these regulations and Executive orders, a U.S. financial institution is required to block all wire
transfers in which a sanctions target has an interest and that come within the institution's possession or
control, even if the institution is an intermediary and the underlying transaction does not otherwise
involve a U.S. person. An interest in property sufficient to require blocking may be an interest of any
nature whatsoever, direct or indirect. A blocked wire transfer is generally placed into an interest-
bearing account, and the holder is prohibited from engaging in any transaction in such property or from
exercising any rights, powers, or privileges with respect to such property, absent authorization from
OFAC. Once a wire transfer has been blocked, OFAC does not recognize attempts to extinguish the
interest of the sanctions target in the transfer by, for example, canceling the original payment
instructions or effecting a second payment to the beneficiary.

As reflected by your application or by information otherwise available to OFAC, the blocked funds
transfer in question involves an interest of person sanctioned pursuant to Executive Order 13224. It is
OFAC's policy to license the release of blocked property only in limited circumstances, most of which
do not involve commercial activity. Upon review, OFAC has determined that this blocked funds
transfer does not fall within those limited circumstances. Accordingly, licensing the release of the

AR 0473

blocked funds would be inconsistent with OFAC policy, and your request is denied.  You may request reconsideration of this decision and provide additional information as described on OFAC's website at https://www.treasury.gov/resource-center/sanctions/Pages/licensing.aspx.

Sincerely,

Mary Patricia Rasmussen
Chief, Licensing Division
Office of Foreign Assets Control

October 5, 2017
Date

AR 0474