UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSAVIAINVEST, OOO,

               Plaintiff,

     v.

STEVEN T. MNUCHIN, in his official capacity as The Secretary of the Treasury, ANDREA M. GACKI, in her official capacity as the Director of the Office of Foreign Assets Control, WILLIAM BARR, in his official capacity as the Attorney General of the United States, and UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL,

               Defendants.

**ORDER**

18 Civ. 5676 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       In this action brought under the Administrative Procedure Act ("APA"), Plaintiff Rusaviainvest, OOO challenges a decision by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") to block three wire transfers worth $1.4 million on the rationale that a person sanctioned under Executive Order 13,224 for involvement in terrorism had an interest in the funds. (Cmplt. (Dkt. No. 3) ¶ 31)

       The parties have cross-moved for summary judgment. (Def. Br. (Dkt. No. 38); Pltf. Br. (Dkt. No. 47))  Rusaviainvest contends that OFAC's decision blocking the wire transfers was arbitrary, capricious, and an abuse of discretion (Cmplt. (Dkt. No. 3) ¶¶ 40-42; Pltf. Br.

(Dkt. No. 47) at 12-16), and Defendants argue that OFAC's decision was well-reasoned and supported by the administrative record. (Def. Br. (Dkt. No. 38) at 19-23)[1]

The parties' dispute turns on classified information and, as a result of the COVID-19 epidemic, it has not been possible for the Court to review the classified material in the courthouse over the past three months. At present, the courthouse remains closed, and it is unclear when the courthouse will return to normal operations. This Court has pursued alternative arrangements to reviewing the classified information in the courthouse, but the Government has been unwilling to permit the Court to access these materials outside the courthouse. Without access to the classified material, the Court cannot resolve the summary judgment motions. Given that it is unclear when normal courthouse operations will resume, the parties' cross-motions for summary judgment (Dkt. Nos. 37, 45) are denied without prejudice to renewal when access to the classified information becomes possible. The Clerk of Court is directed to terminate the motions.

Dated: New York, New York
May 27, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[1] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.