UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

RUSAVIAINVEST, OOO,

                Plaintiff,

      v.

JANET YELLEN, in her official capacity as
The Secretary of the Treasury, ANDREA M.
GACKI, in her official capacity as the
Director of the Office of Foreign Assets
Control, MERRICK B. GARLAND, in his
official capacity as the Attorney General of
the United States, and UNITED STATES
DEPARTMENT OF THE TREASURY,
OFFICE OF FOREIGN ASSETS
CONTROL,

                Defendants.

**ORDER**

18 Civ. 5676 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action brought under the Administrative Procedure Act ("APA"), Plaintiff Rusaviainvest, OOO challenges a decision by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") to block three wire transfers amounting to $1.4 million because a person sanctioned under Executive Order 13224 has an interest in the funds.  (Cmplt. (Dkt. No. 3) ¶¶ 1, 31)

        The parties initially cross-moved for summary judgment in 2019.  (Dkt. Nos. 37, 45)  On May 27, 2020, this Court denied the parties' motions without prejudice to renewal because the parties' dispute turns on classified information, and, as a result of the COVID-19 pandemic, it was not possible for the Court to review the classified material in the courthouse, which was then closed.  (Dkt. No. 52)

The parties' renewed cross-motions for summary judgment were filed in January 2023. Defendants repeat that Plaintiff is not entitled to the relief it seeks because a person found OFAC's List of Specially Designated Nationals and Blocked Persons has an interest in the funds at issue. (Def. Br. (Dkt. No. 58) at 7; id. at 14 ("[T]he blocked funds transfer in question involves an interest of a person sanctioned pursuant to Executive Order 13224."))

Plaintiff is a Russian limited liability corporation based in Moscow and is owned entirely by Andrey Vorobev. (Cmplt. (Dkt. No. 3) ¶¶ 8-9) Since this case was filed in 2018 (id.), the Executive branch has enacted multiple new sanctions programs targeting various Russian entities and persons. See, e.g., Executive Order 14024, 86 Fed. Reg. 20,249 (April 15, 2021); Executive Order 14065, 87 Fed. Reg. 36 (February 23, 2022). The parties' briefing does not discuss whether Plaintiff, or persons related to Plaintiff – including Andrey Vorobev – are now sanctioned under any of these programs and, if so, what effect such sanctions would have on the availability of the relief Plaintiff seeks.

The parties will file a joint letter by July 5, 2023, indicating whether Plaintiff or Vorobev have been designated under any such sanction program, and if so, what effect that development has on this case.

Dated: New York, New York
June 27, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

2